**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WECARE RG, INC. and GRACIE BAKED LLC, on behalf of themselves and all others similarly situated, | **COMPLAINT - - CLASS ACTION** |
| Plaintiffs, | DEMAND FOR JURY TRIAL |
| v. | Case No. 22-cv-2672 |
| GIFTLY INC., | |
| Defendant. | |

Plaintiff WeCare RG, Inc., d/b/a Café Ole In The Valley ("Café Olé") and Plaintiff Gracie Baked LLC ("Gracie Baked") and on behalf of themselves and all others similarly situated, brings this class action suit for damages and equitable relief against Defendant Giftly Inc. ("Giftly") and allege the following based upon personal information as to allegations regarding themselves, on their own investigation, and the investigation of their counsel, and on information and belief as to all other allegations:

## NATURE OF THE ACTION

1.    This is an action brought on behalf of nationwide, New York, and Pennsylvania classes of small businesses to seek redress for Defendant's systematic violations of federal and state unfair competition laws.

2.    Defendant Giftly Inc. ("Giftly") operates a website that ostensibly sells gift cards to *any* business in the United States. Giftly lists tens of thousands of

businesses on Giftly.com without notifying these businesses or obtaining their consent.

3.  Giftly uses the names and goodwill of these businesses to sell what is an expensive money transfer service dressed up as a way to send "gift cards." The gift recipient does not receive an actual gift card that can be used at the business it is intended for.

4.  Instead, the recipient gets a greeting card that "suggests" that she use the gifted amount at a particular business but then instructs her to choose to (a) have the funds deposited into a bank or PayPal account, or (b) receive the funds as a prepaid Visa debit card. There is no way for a gift recipient to use a Giftly "gift card" at the business the card was intended for.

5.  Consumers, however, believe that they can use Giftly's cards at real businesses. As a result, confused consumers regularly show up at businesses, only to discover that businesses do not accept Giftly's product.

6.  To illustrate, Giftly's website offers consumers the option to "Buy a Gracie Baked Gift + Greeting Card." But this card cannot be used at Plaintiff Gracie Baked—a Brooklyn-based bakery. Plaintiffs have no affiliation with Giftly and never agreed to be listed on Giftly's website or allowed Giftly to sell gift cards in their names.

7.  The card "suggests" that the recipient visit Gracie Baked and then asks the recipient how she would like to receive the gifted funds.

8.      In other words, the gift recipient receives money, and the gift giver pays Giftly for this convenience. Giftly charges expensive processing fees, such as $7 for a $100 gift. These fees are far more expensive than simply using PayPal or other money processing services to transfer funds.

9.      Countless consumers are misled and confused about exactly what to do with these Giftly "gift cards." They repeatedly try to use the gift cards at the businesses the cards were intended for. And businesses, which have no idea they have been drafted into Giftly's scheme, are left with negative experiences and harm to businesses' reputations when customers blame the businesses for not accepting unauthorized Giftly "gift cards."

10.     Consumers who purchase Giftly "gift cards" are upset to discover that they did not actually purchase a gift card but instead paid Giftly significant sums just to transfer money. Gift recipients then become upset when they show up at businesses that do not accept Giftly cards.

11.     As one consumer related:

> Do not use Giftly. They make u think you're buying a specific gift card for a venue. You then receive a piece of paper in mail. To redeem, you have to go online, decide how your gift funds will be given to you. You have to choose either your bank account or yet ANOTHER Visa gift card to be sent to you. Go to your venue DIRECTLY instead. I have yet to receive my visa gift card. All this b.s. has taken about two weeks. Friends bday come and gone!!!!!!.

12.     Businesses are upset to discover that Giftly is not only profiting off their names and goodwill but is also leaving them with the responsibility of explaining to customers why they do not accept Giftly cards for payment.

13.    As one business shared:

> One customer bought a gift card from giftly.com shows for
> my business, I never associated with them. She got upset
> because I didn't honor the gift card, how could I honor a gift
> card that it was sold from my company and I don't get paid
> from it if I redeem it? This website owner should go to jail.

