UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WECARE RG, INC., GRACIE BAKED LLC, and ANDREA SCHOENBEIN d/b/a SECOND CHANCE TREASURES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GIFTLY INC.,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-02672<br><br>**DECLARATION OF RAPHAEL JANOVE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

I, Raphael Janove, hereby declare as follows:

1. I am an attorney with Pollock Cohen LLP and counsel of record for Plaintiffs in the above-captioned action. I make this declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement.

2. I have personal knowledge of the matters set forth herein and am competent to testify upon them if called upon to do so.

3. Attached as Exhibit 1 is a true and correct copy of the Parties' Settlement Agreement, executed on March 29, 2023.

4. Attached as Exhibit 2 is a proposed Preliminary Approval Order.

5. There are no agreements between Plaintiffs, their counsel, and Defendant other than the Settlement Agreement, and the Confidential Side Letter to be submitted *in camera* for the Court's review.

6.     I and my firm have extensive experience prosecuting class action and complex civil litigation and do not have any conflicts of interest with Plaintiffs or the class.

7.     I am a partner at Pollock Cohen LLP, where I primarily represent plaintiffs in class actions in federal trial courts across the country. Prior to joining the plaintiff's bar in 2020, I worked as a defense attorney at two top national firms, Sullivan & Cromwell LLP and Eimer Stahl LLP. I have experience on both sides of litigation and have practiced across many areas, including antitrust, securities, and consumer class actions, international arbitrations, government investigations, and nationwide lawsuits brought by states and municipalities against major fossil fuel producers. In my ascendant practice as a plaintiff-side class action attorney, I have developed and led many cases, including: *Tipsy Nail Club v. ClassPass*, No. 1:21-cv-08662 (S.D.N.Y.) (bringing forward a novel Lanham Act class action theory and reaching in-principle a first-of-its-kind proposed settlement with monetary relief to the class); *Ruderman v. McHenry County*, No. 3:22-cv-50115 (N.D. Ill.) (bringing a novel action against a public defendant without a private party, on behalf of civil immigrant detainees who were unlawfully forced to work without pay); *Keebaugh v. Warner Bros. Entertainment Inc.*, No. 22-cv-01272 (C.D. Cal.) (bringing action on behalf of hundreds of thousands of video game players, including minors, who fell victim to deceptive advertising).

8.     I received my law degree from the University of Chicago Law School, where I graduated with high honors, was elected to the Order of the Coif, and was named a Kirkland & Ellis scholar. I also served as Articles Editor of The University of Chicago Law Review and was the inaugural recipient of the Douglas Baird Prize in Commercial Law. Following law school, I clerked for the Honorable Thomas L. Ambro of the U.S. Court of Appeals for the Third Circuit,

and for the Honorable Paul S. Diamond of the U.S. District Court for the Eastern District of Pennsylvania.

9. Background about my firm and biographical information for the Pollock Cohen lawyers principally involved with this litigation, Raphael Janove, George Krebs, and Adam Pollock, is available at www.pollockcohen.com.

10. My firm began researching the facts that gave rise to this case in January 2022, after seeing dozens and dozens of complaints by affected businesses and consumers. Our pre-complaint research was extensive. We spoke to several small businesses affected by Defendant's conduct, and scoured reviews from Giftly customers. We also researched a wide range of Defendant's merchant-specific webpages to understand the scope of the alleged misconduct. And, as this case features a novel legal theory, we conducted extensive legal research to develop a viable Lanham Act class action theory unique to this case.

11. On July 8, 2022, after extensive investigation, we filed the original complaint with Plaintiff WeCare RG, Inc., d/b/a Café Ole In The Valley and Plaintiff Gracie Baked LLC. Shortly thereafter, we were contacted by more businesses, and continued speaking with them to develop the theory.

12. After additional investigation, we filed the First Amended Complaint on September 13, 2022, with an additional Plaintiff and additional causes of action.

13. The Settlement Class consists of all businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and

any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

14. The numerosity requirement is easily satisfied here because the proposed Settlement Class consists of the numerous businesses who have Yelp profiles. Giftly automatically lists every business that has at least one review on Yelp.