14.    Because Giftly profits from the unauthorized use of Plaintiffs' and putative class members' trade names and goodwill, Plaintiffs bring suit under section 43 of the Lanham Act for false affiliation and false advertising, sections 349 and 350 of New York General Business Law ("GBL"), and the common law of unfair competition.

15.    Plaintiffs seek damages and equitable relief on behalf of themselves and all others similarly situated.

## THE PARTIES

16.    Plaintiff WeCare RG, Inc., d/b/a Café Ole In The Valley ("Café Olé") is a Pennsylvania corporation located in Huntingdon Valley, Pennsylvania. Café Olé is a family-oriented, neighborhood coffee shop that serves snacks and Mediterranean fare. It is also renowned for its Shakshuka dish, which is a staple of middle eastern cuisine and is based on a secret family recipe hailing from Tunisia.

17.    Plaintiff Gracie Baked LLC ("Gracie Baked") is a New York limited liability corporation located in Brooklyn, New York. Gracie Baked is a bakeshop that sells specialty desserts. It has been featured in the Gothamist, City Guide NY, Eater, and other publications. The founder of Gracie Baked previously worked at Momofuku Milk Bar and started a late-night treats delivery called S'more to Door. The founder also led baking therapy classes at an eating disorder treatment center and at The

Door, a non-profit that assists at-risk youth and the homeless. Gracie Baked hires paid interns from The Door to help empower young people to reach their full potential.

18.    Defendant Giftly Inc. ("Giftly") is incorporated in Delaware and maintains its principal place of business at 95 Minna Street, San Francisco, California.

## JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs; more than 100 class members are involved; and many members of the proposed Classes are citizens of different states than the Defendant.

20.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332(a)(1).

21.    This Court has personal jurisdiction over Defendant Giftly Inc. because Defendant committed the tortious acts alleged herein in Pennsylvania, regularly conducts business in this District, and has extensive contacts with this forum.

22.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendant transacts substantial business in this District.

23.    This Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367.

<u>**FACTUAL ALLEGATIONS**</u>

A.  **Giftly Profits from Businesses and Tricks Customers with its Deceptive "Gift Card" Sales**

24.  Giftly was founded in 2010 by Timothy Bentley in San Francisco. The company's website (giftly.com) sells "gift cards" of up to $1,000 that can ostensibly be used at "*any*" business.

25.  The company raised $2.8 million in its first round of investment, with a total of seven investment firms involved. In 2013, GiftCards.com announced its intention to acquire Giftly, in a move to expand its internet presence. The deal fell through, and GiftCards.com instead announced a two-year, $1.5 million investment in Giftly.

26.  On its website, Giftly offers a directory of merchants that spans cities and business categories (the "Giftly Business Directory"). Giftly automatically lists every business that has at least one review on Yelp.

27.  Giftly misleadingly states that consumers can choose to use its "gift cards" *anywhere*:



28.    After customers decide what they want, they are directed to a more tailored list of merchants that fall within their selected geographic area or category of business:

| Top Categories | | Top Cities | |
|---|---|---|---|
| Restaurant | Bar | New York | San Francisco |
| Coffee | Shopping | Chicago | Los Angeles |
| Mall | Movies | Washington | Denver |
| Travel | Airline | Houston | Boston |
| Hotel | Transportation | Philadelphia | Seattle |
| Casino | Spa | San Diego | Portland |

29.    If a customer clicks on a specific merchant's name, she is redirected to a page that displays language copied from the merchant's Yelp profile.

30.    For instance, this is how Plaintiffs are listed on Giftly's website:



- 7 -



## Cafe Ole In The Valley

⭐⭐⭐⭐⯪ 39 reviews on yelp⭑

(215) 364-1116

**Location**
1051 County Line Rd
Huntingdon Valley, PA

**Categories**
Coffee & Tea, Mediterranean, Breakfast
& Brunch

### Description

Buying a Cafe Ole In The Valley gift on Giftly is a great way to
send money with a suggestion to use it at this restaurant. Like a
Cafe Ole In The Valley gift card, a Giftly for Cafe Ole In The Valley
is a versatile present that can be used for any purchase, but
without the risk of a leftover gift card balance.