15. The commonality requirement is satisfied because the claims for each member of the Settlement Class stem from the same alleged conduct: (1) Defendant listed members of the Settlement Class on the Giftly website without their consent; (2) the members of the Settlement Class were listed on the Giftly website through common policies and practices to list them without consent; and (3) in doing so the Defendant violated the Lanham Act and other state consumer protection and unfair competition laws.

16. The typicality requirement is satisfied because Named Plaintiffs' claims are typical for the Settlement Class because they allege that they were harmed by the same course of events as all members of the Settlement Class—being listed on Giftly's website without their consent.

17. Named Plaintiffs adequately represent the putative class members because the Named Plaintiffs seek the same redress for the same type of harms.

18. The Settlement Class is ascertainable because the Settlement Class is limited to those businesses listed on Giftly's own website.

19. Following the filing of the First Amended Complaint, we did not hesitate to quickly begin fact discovery. On September 5, 2022, Plaintiffs sent their first set of discovery requests to Defendant pursuant to Rule 26(d)(2). On September 6, 2022, the Parties' counsel met and discussed pursuing early settlement negotiations, facilitated by an exchange of discovery. The

4

Parties engaged in discovery efforts, including exchanging discovery for the purposes of settlement negotiations. In addition, the Parties held multiple meet and confers.

20. On top of the significant investigative and discovery efforts in this litigation, the Parties engaged in settlement discussions that spanned more than six months. This included (1) numerous rounds of negotiations between the Parties; (2) for Plaintiffs, the analysis of documents produced by Defendant in discovery for the purposes of the settlement; (3) the exchange of multiple drafts of the Settlement Agreement and associated documents; and (4) numerous discussions to come up with a creative and adequate notice plan.

21. I believe that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. Giftly's counsel and I negotiated the Settlement. We are experienced counsel, who fully understand the strengths and weaknesses of the case.

22. This case represents a novel application of the Lanham Act and state unfair competition and consumer protection laws to online platforms that use the names and goodwill of other businesses without their consent. Based on our research, there have only been a few cases similar to this one, none of which involved a platform like Giftly and none of which have been settled with the kind of financial benefit (the Merchant Advertising Program) discussed here in addition to comprehensive injunctive relief. Giftly has presented evidence that the company has limited financial means, which could make it difficult for Plaintiffs to recover damages in the amount sought. Giftly is a small business started about 12 years ago with fewer than 10 employees. This case is and will be costly. While Giftly has limited financial means, the settlement structure capitalizes off of Giftly's ability to create and host a settlement website (in coordination with Plaintiffs) and its familiarity with creating advertising campaigns (which will be used here to notify

the class and to promote each class member's business). Additionally, the settlement maximizes recovery by crafting a benefit (a merchant advertising program) that supports local businesses.

23. The injunctive relief is detailed in Exhibit C to the Settlement Agreement. The relief includes: (a) Giftly will continue to honor a merchant's request to be removed from Giftly's website; (b) Giftly will further clarify to Giftly gift recipients that: (1) they must redeem the gift on Giftly's website, (2) they are encouraged to use the funds at the suggested merchant (after redeeming), and (3) the funds can be used in any way; (c) Giftly will further clarify, on webpages specific to a merchant, that: (1) a gift purchased through Giftly is not a gift card issued by the merchant, (2) the Giftly gift recipient must redeem on Giftly's website, (3) the recipient is encouraged to use the funds at the suggested merchant, and (4) the funds can be used in any way; (d) Giftly will modify certain aspects of the current checkout page to improve clarity; (e) Giftly will allow merchants to register to receive notifications when customers purchase a gift (when the merchant is the suggested business selected by the customer); (f) Giftly will more prominently place language inviting merchants to claim their business on Giftly's website to make clear that a business is not affiliated with Giftly unless it claims the listing; and (g) Giftly will remove the following FAQ from its website: "What makes a Giftly for [Business Name] better than a [Business Name] gift card".