Their Yelp rating of 4.5 indicates they have a reputation for great
food and service in Huntingdon Valley. You can buy a Giftly gift
online for Cafe Ole In The Valley, and after redeeming the funds
your recipient can pay with a Credit Card when they visit the
restaurant.

Click here to send a gift of up to $1,000 with the suggestion to use
it at Cafe Ole In The Valley.

31.    Then, the customer can choose the design and dollar amount of the "gift card," and personalization options like recipient name, sender name, and custom message. Once the customer enters these details and their payment information, the "gift card" is bought and delivered through email, print, mail, or text.

32.    This entire process misleads consumers into believing that businesses are affiliated with Giftly and will accept Giftly's "gift cards."

33.     However, Giftly's "gift cards" are not actual gift cards that can be used at a business. Rather, these cards are merely an expensive way to transfer funds with the suggestion of a business to patronize.

34.     The "gift card" recipients cannot use these gift cards at businesses. Recipients must instead follow Giftly's instructions to receive the gifted funds through one of three options: a Visa debit card, a bank deposit, or a PayPal credit.

35.     For instance, if the gift purchaser chooses email, then the recipient receives an email that includes the "gift card," "a thoughtful suggestion" for where to use it, and a personalized message.



36.     Then, after the recipient selects "Open my Gift," they are shown how much their "gift card" is worth and the name of the business the card is "for."



37.    Finally, the gift recipient must choose how to redeem the "gift card." If the recipient decides to receive it as a credit to a bank or PayPal account, the recipient must wait at least two business days for the money to transfer. If it chooses a Visa debit card, the recipient must wait 10 to 14 business days for it to arrive.



38.    Giftly profits from this deceptive practice in large part by charging purchasing fees from each "gift card" sale. Fees are determined on a sliding scale, depending on the size of the "gift card," with a minimum $4 fee. The highest fee is $35, which is applied to gifts of $801 or more:



39.    These fees are exorbitantly higher than normal cash transfer fees. Services such as PayPal or Venmo charge little or nothing for personal domestic transactions.

40.    In short, Giftly does not sell gift cards. Instead, it conceals the truth of the transaction—that it is a very expensive way to transfer money from one individual to the other.

41.    In addition, Giftly profits from what is called "breakage." Gift cards and other merchant credits are often lost or otherwise unused. Whereas businesses that actually authorize gift cards get to retain, as revenue, the unused gift card balances, here, Giftly captures the unused revenue for itself.

## B.    Giftly Knows It Confuses Consumers and Harms Businesses

42.    Despite some language on Giftly.com informing customers that these "gift cards" are only "suggestions," countless individuals are misled into believing they have purchased or received an actual gift card, but then discover that businesses do not accept these cards.

43.    Businesses are upset that Giftly's deception of consumers comes at their expense. Customers have shown up at businesses demanding they honor Giftly's "gift cards." Businesses have to deal with upset customers and even lose money, giving out services to avoid harm to their reputations.

44.    Consumers have expressed their frustrations with the deception online, such as on TrustPilot.com:

> ★☆☆☆☆                                         Mar 4, 2022
>
> **Do not use Giftly**
>
> Do not use Giftly. They make u think you're buying a specific gift card for a venue. You then receive a piece of paper in mail. To redeem, you have to go online, decide how your gift funds will be given to you. You have to choose either your bank account or yet ANOTHER Visa gift card to be sent to you. Go to your venue DIRECTLY instead. I have yet to receive my visa gift card. All this b.s. has taken about two weeks. Friends bday come and gone!!!!!!



Oct 21, 2021

**Absolutely horrible service**

Absolutely horrible service. I ordered a gift card to Town Pump gas station and then when I got the gift card it gave me the option to but money back into my purchasing option (with $4 less), to get a Visa gift card in 2 weeks, or to withdraw the amount to my bank account to have in 2-4 days. I was suppose to get an instant gift card to my phone. Horrible service I will never use again this is a scam. It is 5am and I have no cash to use anywhere now, thanks Giftly you're a real awesome site!