24. The proposed method of distributing relief ensures effective distribution to the members of the Settlement Class Members. Any Settlement Class Member can submit a Merchant Advertising Program registration form electronically. During the Notice Period, Giftly will provide information for Settlement Class Members to register for the Merchant Advertising Program. Within thirty (30) days of the Effective Date, Giftly will contact via email all Settlement Class members that validly registered for the Merchant Advertising Program to take advantage of the

Merchant Advertising Program by enrolling in it. Giftly will make a reasonable effort to contact those Settlement Class Members who have inputted the wrong contact information. *See* SA Ex. B.

25. I intend to seek no more than One Hundred Thousand Dollars ($100,000), even though Plaintiffs have secured robust injunctive relief and their claims provide for fee-shifting. I will file my motion for approval of Class Counsel fees and Named Plaintiff services awards no later than 30 days before the Objection and Opt Out Deadline. Further, on the settlement website, Class Counsel will post the motion requesting fees, costs, and Named Plaintiff service awards in advance of the objection deadline.

26. There are no agreements between myself, Plaintiffs, and Defendant other than the Settlement Agreement and the Confidential Side Letter, which provides Defendant the right to terminate the Settlement Agreement if class members submitted a timely and valid Request for Exclusion.

27. The Settlement Agreement provides equal relief to the Class, as each Class Member will be eligible for the same relief—the changes Giftly is implementing to its website and business practices as well as a proportionate share of the Merchant Advertising Program fund. Any member of the Settlement Class that registers for the Merchant Advertising Program will be able to share in the Five Hundred Thousand United States Dollar ($500,000) fund on a *pro rata* basis. The amount of advertising that each Settlement Class member receives will depend on how many businesses register for the Merchant Advertising Program. *See* SA Ex. B.

28. The Parties have developed a proposed notice plan that involves reaching out to potential Settlement Class Members via a range of methods, several of which are innovative and novel. First, notice will be posted on a website dedicated to the Settlement, notifying merchants about the existence of the Settlement Agreement. Second, Giftly will contact merchants that

requested removal from the Giftly website and provide a short summary of the terms of the Settlement Agreement and a link to the settlement website. Third, Giftly will hire an online marketing specialist to create, place, and manage online ads with the goal of reaching approximately one hundred thousand (100,000) small business owners to provide notice. Fourth, Giftly will add a link to the settlement website in the Merchant section of the Giftly website. Fifth, Giftly will provide notice to all merchants who contact Giftly directly, or through the Better Business Bureau and TrustPilot during the Notice Period.

29. Attached as Exhibit 3 is the proposed notice plan and proposed notices, which are also compiled in Exhibit A to the Settlement Agreement. Settlement Agreement Exhibit A-1 is a mock-up of the settlement website, which includes a detailed FAQ and the long and short form notices available on the website; Exhibit A-2 is the direct notices sent to all merchants who contacted Giftly in 2022 with an issue or complaint; Exhibit A-3 is the image of the online advertisement for the class; Exhibit A-4 is the additional language Giftly will use when posting a response to merchant complaints on the Better Business Bureau and Trust Pilot.

30. If the Court preliminarily approves the Settlement, the website notifying merchants about the Settlement will be live and accessible by the Notice Date.

31. The notice provides the required information: a brief explanation of the case; the terms of the proposed Settlement; the amount Class Counsel may seek for attorney's fees, reimbursement of litigation expenses, and service awards to the Named Plaintiffs; the date, time and place of the final approval hearing; and the procedures for Settlement Class Members to opt-out of or object to the Settlement.

32. Plaintiffs request that the Court approve Pollock Cohen LLP to act as Claims Administrator, which among other things, will work with Giftly and Giftly's counsel to handle

dissemination of the Notice to Settlement Class Members and maintain a website that informs Settlement Class Members and the public about this case.

33. Given Giftly's financial condition and the size of the class, the cost of hiring a formal Claims Administrator would be financially impossible and mean that the class members would receive no relief.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2023.

*/s/ Raphael Janove*

Raphael Janove