Updated Jan 3, 2021

**DO NOT USE!!! BIG SCAM!!!**

I got a gift card for a relative that was unusable because the business didn't accept the card. The recipient was able to transfer the balance to a PayPal account, but I detest the fact that I was misled. Also, from the moment I finished the transaction with Giftly, my inbox has been crammed with the most outrageous, disgusting spam imaginable.

Apr 24, 2020

**SCAM!!!**

I thought I was sending a direct gift card from Publix to a friend in need out of state. Because I was in a hurry, I didn't realize I was purchasing from a shady third party, which I'm guessing is what they count on. The only options for my friend to receive the gift was PayPal, Venmo or a gift card in the MAIL?? Three weeks later, the card is nowhere to be found! I'll be filing a dispute with my bank.

45.    Businesses, like consumers, have also aired their problems with Giftly online, as illustrated by the following TrustPilot and Better Business Bureau complaints:



★ ☆☆☆☆                                                Feb 1, 2022

**FRAUDULENT Company - adds Your Business to Their Site and Hijacks Your Google Listing**

FRAUDULENT UNETHICAL COMPANY!

.

WITHOUT OUR CONSENT OR KNOWLEDGE, GIFTLY ADDED OUR BUSINESS TO THEIR SITE - AND TO GOOGLE LISTINGS OF OUR BUSINESS.

.

HOW DARE YOU! Their behavior is fraudulent and unethical.

It appears that they have done this for THOUSANDS of businesses.

They should be shut down immediately!

👍 Useful 1     ⌁ Share                                              ⚑

> Reply from Giftly                                    Feb 1, 2022
>
> Thank you for posting a review on Trustpilot.



★ ☆☆☆☆                                                Dec 9, 2021

**Grill 603 is not affiliated with...**

Grill 603 is not affiliated with Giftfly. They are not authorized to sell gift cards for Grill 603 and guests have no way of redeeming the giftcards at our location. This appears to be a scam. Please do not use for Grill 603 gift cards as they will not be accepted.



★ ☆☆☆☆                                                Sep 24, 2021

**We never authorized selling gift cards...**

We never authorized selling gift cards online for our Restaurant. il Piccolo morso in leonardtown Md
We never received any deposit. we lost money.

👍 Useful 1     ⌁ Share                                              ⚑



★☆☆☆☆                                                    06/07/2021

Giftly is selling "gift cards" for my business without my permission. They are
misleading and overcharging clients, causing confusion and mistrust between us.

 ☆☆☆☆                              Updated Jan 31, 2021

**This website owner should go to jail**

One customer bought a gift card from giftly.com shows for my business, I never
associated with them. She got upset because I didn't honor the gift card , how
could I honor a gift card that it was sold from my company and I don't get paid
from it if I redeem it? This website owner should go to jail

46.    Giftly knows consumers are misled and that this causes businesses
problems as it regularly monitors and responds to these negative online complaints.

47.    However, even while Defendant acknowledges the harm Giftly.com
causes, it continues to list merchants who have asked Giftly to remove their listings.
Merchants are then forced to post publicly, in the hopes of attracting enough
attention to pressure Giftly into taking down their listings:



## C.    Giftly Injures Plaintiffs

48.    Plaintiffs did not agree to be listed on Giftly's website. Giftly never even informed Plaintiffs that they were listed.

49.    Plaintiffs fear that, like at other harmed businesses, customers will attempt to use Giftly "gift cards" to make purchases, forcing them to accept invalid payments or run the risk of upsetting customers and harming their reputations.

50.    In addition, as small businesses, Plaintiffs do not want to be associated with Giftly's reputation of misleading customers and not communicating with merchants.

51.    Further, Plaintiffs have worked hard to develop their brands and good names. They did not agree that Giftly could profit from their hard-earned reputations.

Even worse, Giftly did not tell Plaintiffs that they were listed on Giftly.com, risking harm to Plaintiffs' reputations without their knowledge.

52.     Plaintiffs have the right to control their reputations and brands, and to choose which businesses they want to partner or affiliate with. In addition, Plaintiffs have the right to control which services or promotions they offer to customers, including whether they will issue or accept gift cards.

53.     Defendant's unauthorized use of Plaintiffs' names and information has caused Plaintiffs irreparable harm inherent in the loss of control over their reputation.

54.     Defendant has acted in bad faith and has been unjustly enriched by the misappropriation and exploitation of the goodwill and business reputations of Plaintiffs and the class members.

## CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring this action on behalf of themselves and on behalf of the following proposed Nationwide Class, initially defined as follows:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate.

56.     Plaintiff Gracie Baked also brings this action on behalf of itself and on behalf of the following proposed New York Subclass, initially defined as follows:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in New York that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate.

57.     Plaintiff Café Olé also brings this action on behalf of itself and on behalf of the following proposed Pennsylvania Subclass, initially defined as follows:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in Pennsylvania who, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate.

58.     Excluded from the proposed Classes are Defendant, its parents, subsidiaries, affiliates, officers, and directors, any entity in which Defendant has a controlling interest.

59.     Plaintiffs reserve the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

60.     The claims of all class members derive directly from a single course of conduct by the Defendant. Defendant has engaged and continues to engage in uniform and standardized conduct toward the putative class members. Defendant does not differentiate, in degree of care or candor, in their actions or inactions, or the content of their statements or omissions, among individual class members.

61.     Certification of Plaintiffs' claims is appropriate because Plaintiffs can prove the elements of Plaintiffs' claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

62.     Accordingly, Plaintiffs bring this lawsuit as a class action on Plaintiffs' own behalf and on behalf of all other business, entities, and individuals similarly situated pursuant under Fed. R. Civ. P. 23. This action satisfies the numerosity,

commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

63.    Specifically, this action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4), Rule 23(b)(1), (2), or (3), and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure.

64.    **Numerosity** (Fed. R. Civ. P. 23(a)(1)). The members of the proposed Classes are each so numerous that their individual joinder would be impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed each Class includes many tens of thousands of members. The precise number of class members, and their addresses, are unknown to Plaintiffs at this time but can be ascertained from Defendant's records.

65.    **Commonality and Predominance** (Fed. R. Civ. P. 23(a)(2); 23(b)(3)). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual class members. The common legal and factual questions include, without limitation:

(a) whether Defendant obtained the class members' permission before listing them on Defendant's website;

(b) whether Defendant otherwise engaged in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices;

(c) whether Defendant profited as a result of its deceptive acts;

(d) whether Defendant violated the applicable statutes identified herein;

(e) whether reasonable consumers are likely to be misled by Defendant's conduct;

(f) whether Defendant had knowledge that its behavior was likely to deceive a reasonable consumer;

(g) whether Defendant violated the statutes alleged herein;

(h) whether Plaintiffs and the Classes are entitled to actual, compensatory, nominal, statutory, enhanced, and/or punitive damages;

(i) whether Plaintiffs and the Classes are entitled to injunctive, declaratory relief, or other equitable relief;

(j) whether Plaintiffs and the Classes are entitled to civil penalties; and

(k) whether Plaintiffs and the Classes are entitled to reasonable attorneys' fees and costs.

66.    **Typicality of Claims** (Fed. R. Civ. P. 23(a)(3)).   The claims of the Plaintiffs and the putative class members are based on the same legal theories and arise from the same unlawful and willful conduct of Defendant, resulting in the same injury to the Plaintiffs and the class members.  Plaintiffs and all class members are similarly affected by Defendant's wrongful conduct, were damaged in the same way, and seek the same relief.  Plaintiffs' interests coincide with, and are not antagonistic to, those of the other class members.  Plaintiffs have been damaged by the same wrongdoing set forth in this Complaint.

67.    **Adequacy of Representation** (Fed. R. Civ. P. 23(a)(4)).  Plaintiffs are adequate representatives of the Classes because their interests do not conflict with

the interests of the class members, and they have retained counsel competent and experienced in complex class action, business competition, and consumer litigation. Plaintiffs and their counsel will fairly and adequately protect the interest of the class members.

68.    **Superiority of a Class Action** (Fed. R. Civ. P. 23(b)(3)).  A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and class members. There is no special interest in class members individually controlling the prosecution of separate actions. The damages suffered by individual class members, while significant, are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the class members individually to redress effectively the wrongs done to them. And, even if class members themselves could afford such individual litigation; the court system could not, given the thousands or even millions of cases that would need to be filed. Individualized litigation would also present a potential for inconsistent or contradictory judgments. Individualized litigation would increase the delay and expense to all parties and the court system, given the complex legal and factual issues involved.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

69.    **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief** (Fed. R. Civ. P.

23(b)(1) and (2)).  In the alternative, this action may properly be maintained as a class action, because:

(a)    the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Defendant; or

(b)    the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

**Unfair Competition and False Affiliation in Violation
of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)
(On Behalf of Plaintiffs and All Classes)**

70.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

71.    Defendant's conduct as set forth herein significantly impacts interstate commerce and commerce within this district.

72.    Section 43 of the Lanham Act provides liability as to

> Any person . . . who uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities. . . .

73. As described more fully herein, Defendant has engaged in conduct with regards to the promotion of its Giftly Business Directory that falsely affiliates Plaintiffs and class members with Defendant, causing potential customers to purchase Giftly "gift cards" which cannot be used with Plaintiffs and class members upon initial purchase.

74. This conduct has caused, and is likely to cause, mistake and deception as to the affiliation, connection, or association of Plaintiffs and the other class members.

75. Through this conduct, Giftly also misrepresents the nature and characteristics of its Giftly Business Directory.

76. This course of conduct includes, but is not limited to, the following:

(a) confusing, or likely confusing, potential customers about the existence of any business affiliation between Plaintiffs and class

members with Giftly, and the ability to directly purchase Plaintiffs' goods and services with Giftly "gift cards";

(b) misrepresenting that Plaintiffs and the class members have a consensual business partnership with Giftly and are part of its Business Directory;

(c) misrepresenting that customers may use Giftly "gift cards" upon initial purchase to directly purchase Plaintiffs and class member's goods and services;

(d) failing to inform Giftly customers that Plaintiffs and the class members do not know they are not part of the Giftly Business Directory;

(e) failing to inform Giftly customers that Giftly "gift cards" cannot be used in place of other payment methods to pay for goods and services provided by Plaintiffs' and the class members' businesses;

(f) harming the reputations of Plaintiffs and the class members by falsely affiliating them with Giftly;

(g) harming the reputations of Plaintiffs and the class members by refusing to remove merchants from the Giftly Business Directory who have requested disaffiliation, and;

(h) stealing potential customers from Plaintiffs and the class members by diverting them to purchase misleading Giftly "gift cards," rather than directly transact with Plaintiffs and the class members.

77.    The false and misleading statements and omissions described herein are material because they are intended to have an impact on whether consumers become Giftly customers.

78.    The false and misleading statements and omissions described herein actually deceive or have the tendency to deceive potential customers of Plaintiffs and class members.

79.    Defendant's conduct, as described herein, constitutes a violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

80.    As a direct and proximate result of Defendant's violation and false and misleading statements and omissions described herein, pursuant to 15 U.S.C. § 1117, Plaintiffs and the class members have been, or are likely to be, damaged.  Plaintiffs and the Classes are likewise entitled to recover from Defendant all profits, gains and advantages obtained stemming from this improper conduct.

81.    Pursuant to 15 U.S.C. § 1117, Plaintiffs are further entitled to recover the costs of this action. Defendant's conduct was knowing, characterized by malicious intent, and was explicitly designed to deceive the general public in order to reap profits unjustly at the expense of Plaintiffs and the Classes, entitling Plaintiffs to a statutory multiplier of actual damages, additional damages and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**False Advertising in Violation of Section 43 of the Lanham Act,
15 U.S.C. § 1125(a)
(On Behalf of Plaintiffs and All Classes)**

82.     Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

83.     Defendant's conduct as set forth herein significantly impacts interstate commerce and commerce within this District.

84.     As described more fully herein, Defendant has engaged in a course of conduct with respect to the advertising of its Giftly Business Directory that contains false and/or misleading statements of fact, or omissions of essential facts, including those about Plaintiffs and class members, which did not consent to partner with Giftly.

85.     These false and/or misleading statements, or omissions of material facts, include, but are not limited to, the following:

(a) confusing, or likely confusing, potential customers of Plaintiffs and the class members as to Plaintiffs and the class members' affiliation with Giftly and the ability to use Giftly "gift cards" in place of traditional payment methods;

(b) misrepresenting that Plaintiffs and the class members have partnered with Giftly and are part of Giftly's Business Directory;

(c) misrepresenting that the goods and services offered by Plaintiffs and the class members may be paid for directly with Giftly "gift cards;"

(d) misrepresenting the scale of the Giftly Business Directory to entice individuals to purchase various Giftly "gift cards;"

(e) failing to inform Giftly customers that Plaintiffs and the class members are in no way affiliated with Giftly;

(f) failing to inform Giftly customers that Giftly "gift cards" cannot be used to pay for services rendered at Plaintiffs' and the class members' businesses;

(g) misrepresenting the scale of the Giftly Partner Directory to convince businesses or entities to partner with Giftly;

(h) harming the reputations of Plaintiffs and the class members by falsely affiliating them with Giftly;

(i) harming the reputations of Plaintiffs and the class members by refusing to remove merchants from the Giftly Business Directory who have requested disaffiliation, and;

(j) stealing potential customers from Plaintiffs and the class members by diverting them to purchase misleading Giftly "gift cards," rather than directly transact with Plaintiffs and the class members.

86.    The false and misleading statements and omissions described herein are material, are intended to have an impact on whether consumers purchase Giftly "gift cards."

87.    The false and misleading statements and omissions described herein actually deceive or have the tendency to deceive customers of Plaintiffs and the class members.

88.    Defendant's conduct as described herein constitutes a violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

89.    As a direct and proximate result of Defendant's violation and false and misleading statements and omissions described herein, pursuant to 15 U.S.C. § 1117, Plaintiffs and the Classes have or are likely to be damaged.  Plaintiffs and the Classes are likewise entitled to recover from Defendant all profits, gains and advantages obtained during execution of this improper conduct.

90.    Pursuant to 15 U.S.C. § 1117, Plaintiffs are further entitled to recover the costs of this action. Defendant's conduct was knowing, characterized by malicious intent, and was explicitly designed to deceive the general public in order to unjustly reap profits at the expense of Plaintiffs and the Classes, entitling Plaintiffs to a statutory multiplier of actual damages, additional damages and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**Violations of the New York Deceptive and
Unfair Trade Practices Act, N.Y. Gen. Bus. Law § 349
(On Behalf of Plaintiff Gracie Baked and the New York Subclass)**

91.    Plaintiff Gracie Baked incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

92.    Plaintiff Gracie Baked was founded and is headquartered in New York, New York.

93.     At all relevant times, Gracie Baked and the members of the New York Subclass maintained principal places of business within New York, have been engaged in trade or commerce from within the State of New York, or are businesses organized under the laws of New York.

94.     NY GBL § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

95.     NY GBL § 349 applies to Gracie Baked and the New York Subclass because the State of New York has an interest in regulating business conduct among merchants and customers in the region.

96.     Any person who has been injured by reason of any violation of NY GBL § 349 may bring an action in his or her own name to enjoin such unlawful acts or practices, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not exceeding three times the actual damages, in addition to one thousand dollars per violation, if the court finds that the Defendant willfully or knowingly violated this section.  The court may award reasonable attorneys' fees to a prevailing plaintiff.

97.     The practices employed by Defendant, by which it advertises and promotes the Giftly Business Directory, were directed at the expense of Gracie Baked and the class members located in New York, violating GBL § 349.

98.    Gracie Baked and the New York Subclass have been injured by Defendant's deceptive acts or practices.

99.    Gracie Baked and the New York Subclass have no adequate remedy at law.

100.    Defendant's conduct has caused and is causing immediate and irreparable injury to Gracie Baked and the New York Subclass and will continue to damage both Gracie Baked and the New York Subclass and deceive the public unless enjoined by this Court.

## FOURTH CAUSE OF ACTION

**False Advertising in Violation of N.Y. Gen. Bus. Law § 350**
**(On Behalf of Gracie Baked and the New York Subclass)**

101.    Plaintiff Gracie Baked incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

102.    Gracie Baked was founded and is headquartered in New York, New York.

103.    At all relevant times, Gracie Baked and the members of the New York Subclass maintained principal places of business within New York, New York, have been engaged in trade or commerce from within the State of New York, or are businesses organized under the laws of New York.

104.    By reason of the acts set forth above, Defendant has been and is engaged in consumer-oriented advertising and marketing in the conduct of their business, trade and/or commerce that is false and misleading in material respects, in violation of NY GBL § 350, which provides, in part, that "[f]alse advertising in the conduct of

any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

105.    Defendant caused to be disseminated throughout New York State and elsewhere, through advertising, marketing, and other publications, statements that were untrue or misleading, and which it knew to be untrue or misleading.

106.    Defendant's misrepresentations were material and substantially uniform in content, presentation, and impact upon consumers at large.  Consumers were and continue to be exposed to Defendant's material misrepresentations.

107.    Gracie Baked and the New York Subclass have been injured by Defendant's deceptive acts or practices.

108.    Gracie Baked and the New York Subclass have no adequate remedy at law.

109.    Defendant's conduct has caused and is causing immediate and irreparable injury to Gracie Baked and the New York Subclass and will continue to damage both Gracie Baked and the New York Subclass and deceive the public unless enjoined by this Court.

110.    Pursuant to NY GBL § 350-e, Gracie Baked and the New York Subclass seek monetary damages (including actual damages or $500, whichever is greater, and minimum, punitive, or treble and/or statutory damages pursuant to NY GBL § 350-a(1)), injunctive relief, restitution, and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Common Law Unfair Competition
### (On Behalf of Plaintiffs and All Classes)

111.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

112.    As described herein, Defendant has engaged in a course of conduct with respect to the advertising of its Giftly Business Directory that unfairly and falsely affiliates Plaintiffs and class members with Defendant, diverting potential customers into purchasing Giftly "gift cards" instead of directly purchasing services from Plaintiffs and the class members.

113.    By misappropriating and exploiting the goodwill and business reputation of Plaintiffs and the class members, the Defendant has acted in bad faith and has been unjustly enriched, and will continue to do so, unless enjoined by this Court.

114.    Defendant's wrongful conduct constitutes unfair competition under common law.  Plaintiffs and the Classes have no adequate remedy at law.

115.    Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiffs and the Classes and will continue to damage them and deceive the public unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Classes, prays for relief and judgment against Defendant as follows:

A.    certifying the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as representatives of the Classes, and designating Plaintiffs' counsel as Class Counsel;

B.    awarding Plaintiffs and the Classes compensatory damages and actual damages, trebled, in an amount exceeding $5,000,000, to be determined by proof;

C.    awarding Plaintiffs and the Classes appropriate relief, including actual and statutory damages;

D.    awarding Plaintiffs and the Classes punitive damages;

E.    awarding Plaintiffs and the Classes civil penalties;

F.    granting Plaintiffs and the Classes declaratory and equitable relief, including restitution and disgorgement;

G.    enjoining Defendant from continuing to engage in the wrongful acts and practices alleged herein;

H.    awarding Plaintiffs and the Classes the costs of prosecuting this action, including expert witness fees;

I.    awarding Plaintiffs and the Classes reasonable attorneys' fees and costs as allowable by law;

J.    awarding pre-judgment and post-judgment interest; and

K.    granting any other relief as this Court may deem just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 8, 2022

By: <u>/s/ *Raphael Janove*</u>
Raphael Janove
**POLLOCK COHEN LLP**
1617 John F. Kennedy Blvd.
20th Floor
Philadelphia, PA 19103
(215) 667-8607
Rafi@PollockCohen.com


Adam Pollock (*pro hac vice*
forthcoming)
Alison Borochoff-Porte (*pro hac
vice* forthcoming)
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, New York 10004
(212) 337-5361
Adam@PollockCohen.com
Alison@PollockCohen.com

*Attorneys for Plaintiffs and the
Proposed Classes*