Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into on March 29, 2023, by and among Defendant Giftly Inc. ("Giftly") and Plaintiffs WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (collectively, "Plaintiffs"), who have filed suit as representatives of a proposed class in the class action *WeCare RG, Inc., et al. v. Giftly Inc.*, Case No. 2:22-cv-02672-WB, currently pending before the Honorable Wendy Beetlestone in the United States District Court for the Eastern District of Pennsylvania. Plaintiffs enter into this Settlement Agreement both individually and on behalf of the Settlement Class (defined below). This Settlement Agreement is intended by the Settling Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions hereof.

**WHEREAS,** Plaintiffs, which are small businesses, are prosecuting the Action (defined below) on their own behalf and on behalf of those similarly situated against Giftly;

**WHEREAS,** Plaintiffs and the class allege, among other things, that Giftly's use of Plaintiffs' and the class members' information, goodwill, and reputations on Giftly's website have injured them and Giftly's conduct violates and/or constitutes claims under Section 43 of the Lanham Act, 15 U.S.C. § 1125 *et seq.*; New York's deceptive/unfair trade practices act statute and false advertising statute, N.Y. Gen. Bus. Law §§ 349-50; Illinois' consumer fraud/deceptive business practices act statute and deceptive trade practices act statute, 815 ILL. COMP. STAT. 505/1 *et seq*; and common law unfair competition;

**WHEREAS,** Plaintiffs have negotiated for Giftly to assist Plaintiffs in jointly administering the settlement by creating a settlement website and notifying merchants about the settlement. These efforts, as more fully explained in and governed by **Exhibit A**, generally involve Giftly: (1) creating a webpage to notify merchants about the availability of the settlement and adding a link to the settlement webpage in the merchant area of its website; (2) contacting merchants that previously requested removal in the calendar year prior to the execution of this Settlement Agreement and informing them of the settlement; (3) employing an online marketing

specialist to create, place, and manage online ads to target small business owners and direct them to the settlement webpage; and (4) informing merchants who contact Giftly directly or through the Better Business Bureau and TrustPilot about the settlement;

**WHEREAS,** Plaintiffs have negotiated for Giftly to provide a financial benefit in the form of an advertising program. This program, as more fully explained in and governed by **Exhibit B**, generally involves Giftly: (1) creating an advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business; (2) contracting or employing an online marketing specialist to create, place, and manage a marketing campaign for each enrolled merchant; and (3) designing campaigns to target customers searching for the registered merchant or using keywords related to that merchant in a similar geography to the merchant (e.g., a person searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco);

**WHEREAS,** Plaintiffs have negotiated for significant injunctive relief in the form of commitments by Giftly to abide by or alter certain business practices and communications on its website. These commitments, as more fully explained in and governed by **Exhibit C**, generally involve: (1) honoring a merchant's request to be removed from Giftly's website; (2) further clarifying to Giftly gift recipients that: (a) they must redeem the gift on Giftly's website, (b) they are encouraged to use the funds at the suggested merchant (after redeeming), and (c) the funds can be used in any way; (3) communicating, on webpages specific to a merchant, that: (a) a gift purchased through Giftly is not a gift card issued by the merchant, (b) the Giftly gift recipient must redeem on Giftly's website, (c) the recipient is encouraged to use the funds at the suggested merchant, and (d) the funds can be used in any way; (4) modifying certain aspects of the current checkout page to improve clarity; (5) allowing merchants to register to receive notifications when customers purchase a gift (when the merchant is the suggested business selected by the customer); (6) more prominently placing language inviting merchants to claim their business on Giftly's website to make clear that a business is not affiliated with Giftly unless

it claims the listing; and (7) removing the following FAQ from its website: "What makes a Giftly for [Business Name] better than a [Business Name] gift card";

**WHEREAS**, Plaintiffs have negotiated, as described under the terms below, for Giftly to fund an award of Class Counsel Fees of up to One Hundred Thousand United States Dollars ($100,000), and an award of Service Awards up to a total of Nine Thousand United States Dollars ($9,000);

**WHEREAS,** Plaintiffs have concluded that a settlement with Giftly at this time according to the terms set forth below is fair, adequate and reasonable, and in the best interest of Plaintiffs and the Class;

**WHEREAS,** Plaintiffs and Giftly have engaged in discovery to adequately and sufficiently assess the strengths and weaknesses of Plaintiffs' claims and Giftly's defenses, and Plaintiffs have thoroughly analyzed the facts and the law regarding the Action;

**WHEREAS,** Giftly has denied and continues to deny each and all of the Plaintiffs' claims and allegations of wrongdoing; has not conceded or admitted any liability in this Action, or that it violated any duty owed to the Plaintiffs and/or class; has denied and continues to deny all claims of liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action; and further denies the allegations that Plaintiffs or any member of the class were harmed by any conduct by Giftly alleged in the Action or otherwise;

**WHEREAS,** Plaintiffs and Giftly agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Giftly or of the truth of any of the claims or allegations alleged in the Action;

**WHEREAS,** Giftly has concluded, despite its belief that it is not liable for the claims asserted against it in the Action and that it has strong defenses thereto, that it will enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to Plaintiffs and the class and avoid the risks inherent in complex litigation; and

**WHEREAS,** arm's-length settlement negotiations have taken place between Class Counsel (defined below) and Giftly, this Settlement Agreement embodies all of the terms and conditions of the settlement between Giftly and Plaintiffs, both individually and on behalf of the Settlement Class (defined below), and has been reached as a result of the parties' negotiations (subject to the approval of the Court) as provided here;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Settling Parties, by and through their undersigned attorneys of record, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, that the Action be finally and fully settled, compromised, and dismissed on the merits and with prejudice as to Giftly, without costs as to Plaintiffs, the Settlement Class, or Giftly, upon and subject to the approval of the Court, following notice to the Settlement Class, on the following terms and conditions:

## Definitions

The following terms, as used in this Settlement Agreement, shall have the following meanings:

a.      "Action" means the individual and representative action captioned *WeCare RG, Inc., et al. v. Giftly Inc.*, Case No. 2:22-cv-02672-WB, pending in the United States District Court for the Eastern District of Pennsylvania.

b.      "Affiliates" means entities controlling, controlled by or under common control with another entity.

c.      "Authorized Claimant" means any member of the Class who, in accordance with the terms of this Settlement Agreement, submits a timely claim that is accepted by the Claims Administrator and approved by the Court in accordance with the applicable distribution plan or order of the Court requiring distribution to the Settlement Class.

d.      "Claims Administrator" means that entity engaged by the Class Counsel to administer the settlement.  At election of Plaintiffs, Class Counsel may handle such duties themselves.

e.      "Settlement Class" means the proposed class of business and subclasses as defined as follows:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

f.      "Class Counsel" refers to Pollock Cohen LLP.

g.      "Settlement Class Member" means a person that falls within the definition of the Settlement Class and that has not timely and validly excluded itself from the Settlement Class in accordance with the procedures established by the Court.

h.      "Class Representatives" refers to Plaintiffs WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures.

i.      "Court" or "District Court" means the United States District Court for the Eastern District of Pennsylvania.

j.      "Defendant" means Giftly, Inc.

k.      "Effective Date" means the first date after which all of the following events and conditions have been met or have occurred:

      i.      All Settling Parties have executed this Settlement Agreement;

      ii.      The Court has entered an order granting final approval of this Settlement Agreement under Federal Rule of Civil Procedure 23 and entered Final Judgment (defined below) dismissing this Action with prejudice as to Giftly; and

      iii.      The time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of Final Judgment as to Giftly has expired, or, if appealed, the Court's approval of this Agreement and the Final Judgment as to Giftly have been affirmed in their entirety by the court to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review; provided, however, a modification or reversal on appeal of any amount of Class Counsel's fees or expenses or Class

Representatives's awards awarded by the Court from the Class Counsel Fees or Service Awards shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment.  Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

l.      "Final Judgment" means a final order approving the Settlement Agreement under Federal Rule of Civil Procedure 23(e) and dismissing the Action and all claims therein against Giftly with prejudice as to the Class.

m.      "Identification" means, collectively, (i) all names, trade names,  trademarks, service marks, logos and other designations that are owned or controlled by Releasor and/or that are used to identify or distinguish any business, product or service of Releasor, (ii) if Releasor is a natural person, Releasor's name, likeness and image and any other means by which Releasor may be identified,  and (iii) descriptions, images and ratings or reviews of Releasor's business, products and/or services (which Releasor acknowledges may be provided by third parties such as Yelp).

n.      "Notice Date" shall be 28 days after the Preliminary Approval Order or as otherwise set forth in the Court's Preliminary Approval Order, provided that such date is at least 14 days after such order.

o.      "Objection and Opt-Out Deadline" means the date one hundred twenty (120) days after the Notice Date or as otherwise set forth in the Court's Preliminary Approval Order, provided that such date is not greater than one hundred eighty (180) days after the Notice Date.

p.      "Person" means an individual or an entity.

q.      "Released Claims" means those claims released pursuant to Paragraph 13 of this Settlement Agreement.

r.      "Releasees" refers to Giftly and to all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the

foregoing, including but not limited to Timothy Bentley and any financial partners supporting Giftly's business. Each of the Releasees shall have the full benefits of this Settlement Agreement, including, without limitation, those benefits set forth in Paragraphs 12 to 16 of this Settlement Agreement, even though the specific corporate name of each of the Releasees is not set forth herein.

s.      "Releasors" refers to each of Plaintiffs and the Settlement Class Members, and to their respective past and present officers, directors, employees, agents, shareholders, attorneys, servants, representatives, parent companies, subsidiaries, Affiliates, partners, insurers, receivers, and bankruptcy trustees and the predecessors, successors, heirs, executors, administrators, and assigns of any of the foregoing.

t.      "Settlement Agreement" means this agreement.

u.      "Class Counsel Fees" means the sum of up to One Hundred Thousand United States Dollars ($100,000).

v.      "Service Awards" means the sum of up to a total of Nine Thousand United States Dollars ($9,000) to be distributed evenly to each Class Representative.

w.      "Advertising Program" means the relief provided to the Class of up to One Thousand United States Dollars ($1,000) to each Settlement Class Member of an advertising benefit, not exceeding a total of Five Hundred Thousand United States Dollars ($500,000) to the entire Class, as further described in Paragraph 18 of this Settlement Agreement and **Exhibit B**.

x.      "Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and the Class, and Giftly.

**Approval of this Settlement Agreement and Dismissal of Claims**

1.      ***Settlement Class Certification.*** The Parties stipulate and agree, for settlement purposes only, that all prerequisites for certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23 are met, and Plaintiffs will seek the Court's certification of the Settlement Class for settlement purposes in their motion for entry of the Final Approval Order and Judgment.

2.      ***Appointment of Class Counsel.*** In connection with their motion for preliminary approval, Plaintiffs will seek the Court's appointment of Pollock Cohen LLP as class counsel for the Settlement Class.

3.      ***Best Efforts to Effectuate this Settlement.*** Plaintiffs and Giftly shall use their best efforts to effectuate this Settlement Agreement and shall cooperate in Plaintiffs' efforts to promptly seek and obtain the Court's preliminary and final approval of this Settlement Agreement and to secure the prompt, complete, and final dismissal with prejudice of the Action as to Giftly.

4.      ***Motion for Preliminary Approval and Notice to Class.*** At a time to be determined by Class Counsel, but no later than forty-five (45) calendar days after the execution of this Settlement Agreement, Plaintiffs shall submit this Settlement Agreement to the Court with a Motion for Preliminary Approval requesting entry of an order in form and substance mutually satisfactory to Plaintiffs, the Class, and Giftly preliminarily approving the settlement, authorizing dissemination of notice to the Class, and scheduling a hearing for final approval of the settlement.  Additionally, Plaintiffs will seek—and Defendant agrees not to oppose and to fund (as described in the next sentence)—an award of Class Counsel Fees of up to One Hundred Thousand United States Dollars ($100,000) and Service Awards of Nine Thousand United States Dollars ($9,000), shared evenly among the Named Plaintiffs, which together total up to One Hundred and Nine Thousand United States Dollars ($109,000).  Should the Court approve the Class Counsel Fees and Service Awards, Giftly shall make payment within fourteen (14) days after such approval or fourteen (14) days of the Effective Date, whichever comes later.

5.      The Preliminary Approval Motion shall include, *inter alia*, that the requirements for certification of the Settlement Class will likely be found satisfied, preliminarily appoint Plaintiffs as the representatives of the Settlement Class, preliminarily appoint Class Counsel as counsel for the Settlement Class, preliminarily approve the Settlement as being within the range of reasonableness such that the settlement notice should be provided to the Settlement Class Members; the proposed form of, method for, and timetable for dissemination of notice to the

Settlement Class and shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice to the Settlement Class constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.  The Preliminary Approval Motion shall also include the date by which Class Counsel will file a Motion for Approval of Class Counsel Fees and Service Awards, which shall be no later than thirty (30) days before the Objection and Opt-Out Deadline.  It will also include the date by when any Settlement Class Member may serve a written Request for Exclusion (defined below) from the Settlement Class on the Objection and Opt-Out Deadline.  The agreed-upon procedures and requirements regarding Settlement Class Members' rights and options, including filing objections in connection with and/or appearing at the final approval hearing, are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Settlement Agreement, in accordance with such Settlement Class Member's due process rights.  The Settling Parties will request that the Order granting the Preliminary Approval Motion further provide that objectors that fail to properly or timely file their objections, along with the required information and documentation, or to serve them as required, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.  Notice to the Settlement Class will be completed as described in the attached **Exhibit A**.

6.      At least five (5) business days prior to the filing of any motions or other papers in connection with this Settlement Agreement, including without limitation the Preliminary Approval Motion and the Motion for Final Approval of the Settlement Agreement, Class Counsel will send a draft of these papers to counsel for Giftly.  The text of any proposed form of order preliminarily or finally approving the Settlement shall be agreed upon by Plaintiffs and Giftly before it is submitted to the Court.

7.      *Claims Administration.*  The Class Counsel shall be responsible for the claims administration process, distribution to the Class, withholding and paying applicable taxes, and other duties as provided herein.  To the extent incurred, the fees and expenses of the Claims

Administrator shall be paid exclusively out of the Class Counsel Fees. In no event shall Giftly be separately responsible or liable for any fees or expenses of the Claims Administrator. Notwithstanding the foregoing, Giftly and Giftly's Counsel will assist the Class Counsel with certain aspects of administration as described in the attached **Exhibits A and B**.

8.      ***Requests for Exclusion (Opt-outs).***  Any Settlement Class Member that wishes to seek exclusion from the Settlement Class by "opting out" must timely submit a written request for exclusion to the Claims Administrator (a "Request for Exclusion"), notice of which will be provided as described in **Exhibit A**.  To be effective, such Requests for Exclusion must state: (a) the Settlement Class Member's full legal name, address and telephone number; (b) that the Settlement Class Member's information was published on Giftly's website; and (c) a statement that the Settlement Class Member (i) wants to be excluded from the *WeCare RG, Inc., et al. v. Giftly Inc.* class action settlement with Giftly, and (ii) understands that by so doing, the Settlement Class Member will not be able to receive any benefits from the settlement with Giftly under the Settlement Agreement.  All Requests for Exclusion must be signed and dated by the Settlement Class Member or its officer or legal representative, and be (A) mailed to the Claims Administrator *via* First Class United States Mail (or United States Mail for overnight delivery) and postmarked by a date certain to be specified on the Court-approved notice to the Settlement Class (the "Opt-Out Date"), or (B) received by the Claims Administrator by the Opt-Out Date, provided, however, that if a Settlement Class Member mails a Request for Exclusion pursuant to option (A), it will be effective only if received by the Claims Administrator on or before ten (10) calendar days after the Opt-Out Date.  The Claims Administrator shall provide to counsel for Giftly all Requests for Exclusion and documents submitted therewith, and the Claims Administrator shall prepare a summary of the opt-outs to be filed with the Court.  With the Motion for Final Judgment, Class Counsel will file with the Court a complete list of Requests for Exclusion from the Settlement Class, including only the name, city, and state of the person or entity requesting exclusion.  Persons who opt-out are not entitled to any award or benefit from the Settlement.

9.     ***Motion for Final Approval and Entry of Final Judgment.*** Not less than thirty-five (35) calendar days prior to the date set by the Court to consider whether this Settlement should be finally approved, Plaintiffs shall submit a Motion for Final Approval of the Settlement by the Court, seeking an order, *inter alia*:

a.     Fully and finally approving this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

b.     Finding that the notice given to the Class constitutes the best notice practicable under the circumstances and complies in all respects with the due, adequate, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

c.     Finding that the notfication requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

d.     Providing that any Person who timely submitted a Request for Exclusion shall be excluded from the Settlement Class, shall have no rights with respect to this Settlement Agreement, and shall receive no benefits as provided in this Settlement Agreement;

e.     Directing that, as to Giftly, the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

f.     Discharging and releasing the Releasees from the Released Claims;

g.     Permanently barring and enjoining the institution and prosecution, by any member of the Class that has not previously opted out, of any other action against the Releasees based on the Released Claims;

h.     Reserving continuing and exclusive jurisdiction over the settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement, to this United States District Court for the Eastern District of Pennsylvania; and

i.     Finding under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Giftly shall be final and entered forthwith.

No later than two (2) business days after the Court fully and finally approves this Settlement Agreement and its terms, Plaintiffs shall seek entry of Final Judgment as to Giftly.

10.    ***Stay Order.***    Upon the execution of this Settlement Agreement, aside from activities to enforce and approve this Settlement Agreement, the parties will stay all ongoing litigation and deadlines that are set in the Action.

11.    Upon the date that the Court enters an order preliminarily approving the Settlement Agreement, Plaintiffs and every member of the Class shall be barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind based on the Released Claims.

**<u>Release and Discharge</u>**

12.    Notwithstanding the release below, this Settlement Agreement does not preclude Settlement Class Members from requesting reimbursement when the member reasonably accepts payment in the form of a valid gift from Giftly's website as Giftly currently offers at https://www.giftly.com/support/merchant.

13.    ***Released Claims.***    In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date and in consideration of payment of Class Counsel Fees, Advertising Program specified in Paragraph 18 and the attached **Exhibit B**, and Commitments specified in Paragraph 19 and the attached **Exhibit C** of this Settlement Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to: (a) the Lanham Act, 15 U.S.C. § 1125 *et seq*.; (b) any federal or state unfair

competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (c) common law or statutory unfair competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, including any claims arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

14. ***Covenant Not to Sue and License.***

a. Releasors shall not, after the Effective Date of this Settlement Agreement, sue or otherwise seek to establish liability against Giftly or any of the Releasees based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims.

b. Without limitation of Paragraph 14.a, each of the Releasors hereby grants to Giftly a terminable (in accordance with the procedures described in Paragraph 14.c), non-exclusive right and license to reproduce, display and otherwise use, in whole or in part, the Releasor's Identification (defined above), throughout the world, in perpetuity, on Giftly's websites, applications, services and channels whether now or later existing (including, without limitation, the website currently located at www.giftly.com and any successor websites and all sub-pages of any Giftly website), and to sublicense third parties to do the same. Giftly has the right to assign and/or sublicense this right and license (i) to any current or future parent company, affiliate or subsidiary of Giftly, (iii) in connection with any merger, acquisition, reorganization, consolidation, sale of assets or equity or other corporate transaction and/or (iii) in connection with any disposition of the business of Giftly to which the license relates. For clarity, no further permission

from or payment to any Releasor will be required in connection with any exercise of any of the rights granted in this Paragraph 14.b.

    c.    Unless otherwise agreed in writing by Giftly and the applicable Releasor, each Releasor will have the right to terminate the license set forth in Paragraph 14.b as to such Releasor's Identification by utilizing the "Remove listing" functionality provided on Giftly's website or such other removal mechanism as Giftly may subsequently provide.

    d.    Releasors and Class Counsel acknowledge that they and Giftly each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of Paragraph 14, including the subparagraphs.

15.    ***Waiver of California Civil Code § 1542 and Similar Laws.***  The Releasors acknowledge that for the consideration received hereunder, it is their intention to release, and they are releasing all Released Claims, whether known or unknown.  In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542") and similar statutes or common law principles in other states.  The Releasors acknowledge that they have been advised by Class Counsel of the contents and effects of California Civil Code Section 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

16.    The provisions of the Released Claims set forth above in Paragraphs 13 and 14 shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction.  The Releasors may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally, and forever relinquish any and all rights and benefits

existing under (a) Section 1542 or any equivalent, similar, or comparable present or future law or

principle of law of any jurisdiction and (b) any law or principle of law of any jurisdiction that

would limit or restrict the effect or scope of the provisions of the release and covenant not to sue

and license set forth in Paragraphs 13 and 14.

17.    ***No Other Discovery.***  From and after the date this agreement is fully executed,

neither Giftly nor Plaintiffs shall file motions against the other or initiate or participate in any

discovery, motion, or proceeding directly adverse to the other in connection with the Action.

**Settlement Consideration: Advertising Program and Commitments**

18.    Relief for each Settlement Class Member shall come in the form of an advertising

program ("Advertising Program") that provides up to One Thousand United States Dollars

($1,000) worth of advertising to each Settlement Class Member, but not exceeding a total of Five

Hundred Thousand United States Dollars ($500,000) in advertising benefit to the Settlement

Class.  The details of this Advertising Program are described in the attached **Exhibit B**.

19.    Giftly and Plaintiffs have reached an agreement concerning significant relief in

the form of commitments regarding certain Giftly business practices ("Commitments") related to

Plaintiffs' claims and a timeline for the implementation of this robust relief.  The details of this

relief are described in the attached **Exhibit C**.

20.    ***Rescission of the Settlement Agreement.***  If the Court declines to approve this

Settlement Agreement, or if such approval is materially modified or set aside on appeal, or if the

Court does not enter the Final Judgment as provided in Paragraph 9, or if the Court enters the

Final Judgment and Order and appellate review is sought and, as a result of such review, the

Effective Date does not occur, then Giftly and the Plaintiffs shall each, in their respective sole

discretion, have the option to rescind this Settlement Agreement in its entirety by providing

written notice to the undersigned counsel within ten (10) business days of the Court's order

declining to approve this Settlement Agreement, or a Court order materially modifying the terms

of the of settlement or setting it aside on appeal, or a Court order declining to enter Final

Judgment, or an order on appeal that fails to affirm Final Judgment.  For purposes of this

Paragraph 20, material modifications include any modifications to the definitions of the Settlement Class, or Released Claims, any modifications to the terms of the Advertising Program, Commitments, and/or any notice to the Settlement Class described in this Settlement Agreement.

21.    *Use of Agreement as Evidence.*  The Settling Parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall be governed by Federal Rule of Evidence 408 and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Giftly or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be admissible or used directly or indirectly in any way in the Action or in any other action or proceeding, except an action to enforce or interpret the terms of the Settlement Agreement.  The parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

22.    *Taxes.* Class Counsel shall be solely responsible for directing the Claims Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income obtained through the Settlement Agreement.  Giftly shall have no responsibility to make any filings relating to the payment or benefits under the Settlement Agreement and shall have no responsibility to pay tax on any income or benefits obtained by the Plaintiffs, Class, or Class Counsel through the Settlement Agreement.  Named Plaintiffs, Settlement Class Members, and Class Counsel understand and agree that they are solely responsible for the payment of any taxes and penalties assessed on the income or benefits they earned through the Settlement Agreement.  In the unlikely event that any tax authority seeks payment from Giftly regarding any tax consequences resulting from the income or benefits earned by the Named Plaintiffs, Settlement Class Members, or Class Counsel through the Settlement Agreement, Class Counsel will reimburse Giftly for any taxes or related penalties ultimately assessed in connection with the settlement of this Action.

**Miscellaneous**

23.    ***No Representation and Warranties from Defendant*.**  Plaintiffs expressly warrant that, in entering into the Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Giftly not expressly contained in this Settlement Agreement.

24.    ***Encouragement to Object or Opt Out.***  Plaintiffs, Defendant, or their respective counsel will not encourage or advise any member of the Class to submit an objection to the Agreement (or any aspect thereof) or to submit a Request for Exclusion from the Class.

25.    ***Headings*.**  The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

26.    ***No Party Deemed To Be the Drafter.***  None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

27.    ***Entire Agreement.***  This Settlement Agreement constitutes the entire completed agreement among Plaintiffs and Giftly pertaining to the settlement of the Action against Giftly. This Settlement Agreement may be modified or amended only by a writing executed by Class Counsel and Giftly.

28.    ***Severability***.  With the exception of Paragraphs 13 to 16 of this Settlement Agreement, if any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid, or unenforceable in any respect, such illegality, invalidity, or unenforceability shall not affect any other provision if Giftly's counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.  If any portion or all of Paragraphs 13 to 16 of this Settlement Agreement shall for any reason be held to be illegal, invalid, or unenforceable in any

respect, Giftly shall have in its sole discretion the option to rescind this Settlement Agreement in its entirety by ten (10) business days written notice to the undersigned counsel.

29.    ***Choice of Law.***  The terms of this Settlement Agreement shall be governed and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

30.    ***Consent to Jurisdiction.***  The Court retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement.  The Settling Parties hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, including without limitation any suit, action, proceeding, or dispute relating to the Released Claims and Paragraphs 13 to 16 of this Settlement Agreement.

31.    ***Execution in Counterparts.***  This Settlement Agreement may be executed in counterparts by counsel for Plaintiffs and Giftly, and a PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

32.    ***Notification of State Officials.***  Giftly shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b), and bear costs, if any, of doing the same.

33.    ***Defendant's Attorneys' Fees and Costs*.**  Giftly shall bear its own attorneys' fees and costs in this litigation.

34.    ***Binding Effect***.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiffs and Class Counsel shall be binding upon the Settlement Class.

35.    ***Authorization to Enter Settlement Agreement.***  Each of the undersigned attorneys represents that he or she is fully authorized to conduct settlement negotiations and to

enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

36.    ***Option to Terminate based on Opt-Outs***.  Giftly shall have the option to terminate the Settlement Agreement upon the occurrence of a condition relating to the total or percentage of number of persons who timely submitted Requests for Exclusion. The specific terms of that condition shall be set forth in a confidential side letter executed between Class Counsel and Giftly. Within five (5) calendar days after the end of the period established by the Court, and as set forth in the notice, to request exclusion from the Settlement Class, Class Counsel shall provide to Giftly, through their counsel, a written list of all those putative Settlement Class Members requesting exclusion from the Settlement Class.  In the event that the total number of opt-outs is equal to or greater than the numbers or percentages set forth in the confidential side letter, then Giftly shall have the right to terminate the Settlement Agreement by providing written notice to Class Counsel.  Such written notice shall be due within fourteen (14) calendar days of Giftly receiving the list of opt-outs.

37.    ***Notices.***  Any notice or other communication required or permitted to be delivered to any party under this Settlement Agreement shall be in writing and shall be deemed properly delivered, given, and received when delivered to the address or electronic mail address set forth beneath the name of such party below (or to such other address, or electronic mail address as such party shall have specified in a written notice given to the other parties):

    If to Class Counsel:

        Raphael Janove
        Pollock Cohen LLP
        1617 John F. Kennedy Blvd., 20th Floor
        Philadelphia, PA 19103
        Telephone: (215) 667-8607
        rafi@pollockcohen.com

If to Giftly:

>Geoffrey Brounell
>Davis Wright Tremaine LLP
>1251 Avenue of the Americas, 21st Floor
>New York, NY 10020
>Telephone: (212) 603-6404
>geoffreybrounell@dwt.com
>
>Sanjay Nangia
>50 California Street, 23rd Floor
>San Francisco, CA 94111
>Telephone: (415) 276-6577
>sanjaynangia@dwt.com

*SIGNATURES BEGIN ON FOLLOWING PAGE*

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized representatives,

have agreed to this Settlement Agreement.

Dated: March 29, 2023

**DAVIS WRIGHT TREMAINE LLP**

DocuSigned by:

By: *Sanjay Nangia*
FE8CBE3C8D3D4E2

Geoffrey Brounell
Christopher L. Donati
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 603-6404
Facsimile: (212) 489-8340
geoffreybrounell@dwt.com
chrisdonati@dwt.com

Sanjay Nangia
50 California St., 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6577
sanjaynangia@dwt.com

*Attorneys for Defendant Giftly Inc.*

DATED: March __, 2023

**POLLOCK COHEN LLP**
RAPHAEL JANOVE

By:

Raphael Janove
1617 John F. Kennedy Blvd., 20th Floor
Philadelphia, PA 19103
Telephone: (215) 667-8607
rafi@pollockcohen.com

*Attorneys for Plaintiffs WeCare RG, Inc. d/b/a Café
Ole in the Valley, Gracie Baked LLC, and Andrea
Schoenbein d/b/a Second Chance Treasures*

*SIGNATURES CONTINUE ON FOLLOWING PAGE*

**IN WITNESS WHEREOF**, the parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement.

Dated: March __, 2023                    **DAVIS WRIGHT TREMAINE LLP**

By:_____
Geoffrey Brounell
Christopher L. Donati
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 603-6404
Facsimile: (212) 489-8340
geoffreybrounell@dwt.com
chrisdonati@dwt.com

Sanjay Nangia
50 California St., 23rd Floor
San Francisco, CA 94111
Telephone: (415) 276-6577
sanjaynangia@dwt.com

*Attorneys for Defendant Giftly Inc.*

DATED: March 29, 2023                    **POLLOCK COHEN LLP**
RAPHAEL JANOVE

By:___/s/ Raphael Janove_____
Raphael Janove
1617 John F. Kennedy Blvd., 20th Floor
Philadelphia, PA 19103
Telephone: (215) 667-8607
rafi@pollockcohen.com

*Attorneys for Plaintiffs WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures*

*SIGNATURES CONTINUE ON FOLLOWING PAGE*

**WeCare RG, Inc. d/b/a Café Ole in the Valley**

By: _Lawrence Kalikhman_

Title: _Owner_

**Gracie Baked LLC**

By: _Grace Bensimon_

Title: _Owner_

**Andrea Schoenbein d/b/a Second Chance Treasures**

By: _Andrea Schoenbein_

Title: _Owner_

*SIGNATURES CONTINUE ON FOLLOWING PAGE*

**Giftly Inc.**

By:_____

Title:_____

Signature: _Lawrence Kalikhman_
Lawrence Kalikhman (Mar 29, 2023 11:41 EDT)

Email: ██████████████████

Signature: _Andrea Schoenbein_
Andrea Schoenbein (Mar 29, 2023 15:16 CDT)

Email: ██████████████████

Signature: _Yonie Binsimon_

Email: ██████████████████

Signature: _Raphael Janove_
Raphael Janove (Mar 29, 2023 08:39 EDT)

Email: rafi@pollockcohen.com

23

**Giftly Inc.**

By:_____

Title:_____CEO_____

**Exhibit A**

**Notice to Class**

1. All definitions used in the Settlement Agreement and other exhibits thereto are adopted herein.

2. The "Notice Period" shall be the period from the Notice Date to the Objection and Opt-Out Deadline (but in no event shall extend greater than four (4) months).

3. Giftly will create a webpage to notify merchants about the existence of the settlement in the Action (the "Giftly Settlement Webpage").  Except for unplanned outages, the Giftly Settlement Webpage shall generally be live and accessible during the Notice Period and include summary information about and an FAQ for the settlement.  The Giftly Settlement Webpage will also include information on how to opt out of the Settlement Class.  The text of the Giftly Settlement Webpage shall be substantially in the form of Exhibit A1 and may also be reasonably modified with consent of Class Counsel.

4. During the Notice Period, Giftly will add a link to the Giftly Settlement Webpage in the merchant area of the Giftly website, currently available at https://www.giftly.com/merchants.

5. Giftly will make reasonable efforts to contact, via email addresses that such merchants provided, all merchants that requested, and for which Giftly received such request, removal from the Giftly website during the period January 1, 2022, to December 31, 2022.  The email will provide such merchant with a short summary about the terms of the Settlement Agreement and a link to the Giftly Settlement Webpage.  The text of this message shall be substantially in the form of Exhibit A2 and may also be reasonably modified with consent of Class Counsel.

6.  As a supplement to the foregoing, Giftly will contract or employ an online marketing specialist to create, place, and manage online ads on Facebook and/or Google advertising platforms targeting small business owners and business page administrators and direct them to the Giftly Settlement Webpage.  The copy for the ad shall be substantially in the form of Exhibit A3 and may also be reasonably modified with consent of Class Counsel; however, Giftly will retain discretion on other aspects of the advertising.  The specialist will set a goal of reaching about one hundred thousand (100,000) local business owners, and Giftly will provide up to Ten Thousand United States Dollars ($10,000) to the specialist for placing such ads.

7.  During the Notice Period, Giftly will provide all merchants who contact Giftly directly, or through the Better Business Bureau and TrustPilot, summary information about the settlement and a link to the Giftly Settlement Webpage.  The text of this message shall be substantially in the form of Exhibit A4 and may also be reasonably modified with consent of Class Counsel.

**Exhibit A-1**

[Note: The settlement website mock up and text is provided in the following pages.
Because the FAQ text is not fully viewable in the enclosure, the text is reproduced after the mock up.
Following the FAQ text are the Short and Long Form Notices linked to within the website.]

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |

Register for this Settlement
Opt-Out of this Settlement
Remove My Listing from Giftly

## Class Settlement Information Website

If you operate a business that has been listed on the Giftly Inc. ("Giftly") website (https://www.giftly.com/) at any time, you could be affected by a class action settlement (the "Settlement," "Settlement Agreement," or "Agreement").

### WHAT IS THE LAWSUIT ABOUT?

A settlement has been reached in a class action lawsuit against Giftly concerning claims under Federal, New York, and Illinois law based on Giftly's use on its website of the names of businesses across the United States. The lawsuit alleges that Giftly's use of those business names has injured those businesses.  Giftly denies all claims and that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

### WHO IS INCLUDED?

Settlement Class Members include businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Giftly Inc.'s website. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

### WHAT DOES THE SETTLEMENT PROVIDE?

Those who file timely and properly completed claims by [deadline] will be eligible to receive a share of a $500,000 fund dedicated to providing Settlement Class Members customized internet advertisements (the "Merchant Advertising Program"). Your share will depend on how many Settlement Class Members register and enroll in the Merchant Advertising Program, but your share will be no larger than $1,000 in any event. You can still benefit from this Settlement Agreement and request removal from Giftly's website any time. If you wish to remove your business from Giftly's website please visit www.giftly.com/support/merchant_search.

## Your Legal Rights and Option in This Settlement

| Option and Deadline | Description |
|---|---|
| **Submit a claim form to register for the Advertising Program**<br><br>Deadline: [to add] | You must submit a valid claim form to register for the Advertising Program electronically at [link]. This is the only way to register for this settlement fund. |
| **Exclude yourself from the class**<br><br>Deadline: [to add] | To exclude yourself, you must affirmatively mail a written request to be excluded to Class Counsel. You will receive no benefits, but you will retain any rights you currently have to sue Giftly about the claims in this case. |
| **Object to or comment on the settlement agreement**<br><br>Deadline: [to add] | In order to object to or comment on the Settlement, you must affirmatively mail your objection or comment in writing to Class Counsel. |
| **Attend the fairness hearing**<br><br>Scheduled date: [to add] | You do not need to attend the fairness hearing, but you are welcome to do so. You may attend as an observer, or ask to speak in Court about your opinion of the Settlement. You may also appear through your own attorney at your own expense. |
| **Do nothing** | You won't get a share of the Settlement benefits and will give up your rights to sue Giftly about the claims in this case.<br><br>However, you can still benefit from this Settlement Agreement and request removal from Giftly's website any time. If you wish to remove your business from Giftly's website please visit www.giftly.com/support/merchant_search. |

## For More Information

Call    (800) 566-9669

Email    info@merchantgifting.com

Mail    PO Box 7775 #51609 San Francisco, California 94120-7775

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|--------------------|

## Frequently Asked Questions

**BASIC INFORMATION**

**1. What is a class action?**                                                          ⌄

A class action is a lawsuit in which a few representative plaintiffs, such as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (the "Named Plaintiffs" and "Class Representatives" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) that they contend have similar claims against the Defendant. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are not individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from a settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendant, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

2. Why did I get this Notice?                                                           ›

3. What is this lawsuit about?                                                          ›

4. Why is there a settlement?                                                          ›

**WHO IS IN THE PROPOSED SETTLEMENT CLASS?**

5. How do I know if I am a member of the Settlement Class?                             ›

6. Are there exceptions to being included in the Settlement Class?                     ›

7. I'm still not sure if I am included.                                                ›

**THE SETTLEMENT BENEFITS**

8. What does the Settlement provide?                                                   ›

9. Will I be eligible for the Merchant Advertising Program?                            ›

10. When can I participate in the Merchant Advertising Program?                        ›

**REMAINING IN THE SETTLEMENT CLASS**

11. How do I remain in the Settlement Class and remain eligible for the Merchant Advertising Program?   ›

12. If I remain in the Settlement Class, what am I "releasing," or giving up?          ›

13. What happens if the Settlement is not approved or is terminated?                   ›

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

14. What if I do not want to be in the Settlement Class?                               ›

15. How do I exclude myself from the Settlement Class?                                 ›

**OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court I don't like the Settlement?                               ›

17. What is the difference between objecting and excluding myself from the Settlement? ›

**THE LAWYERS REPRESENTING YOU**

18. Do I have a lawyer in this case?                                                   ›

19. How will the lawyers be paid?                                                      ›

20. Service Awards for the Class Representatives                                       ›

**THE COURT'S FAIRNESS HEARING**

21. When and where will the Court decide whether to approve the Settlement?            ›

22. Do I have to attend the Fairness Hearing?                                          ›

23. May I speak at the Fairness Hearing?                                               ›

**GETTING MORE INFORMATION**

24. How do I get more information?                                                     ›

Copyright © 2023 Giftly Inc. - All Rights Reserved.

# WeCare RG, Inc. et al. v. Giftly Inc.
Case No. 22-cv-2672 (E.D. Pa.)

Home          Documents          FAQ          I Would Like To...

## Documents

- Claim Registration Form
- Long Form Notice
- Short Form Notice
- Opt Out Form
- First Amended Class Action Complaint
- Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Supporting Papers
- Class Action Settlement Agreement
- Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

## Having Trouble?

Having trouble opening .pdf files: you can download Acrobat Reader for free from www.adobe.com.

Copyright © 2023 Giftly Inc. – All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|--------------------|

## Claim Registration Form

**THE DEADLINE FOR SUBMITTING THIS REGISTRATION CLAIM FORM IS XXXX XX, XXXX.**

If you operate a business that has been listed on the Giftly Inc. ("Giftly") website (https://www.giftly.com/) at any time, you are eligible to register as a Settlement Class Member and enroll in the Merchant Advertising Program. The Merchant Advertising Program is advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business. An online marketing specialist will create, place, and manage a marketing campaign for each enrolled Class Member utilizing performance-based advertising using Google or similar advertising technology.  The advertising will be designed to target customers searching for your business or using keywords related to your business in a similar geography.  For example, a customer searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco.

After you register using the form below, you will receive an email after the settlement is approved and deemed final. Through that email, you will be able to enroll and take advantage of the Merchant Advertising Program. At that time, you will be asked to provide additional information to Giftly in order to enroll in the Merchant Advertising Program, including but not limited to: your business's name, address, business category, relevant keywords, target market, and target demographics.

You may claim your business's listing on the Giftly website or request removal here: https://www.giftly.com/merchants

### Registration Claim Submission Form

Name of the business:    required

[                    ]

The URL for your business's listing on Giftly's website:

[                    ]

Your name:    required

[                    ]

Your email address:    required

[                    ]

Your title/position in the business:

[                    ]

Your business's street address:    required

[                    ]

Your business's city:    required

[                    ]

Your business's state:    required

[                    ]

( • ) Giftly may contact me about this settlement and other programs that may help promote my business. I agree to Giftly's Privacy Policy.

( ) Giftly may only contact me about this settlement program.

Please note: You will be contacted at a later time to enroll in the advertising program and provide information to customize your business's advertisement.

**Submit**

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|--------------------|

## Merchant Advertising Program Enrollment Form

This Merchant Advertising Program is designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business. An online marketing specialist will create, place, and manage a marketing campaign for you utilizing performance-based advertising using Google or similar advertising technology. The advertising will be designed to target customers searching for your business or using keywords related to your business in a similar geography. For example, a customer searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco.

The campaign created and managed for you will remain active for one year after the end of the enrollment period, or until the funds allocated to the campaign are spent.

**Name of the business:**  required

**The URL for your business's website or the website you wish to promote:**  required

◉ use the business listing on Giftly's website

◯ use this URL

**Your email address:**  required

**Your business's category:**

**Your business's target market:**

**Your business's target demographic:**

**Search keywords relevant to your business:**

**Any additional information you wish to provide concerning your business (optional):**

Submit

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|---------------------|

## Opt-Out Form

This is NOT a Claim Form. Executing this will EXCLUDE you from this Settlement. DO NOT use this Form if you wish to remain IN this Settlement. If you wish to remove your business from Giftly's website, please visit www.giftly.com/support/merchant_search

Name of the business:                                    required

Your business's full address and telephone number:       required

Your email address:                                      required

Your title/position in the business:                     required

The last four (4) digits of the tax ID for your business:  required

IF YOU DO NOT PROVIDE THE INFORMATION ABOVE AND POSTMARK THIS BY XXXX XX, XXXX, YOUR REQUEST TO OPT-OUT WILL BE INVALID.

By signing below, you affirm the statements below:

My business's information was published on Giftly's website located at www.giftly.com. I wish to opt out from the Giftly settlement.

I understand that by opting out of this Class Action Settlement, I will not be eligible to receive any benefit that may result from any settlement of this lawsuit, if there is one. I do not wish to receive any benefit under the terms of any judgment or settlement or to otherwise participate in this Class Action Settlement. I further understand that by opting out, all personal representatives, spouses and relatives who on account of a personal relationship to me might assert a derivative claim for an award will be deemed to have opted out as well.

_____          _____

Date Signed                      Signature of Class Member or Executor,
                                 Administrator, or Representative

This form must be postmarked to Class Counsel at the address below NO LATER THAN [deadline], or else you will lose your right to opt out.

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

**Print**

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**FAQ Page Text**

**BASIC INFORMATION**

### 1.    What is a class action?

A class action is a lawsuit in which a few representative plaintiffs, such as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (the "Named Plaintiffs" and "Class Representatives" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) that they contend have similar claims against the Defendant. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are ***not*** individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from a settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendant, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.    Why did I get this Notice?

You received this Notice because records indicate that you may be a member of the Settlement Class. If you are a potential Settlement Class Member, you have important decisions to make and you may be entitled to money as part of the Settlement. You are not being sued.

### 3.    What is this lawsuit about?

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those business names has injured those businesses and violated federal and state laws. Defendant denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. Defendant is settling this action to avoid the cost and distraction of protracted litigation.

### 4.    Why is there a settlement?

Class Counsel (identified below in response to Question 20) have investigated the facts and law regarding the claims at issue in this litigation, as well as Defendant's potential defenses. After

lengthy, detailed negotiations with counsel for Defendant to reach the Settlement, Class Counsel believe the Settlement is in the best interests of the Settlement Class and support its approval. In addition, the Named Plaintiffs also support approval of the Settlement.

Defendant denies the allegations against it and denies that it did anything wrong. By agreeing to settle, Defendant is in no way admitting any liability on any of the allegations or claims, nor that this case can or should proceed as a class action if the litigation went forward.

The parties have agreed to settle the Action in its entirety without any admission of liability by Defendant to avoid burdensome and costly litigation. The parties intend this Settlement Agreement to bind Named Plaintiffs, Defendant, and all Settlement Class Members who do not timely and properly exclude themselves from this Settlement.

### WHO IS IN THE PROPOSED SETTLEMENT CLASS?

**5.      How do I know if I am a member of the Settlement Class?**

In a Preliminary Approval Order, dated MONTH XX, 2023, the Court defined the Settlement Class as:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

**6.      Are there exceptions to being included in the Settlement Class?**

You will not be part of the Settlement if you exclude yourself.

**7.      I'm still not sure if I am included.**

A simple way to see if you are included is to search for your business on Giftly.com at https://www.giftly.com/gift-cards. If you are still not sure whether you are included, you can ask for free help. You can call the Class Counsel (identified below) or visit the Settlement Website (_____) for more information.

### THE SETTLEMENT BENEFITS

**8.      What does the Settlement provide?**

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to: (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website

and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website ("Commitments"); (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to the Named Plaintiffs up to a total of $9,000 to be divided evenly between each Named Plaintiff.

With respect to the first category, Giftly will create an advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business ("Merchant Advertising Program"). Giftly will make available up to $500,000 to be used for the Merchant Advertising Program. If 1,001 or more merchants register for the Merchant Advertising Program, Giftly will make available an equal portion of the $500,000 fund to each registered merchant. If 1,000 or fewer merchants enroll in the Merchant Advertising Program, Giftly will make available to each registered merchant an equal portion of the $500,000 fund but also capped at $1,000 for each merchant. The Merchant Advertising Program registration forms must be returned by ____.

Notwithstanding the release below, this Settlement Agreement does not preclude Settlement Class Members from requesting reimbursement when the member reasonably accepts payment in the form of a valid gift from Giftly's website as Giftly currently offers at https://www.giftly.com/support/merchant.

In addition, the Settlement Agreement does not preclude you from asking to remove your business from Giftly's website on www.giftly.com/support/merchant_search.

The "Released Claims" are:

> any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to (1) the Lanham Act, 15 U.S.C. § 1125 *et seq.*; (2) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (3) common law or statutory unfair competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, including any claims arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

The Releasees are:

> Giftly and to all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing, including but not limited to Timothy Bentley and any financial partners supporting Giftly's business.

**The Commitments provided under the Agreement are generally described as follows:**

(a)    **Communications to Giftly Gift Recipients**. Giftly will more clearly communicate to the recipient the following: (1) the recipient must redeem on Giftly's website; (2) after redeeming, the recipient is encouraged to use the funds at the suggested merchant; and (3) the funds can be used in any way.

(b)    **Gift Purchaser Experience**. Giftly will more clearly communicate to the buyer the following: (1) the gift is not a gift card issued by the merchant; (2) the recipient must redeem on Giftly's website to receive the funds; (3) the recipient is encouraged to use the funds at the suggested merchant; and (4) the funds can be used in any way.

(c)    **Merchant Removal Option**. Giftly will continue to reasonably honor a merchant's request to be removed as such a merchant.

(d)    **General Revisions to Language Used on Website**. Giftly will not use certain identified text phrasing that Named Plaintiffs allege is misleading unless Giftly meets certain conditions that Named Plaintiffs believe adds appropriate clarification.

(e)    **Merchant Registration**. Certain merchants choose to register with Giftly.com.  Where a registered merchant has opted in and provided an e-mail address, and where consistent with applicable law as reasonably determined by Giftly, Giftly will notify via e-mail such registered business each time a customer purchases a gift where that merchant is the suggested business where the gifted funds should be spent.

(f)    **Merchant Registration Solicitation**. Giftly currently places the language: "Is this your business? Claim your business to update business information, customize this listing, and more!" below the description of the business.  Giftly agrees to place this language, a link to this language, or any substantially similar language, near the "[Business Name] Description" section headline or, if that section is removed, in another reasonably prominent place.

(g)    **FAQ Adjustment**. Giftly will remove this question from the FAQs: "What makes a Giftly for [Business Name] better than a [Business Name] gift card."  Additionally, Giftly will not include any substantially similar question in its FAQs in the future.

9. **Will I be eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, do not opt out of the Settlement Class, and submit a Merchant Advertising Program registration form electronically by the Court-established deadline, then you will be a Settlement Class Member that is entitled to participate in the Merchant Advertising Program.

All Settlement Class Members will also benefit from the Commitments provided in the Agreement and explained above.

10. **When can I participate in the Merchant Advertising Program?**

If the Court approves the Settlement Agreement, the operation of the Merchant Advertising Program will be available to Settlement Class Members after the Effective Date, as defined in the Settlement Agreement.

## REMAINING IN THE SETTLEMENT CLASS

11. **How do I remain in the Settlement Class and remain eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, you will remain a Settlement Class Member unless you elect to be excluded. By staying in the Settlement Class, you will remain eligible to submit a registration form and participate in the Merchant Advertising Program. Registration forms must be completed and submitted electronically or by a date to be set by the Court if it approves the Settlement.

12. **If I remain in the Settlement Class, what am I "releasing," or giving up?**

If the Settlement is approved and becomes final, and if you remain in the Settlement Class, you will give up your right to individually sue the Releasees related to the Released Claims (defined above). That means, among other things, that you cannot sue, continue to sue, or be part of any other lawsuit against Releasees regarding any and all of the Released Claims (see Question 8 for further information). It also means that all of the Court's rulings will apply to you and legally bind you, whether favorable or unfavorable to the Settlement Class.

The above description of the claims you are giving up against Releasees is only a summary. **Unless you exclude yourself, you are "releasing" those claims regardless of whether you submit a Claim Form.** If you wish, you can review the entire Settlement Agreement, including the definitions of terms such as "Releasees," "Releasors," and "Released Claims," in Paragraphs __ of the Settlement Agreement, which may be obtained on the Settlement Website (_____) or by contacting Class Counsel at the address or telephone number below.

13. **What happens if the Settlement is not approved or is terminated?**

If the Settlement is not approved, the Agreement will become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in

the Action or in any other case or controversy. This Action will then proceed as if the Settlement Agreement had not been entered into.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14.    What if I do not want to be in the Settlement Class?

If you do not want to remain in the Settlement Class and do not want a payment from the Settlement, then you have the right to request exclusion from the Settlement Class. This is called "opting out" of the Settlement Class.

However, if you want to remain in the Settlement Class but simply wish to remove your business from Giftly's website, you may request removal by visiting www.giftly.com/support/merchant_search.

### 15.    How do I exclude myself from the Settlement Class?

You can exclude yourself, or "opt out," by sending a written "Request for Exclusion" to Class Counsel, postmarked no later than Month XX, 2023. Your written request must be signed by the person or entity requesting exclusion or his, her, or its authorized representative, state the name, address, phone number, and the last four (4) digits of a tax ID of the individual or entity of that person or entity, that your business's information was published on Giftly's website, and state that "I wish to opt out from the Giftly settlement."  You cannot exclude yourself by telephone. You must do so by regular mail.  The request must be mailed to the Class Counsel at:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

A Request for Exclusion that: (1) does not include all of the foregoing information; (2) does not contain the proper signature; (3) is sent to an address other than the one designated above; or (4) is not sent within the time specified, shall be invalid, and the person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, cannot object to the Settlement, are not eligible to get any benefit offered by the Settlement, including but not limited to the Merchant Advertising Program, and shall not be bound by the Settlement Agreement or the Judgment.

### 16.    How do I Remove Myself from Giftly.com?

You can still benefit from this Settlement Agreement and request removal from Giftly's website. If you wish to remove your business from Giftly's website, you do *not* need to send a "Request for Exclusion."  Instead, please visit www.giftly.com/support/merchant_search.

**17.    I accepted a Giftly.com certificate for payment at my business. How do I request reimbursement?**

If your business has reasonably accepted payment in the form of a valid gift from Giftly's website, you may request reimbursement by contracting Giftly at https://www.giftly.com/support/contact-us or by emailing support@giftly.com.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.    How do I tell the Court I don't like the Settlement?**

If you are a Settlement Class Member and do not opt out, you can object to all or any part of the Settlement, including the proposed Merchant Advertising Program, as well as any request for attorneys' fees and/or expenses, and/or any request for service awards for the Named Plaintiffs. You can explain the reasons for your objection, and the Court will consider your views.

Your objection must be in writing, must identify the full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel. Any person or entity that fails to object in the manner set forth in this Notice shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objection to any aspect of the Settlement.

The address for filing and mailing objections are:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

**19.    What is the difference between objecting and excluding myself from the Settlement?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement. Excluding yourself from a Settlement is telling the Court that you do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself from the Settlement, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**20.    Do I have a lawyer in this case?**

The Court has appointed the firms listed below as Class Counsel to represent you and the Settlement Class in this case:

Raphael Janove
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102
Tel:  (646) 201-5523

If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.    How will the lawyers be paid?**

Class Counsel will apply to the Court for payment of its attorneys' fees and expenses. You will not otherwise be charged for Class Counsel's services. Class Counsel will request attorneys' fees for themselves and payment of the costs and expenses they have incurred in prosecuting the Action on behalf of the Settlement Class in the amount of $100,000. The hearing on Class Counsel's request for attorneys' fees and payment of costs and expenses will take place at the Final Approval Hearing, discussed below.

**22.    Service Awards for the Class Representatives**

Class Counsel may also request awards to the Class Representatives, as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures, for their assistance in prosecuting the Action on behalf of the Settlement Class, in an amount not to exceed $3,000 for each Class Representative. The hearing on the request for the Class Representatives' service awards will take place at the Final Approval Hearing, discussed below.

**This is Only a Summary of the Request for Attorneys' Fees, Payment of Costs and Expenses, and Service Awards to the Class Representatives. The Motion in Support of These Requests Will be on File With the Court and Will be Available at the Settlement Website (_____) by Month XX, 202_.**

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend, but you do not have to.

**23.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on Month XX, 202_, at __:__ _.m. The Final Approval Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Eastern District of Pennsylvania, Courtroom

_____, 601 Market Street, Philadelphia, PA 19106. **IF POSSIBLE, THE DECISION WHETHER THE FINAL APPROVAL HEARING WILL TAKE PLACE VIRTUALLY OR IN PERSON WILL BE MADE NO LATER THAN [30 DAYS PRIOR TO THE FINAL HEARING DATE], AND WILL BE POSTED AT THE SETTLEMENT WEBSITE (_____). IF THE FINAL APPROVAL HEARING WILL BE HELD VIRTUALLY, THE SETTLEMENT WEBSITE WILL POST CONFERENCING INFORMATION.**

At this hearing, the Court will consider whether the Settlement, including the proposed plan of distribution, is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve Class Counsel's request for attorneys' fees and expenses and service awards to the Named Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date, time, and/or format (i.e., virtually or in person) of the Final Approval Hearing. Thus, if you want to attend and/or participate at the hearing, you should check either on the Settlement Website (_____) or with Class Counsel beforehand to be sure that the date, time, and/or format has not changed.

### 24.    Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you file an objection, you do not have to attend or participate at the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

### 25.    May I speak at the Final Approval Hearing?

Yes. Anyone can attend the Final Approval Hearing and watch. If you want to appear at the Final Approval Hearing and object, in person (or virtually if that is how the Final Approval Hearing will be held) or through an attorney hired at your own expense, you need to file a written Notice of Intent to Appear with the Court.

### GETTING MORE INFORMATION

### 26.    How do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a complete copy of the Settlement Agreement at the Settlement Website (_____). You may also write to Class Counsel at the address in Question 20 or giftly-settlement-administration@pollockcohen.com, or call the Claims Administrator at 646-201-5523.

Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk of Court's office. The address is: United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

**Please do not contact the Court or the clerk's office regarding this Notice or for additional information.**

DATED: _____, 202___

# Long Form Text Linked to in Settlement Website (Scroll Down for Short Form Text)

**To:  All companies that have been listed on the Giftly website at any time.**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT NOW PENDING IN FEDERAL DISTRICT COURT. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE BENEFITS OF THE SETTLEMENT.**

**This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"). It is not an advertisement or a solicitation from a lawyer.**

The purpose of this Notice is to inform you of a pending proposed class action lawsuit (the "Action") and of a Settlement of the Action with Giftly Inc. ("Giftly" or "Defendant").

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those businesses' names has injured those businesses and violated federal and state laws.

Giftly denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. By agreeing to settle, Giftly is in no way admitting: (1) liability on any of the factual allegations or claims in the Action; or (2) that the Action can or should proceed as a class action in the event the parties' Settlement does not become effective and the litigation goes forward.

The Court presiding over this case has not yet ruled on the merits of any of the Named Plaintiffs' claims. This means that there has been no ruling as to who wins and who loses. If you want to see a copy of the complaint, answer, or any other pleadings, you may contact Class Counsel (contact below).

The Named Plaintiffs and their attorneys, on behalf of themselves and the Class Members, negotiated a settlement with Defendant. The parties' agreement is documented in the Settlement Agreement, which the Court has preliminarily approved. The Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to: (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website; (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to

Class Representatives up to a total of $9,000 to be distributed evenly to each Class Representative (collectively, the "Settlement Agreement," the "Settlement," or the "Agreement").

**You are receiving this notice because you or your business have been identified as a likely member of the Settlement Class.** The "Settlement Class" is generally defined as all businesses or entities in the United States that Giftly has listed on its website.

The following chart contains a summary of your rights and options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You are automatically part of the Action if you fit the Settlement Class description. See Question 5 below. However, if you do not submit a timely claim, you will not directly receive benefits from the Settlement. You will be bound by any past and future court rulings, including rulings on the Settlement. See Questions 6, 7, 8, 9, 10, 11, and 12 below. |
| **SUBMIT A CLAIM FORM** | If you complete and submit a registration form for the Merchant Advertising Program (defined below) available on the website [to be inserted], you will remain in the Settlement Class and be bound by the Settlement Agreement, and receive benefits from the Merchant Advertising Program subject to the conditions set forth below (if the Settlement Agreement is approved). See Questions 8, 9, 10, 11 and 13 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT (Opt-Out)** | If you wish to exclude yourself from the Settlement Class, you must submit a timely and valid written request to do so by Month XX, 2023. If you exclude yourself, you will not be bound by the Settlement if approved, and you will be ineligible to share in benefits from the Merchant Advertising Program. See Questions 14-17 below. |
| **OBJECT TO THE SETTLEMENT** | If you do not choose to exclude yourself from the Settlement Class, you may object to it by following the procedures below no later than Month XX, 2023. See Question 18 below. |
| **ATTEND THE FINAL APPROVAL HEARING** | You do not need to attend the Final Approval Hearing, but you are welcome to do so. You may attend as an observer, or ask to speak in Court about your opinion of the Settlement. You may also appear through your own attorney at your own expense. See Questions 23-25 below. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the Settlement. The benefits from the Settlement will be provided following final approval of the Settlement by the Court and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.      What is a class action?**

A class action is a lawsuit in which a few representative plaintiffs, such as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (the "Named Plaintiffs" or "Class Representatives" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) that they contend have similar claims against the Defendant. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are ***not*** individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from a settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendant, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.      Why did I get this Notice?**

You received this Notice because records indicate that you may be a member of the Settlement Class. If you are a potential Settlement Class Member, you have important decisions to make, and you may be entitled to money as part of the Settlement. You are not being sued.

**3.      What is this lawsuit about?**

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those businesses' names has injured those businesses and violated federal and state laws. Defendant denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. Defendant is settling this action to avoid the cost and distraction of protracted litigation.

**4.      Why is there a settlement?**

Class Counsel (identified below in response to Question 20) have investigated the facts and law regarding the claims at issue in this litigation, as well as Defendant's potential defenses. After lengthy, detailed negotiations with counsel for Defendant to reach the Settlement, Class Counsel believe the Settlement is in the best interests of the Settlement Class and support its approval. In addition, the Named Plaintiffs also support approval of the Settlement.

Defendant denies the allegations against it and denies that it did anything wrong. By agreeing to settle, Defendant is in no way admitting any liability on any of the allegations or claims, nor that this case can or should proceed as a class action if the litigation went forward.

The parties have agreed to settle the Action in its entirety without any admission of liability by Defendant to avoid burdensome and costly litigation. The parties intend this Settlement Agreement to bind Named Plaintiffs, Defendant, and all Settlement Class Members who do not timely and properly exclude themselves from this Settlement.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS?

**5.      How do I know if I am a member of the Settlement Class?**

In a Preliminary Approval Order, dated MONTH XX, 2023, the Court defined the Settlement Class as:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

**6.      Are there exceptions to being included in the Settlement Class?**

You will not be part of the Settlement if you exclude yourself.

**7.      I'm still not sure if I am included.**

A simple way to see if you are included is to search for your business on Giftly.com at https://www.giftly.com/gift-cards. If you are still not sure whether you are included, you can ask for free help. You can call the Class Counsel (identified below), or visit the Settlement Website (_____) for more information.

## THE SETTLEMENT BENEFITS

**8.      What does the Settlement provide?**

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website ("Commitments"); (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to the Named Plaintiffs up to a total of $9,000 to be divided evenly between each Named Plaintiff.

With respect to the first category, Giftly will create an advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business ("Merchant Advertising Program"). Giftly will make available up to $500,000 to be used for the Merchant Advertising Program. If 1,001 or more merchants register for the Merchant Advertising Program, Giftly will make available an equal portion of the $500,000 fund to each registered merchant. If 1,000 or fewer merchants enroll in the Merchant Advertising Program, Giftly will make available to each registered merchant an equal portion of the $500,000 fund but also capped at $1,000 for each merchant. The Merchant Advertising Program registration forms must be returned by          .

Notwithstanding the release below, this Settlement Agreement does not preclude Settlement Class Members from requesting reimbursement when the member reasonably accepts payment in the form of a valid gift from Giftly's website as Giftly currently offers by contracting Giftly at https://www.giftly.com/support/contact-us or by emailing support@giftly.com.

In addition, the Settlement Agreement does not preclude you from asking to remove your business from Giftly's website on www.giftly.com/support/merchant_search.

The "Released Claims" are:

> any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to (1) the Lanham Act, 15 U.S.C. § 1125 *et seq*.; (2) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (3) common law or statutory unfair

competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, including any claims arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

The Releasees are:

Giftly and to all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing, including but not limited to Timothy Bentley and any financial partners supporting Giftly's business.

**The Commitments provided under the Agreement are generally described as follows:**

(a)  **Communications to Giftly Gift Recipients**. Giftly will more clearly communicate to the recipient the following: (1) the recipient must redeem on Giftly's website; (2) after redeeming, the recipient is encouraged to use the funds at the suggested merchant; and (3) the funds can be used in any way.

(b)  **Gift Purchaser Experience**. Giftly will more clearly communicate to the buyer the following: (1) the gift is not a gift card issued by the merchant; (2) the recipient must redeem on Giftly's website to receive the funds; (3) the recipient is encouraged to use the funds at the suggested merchant; and (4) the funds can be used in any way.

(c)  **Merchant Removal Option**. Giftly will continue to reasonably honor a merchant's request to be removed as such a merchant.

(d)  **General Revisions to Language Used on Website**. Giftly will not use certain identified text phrasing that Named Plaintiffs allege is misleading unless Giftly meets certain conditions that Named Plaintiffs believe adds appropriate clarification.

(e)  **Merchant Registration**. Certain merchants choose to register with Giftly.com. Where a registered merchant has opted in and provided an e-mail address, and where consistent with applicable law as reasonably determined by Giftly, Giftly will notify via e-mail such registered business each time a customer purchases a gift where that merchant is the suggested business where the gifted funds should be spent.

(f) **Merchant Registration Solicitation**. Giftly currently places the language: "Is this your business? Claim your business to update business information, customize this listing, and more!" below the description of the business.  Giftly agrees to place this language, a link to this language, or any substantially similar language, near the "[Business Name] Description" section headline or, if that section is removed, in another reasonably prominent place.

(g) **FAQ Adjustment**. Giftly will remove this question from the FAQs: "What makes a Giftly for [Business Name] better than a [Business Name] gift card." Additionally, Giftly will not include any substantially similar question in its FAQs in the future.

**9.    Will I be eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, do not opt out of the Settlement Class, and submit a Merchant Advertising Program registration form electronically by the Court-established deadline, then you will be a Settlement Class Member that is entitled to participate in the Merchant Advertising Program.

All Settlement Class Members will also benefit from the Commitments provided in the Agreement and explained above.

**10.    When can I participate in the Merchant Advertising Program?**

If the Court approves the Settlement Agreement, the operation of the Merchant Advertising Program will be available to Settlement Class Members after the Effective Date, as defined in the Settlement Agreement.

## REMAINING IN THE SETTLEMENT CLASS

**11.    How do I remain in the Settlement Class and remain eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, you will remain a Settlement Class Member unless you elect to be excluded. By staying in the Settlement Class, you will remain eligible to submit a registration form and participate in the Merchant Advertising Program. Registration forms must be completed and submitted electronically or by a date to be set by the Court if it approves the Settlement.

**12.    If I remain in the Settlement Class, what am I "releasing," or giving up?**

If the Settlement is approved and becomes final, and if you remain in the Settlement Class, you will give up your right to individually sue the Releasees related to the Released Claims (defined above). That means, among other things, that you cannot sue, continue to sue, or be part of any other lawsuit against Releasees regarding any and all of the Released Claims (see Question 8 for further information). It also means that all of the Court's rulings will apply to you and legally bind you, whether favorable or unfavorable to the Settlement Class.

The above description of the claims you are giving up against Releasees is only a summary. **Unless you exclude yourself, you are "releasing" those claims regardless of whether you submit a Claim Form.** If you wish, you can review the entire Settlement Agreement, including the definitions of terms such as "Releasees," "Releasors," and "Released Claims," in Paragraphs _____ of the Settlement Agreement, which may be obtained on the Settlement Website (_____) or by contacting Class Counsel at the address or telephone number below.

**13.    What happens if the Settlement is not approved or is terminated?**

If the Settlement is not approved, the Agreement will become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in the Action or in any other case or controversy. This Action will then proceed as if the Settlement Agreement had not been entered into.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14.    What if I do not want to be in the Settlement Class?**

If you do not want to remain in the Settlement Class and do not want a payment from the Settlement, then you have the right to request exclusion from the Settlement Class. This is called "opting out" of the Settlement Class.

However, if you want to remain in the Settlement Class but simply wish to remove your business from Giftly's website, you may request removal by visiting www.giftly.com/support/merchant_search.

**15.    How do I exclude myself from the Settlement Class?**

You can exclude yourself, or "opt out," by sending a written "Request for Exclusion" to Class Counsel, postmarked no later than Month XX, 2023. Your written request must be signed by the person or entity requesting exclusion or his, her, or its authorized representative, state the name, address, phone number, and the last four (4) digits of a tax ID of the individual or entity of that person or entity, that your business's information was published on Giftly's website, and state that "I wish to opt out from the Giftly settlement." You cannot exclude yourself by telephone. You must do so by regular mail.  The request must be mailed to the Class Counsel at:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

A Request for Exclusion that: (1) does not include all of the foregoing information; (2) does not contain the proper signature; (3) is sent to an address other than the one designated above; or (4) is not sent within the time specified, shall be invalid, and the person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, cannot object to the Settlement, are not eligible to get any benefit offered by the Settlement, including

but not limited to the Merchant Advertising Program, and shall not be bound by the Settlement Agreement or the Judgment.

**16.    How do I Remove Myself from Giftly.com?**

You can still benefit from this Settlement Agreement and request removal from Giftly's website. If you wish to remove your business from Giftly's website, you do *not* need to send a "Request for Exclusion."  Instead, please visit www.giftly.com/support/merchant_search.

**17.    I accepted a Giftly.com certificate for payment at my business. How do I request reimbursement?**

If your business has reasonably accepted payment in the form of a valid gift from Giftly's website, you may request reimbursement by contracting Giftly at https://www.giftly.com/support/contact-us or by emailing support@giftly.com.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.    How do I tell the Court I don't like the Settlement?**

If you are a Settlement Class Member and do not opt out, you can object to all or any part of the Settlement, including the proposed Merchant Advertising Program, as well as any request for attorneys' fees and/or expenses and/or any request for service awards for the Named Plaintiffs. You can explain the reasons for your objection, and the Court will consider your views.

Your objection must be in writing, must identify the full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel. Any person or entity that fails to object in the manner set forth in this Notice shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objection to any aspect of the Settlement.

The addresses for filing and mailing objections are:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

**19.    What is the difference between objecting and excluding myself from the Settlement?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement. Excluding yourself from a Settlement is telling the Court that you

do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself from the Settlement, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**20.    Do I have a lawyer in this case?**

The Court has appointed the firms listed below as Class Counsel to represent you and the Settlement Class in this case:

Raphael Janove
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102
Tel:  (646) 201-5523

If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.    How will the lawyers be paid?**

Class Counsel will apply to the Court for payment of its attorneys' fees and expenses. You will not otherwise be charged for Class Counsel's services. Class Counsel will request attorneys' fees for themselves and payment of the costs and expenses they have incurred in prosecuting the Action on behalf of the Settlement Class in the amount of $100,000. The hearing on Class Counsel's request for attorneys' fees and payment of costs and expenses will take place at the Final Approval Hearing, discussed below.

**22.    Service Awards for the Class Representatives**

Class Counsel may also request awards to the Class Representatives, as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures, for their assistance in prosecuting the Action on behalf of the Settlement Class, in an amount not to exceed $3,000 for each Class Representative. The hearing on the request for the Class Representatives' service awards will take place at the Final Approval Hearing, discussed below.

**This is Only a Summary of the Request for Attorneys' Fees, Payment of Costs and Expenses, and Service Awards to the Class Representatives. The Motion in Support of These Requests Will be on File With the Court and Will be Available at the Settlement Website () by Month XX, 202_.**

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend, but you do not have to.

**23.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on <mark>Month XX, 202</mark>, at ___:___ _.m. The Final Approval Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Eastern District of Pennsylvania, Courtroom _____, 601 Market Street, Philadelphia, PA 19106. **IF POSSIBLE, THE DECISION WHETHER THE FINAL APPROVAL HEARING WILL TAKE PLACE VIRTUALLY OR IN PERSON WILL BE MADE NO LATER THAN [<mark>30 DAYS PRIOR TO THE FINAL APPROVAL HEARING DATE</mark>], AND WILL BE POSTED AT THE SETTLEMENT WEBSITE (_____). IF THE FINAL APPROVAL HEARING WILL BE HELD VIRTUALLY, THE SETTLEMENT WEBSITE WILL POST CONFERENCING INFORMATION.**

At this hearing, the Court will consider whether the Settlement, including the proposed plan of distribution, is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve Class Counsel's request for attorneys' fees and expenses, and service awards to the Named Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date, time, and/or format (i.e., virtually or in person) of the Final Approval Hearing. Thus, if you want to attend and/or participate at the hearing, you should check either on the Settlement Website (_____) or with Class Counsel beforehand to be sure that the date, time, and/or format has not changed.

**24.    Do I have to attend the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you file an objection, you do not have to attend or participate at the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**25.    May I speak at the Final Approval Hearing?**

Yes. Anyone can attend the Final Approval Hearing and watch. If you want to appear at the Final Approval Hearing and object, in person (or virtually if that is how the Final Approval Hearing will be held) or through an attorney hired at your own expense, you need to file a written Notice of Intent to Appear with the Court.

## GETTING MORE INFORMATION

**26.    How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a complete copy of the Settlement Agreement at the Settlement Website (_____).

You may also write to Class Counsel at the address in Question 20 or at giftly-settlement-administration@pollockcohen.com  or call the Claims Administrator at 646-201-5523.

Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk of Court's office. The address is: United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

***Please do not contact the Court or the clerk's office regarding this Notice or for additional information.***

DATED: _____, 202___

# Short Form Text Linked to in Settlement Website

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*WeCare RG, Inc. et al. v. Giftly Inc.*, No. 22 CIV 2672

**Businesses Listed on Giftly's Website Are Eligible to Free Advertising Services from a Class Action Settlement Value Totaling $609,000**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

On [DATE], the Honorable Wendy Beetlestone of the U.S. District Court for the Eastern District of Pennsylvania granted preliminary approval of this class action Settlement, certified a class exclusively for purposes of Settlement, and ordered that all Class Members be notified of the proposed Settlement of the class action lawsuit, *WeCare RG, Inc. et al. v. Giftly Inc.*, No. 22 CIV 2672, pending against Giftly Inc. ("Giftly" or "Defendant"). This Notice provides a summary of the proposed Settlement and your legal rights and options.

You have received this Notice of Class Action Settlement because you likely are what is called a "Class Member." **Unless you choose not to participate in the Settlement (in other words, you choose to "opt out") by following the procedures described below, <u>you will be considered a Settlement Class Member, and if the Court grants final approval of the Settlement, you will have the opportunity to receive free advertising services for your business if you submit a valid registration form and you will give up your right to sue Defendant about the Released Claims (defined at [website]) resolved by this settlement.</u>**

## What is this Settlement About?

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those businesses' names has injured those businesses and violated federal and state laws. Defendant denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. Defendant is settling this action to avoid the cost and distraction of protracted litigation. The Court has not yet ruled on the merits of any of Plaintiffs' claims.

The parties negotiated a settlement on behalf of themselves and the Class Members. The parties' agreement is documented in the Settlement Agreement, which the Court has preliminarily approved. A Notice of Class Action Settlement ("Notice") is also available on the Settlement Website, which describes in more detail the options available to Settlement Class Members.

## Who is Included in the Settlement?

The proposed settlement class (the "Settlement Class") generally consists of all businesses or entities in the United States that Giftly has listed on its website.

**What Does the Settlement Provide?**

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees. Details regarding the Released Claims and Released Parties, as well as the terms of the injunctive relief, are available on the website, _____.

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to: (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website; (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to the Named Plaintiffs up to a total of $9,000 to be divided evenly between each Named Plaintiff.

Settlement Class Members that submit valid claims by _____ are eligible to participate in the Merchant Advertising Program. The value of the advertising offered to each Settlement Class Member through the Merchant Advertising Program will be dependent on the number of Settlement Class Members that timely submit valid claims.

**What are My Rights and Options?**

**Submit a Claim:**  To participate in the Merchant Advertising Program, you must submit a registration form by going to _____. A valid registration form must be **submitted by** _____.

**Do Nothing:**  You will be included in the Settlement Class, will release your claims, and will be bound by the Court's decision, but you will not be able to participate in the Merchant Advertising Program.

**Exclude Yourself:**  You can exclude yourself ("opt out") from the Settlement by submitting an exclusion request to Class Counsel that is received **no later than** _____. If you do so, you: (1) will not be able to participate in the Merchant Advertising Program; (2) will not be deemed to have released any claims due to this Settlement; and (3) will be barred from filing an objection to the Settlement.

**Object:**  You may also object to the Settlement. Objections must be mailed to Class Counsel and **received no later than** _____. By objecting, you are not excluding yourself from the Settlement. If your objection is rejected, you will be bound by the Settlement Agreement.

**Details about how to opt-out, object, and submit your Claim Form are available on the Settlement Website.**

### When is the Final Approval Hearing?

The Court has set a Final Approval Hearing for ⬛⬛⬛⬛⬛⬛⬛ to determine whether to approve the Settlement. You are not required to attend the Hearing, but you are welcome to do so. You or your lawyer may appear at the hearing at your expense. The hearing may be moved to a different date or time without additional notice. Check the Settlement Website or call for current information.

### How Can I Get More Information?

This Notice summarizes the Settlement Agreement. You can get a copy of the Settlement Agreement, important Court documents, and more information about the settlement at ⬛⬛⬛⬛⬛⬛⬛.

You may also write to Class Counsel at the address below or at giftly-settlement-administration@pollockcohen.com or call the Claims Administrator at 646-201-5523.

Raphael Janove
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102
Tel: (646) 201-5523

***Please do not contact the Judge, the Clerk of the Court, Defendant, or Defendant's attorneys regarding this Notice or for additional information.***

**Exhibit A-2**

Hi,

We are reaching out to all merchants that contacted us in 2022 with an issue or complaint.  We wanted to let you know that Giftly recently reached a class action settlement that may provide you benefits.  Class members, which generally consist of all businesses or entities in the US that Giftly listed on its website, are encouraged to visit [link] for more information.  Importantly, the settlement will provide class members with a free customized advertising program. Additionally, class members retain the option to remove their listing.  Please visit the weblink above for FAQ or information on who to contact with questions.

**Exhibit A-3**

- <u>Image of ad</u>



**Exhibit A-4**

[After response to complaint]

We also wanted to let you know that Giftly recently reached a class action settlement that may provide you benefits.  Class members, which generally consist of all businesses or entities in the US that Giftly listed on its website, are encouraged to visit [link] for more information.  Importantly, the settlement will provide class members with a free customized advertising program.  Additionally, class members retain the option to remove their listing.  Please visit the weblink above for FAQ or information on who to contact with questions.

**Exhibit B**

**Advertising Program**

1. All definitions used in the Settlement Agreement and other exhibits thereto are adopted
   herein.

2. Giftly will create an advertising program designed to drive internet traffic to the website,
   online gift card program, or other online listing reasonably related to the business of a
   properly registered and enrolled Settlement Class Member ("Merchant Advertising
   Program").

3. During the Notice Period, Giftly will provide information on the Giftly Settlement
   Webpage for Settlement Class Members to register for the Merchant Advertising
   Program.

4. Within thirty (30) days of the Effective Date, Giftly will contact via email all Settlement
   Class Members that validly registered for the Merchant Advertising Program (using the
   email address provided by the Settlement Class Member during registration) to take
   advantage of the Merchant Advertising Program by enrolling in it.  For a two (2) month
   period following this communication, a Settlement Class Member may enroll in a
   Campaign, as defined below. Giftly shall have no obligation to facilitate a Campaign for
   a Settlement Class Member that does not timely complete such enrollment.

5. If the email sent pursuant to Paragraph 4 in this Exhibit B bounces or is undeliverable,
   Giftly will undertake reasonable efforts to correct obvious typos possibly causing the
   delivery issue and resend the email (e.g., an email address provided with "co" instead of
   "com" or "gmai.com" instead of "gmail.com").

6. If a Settlement Class Member has not enrolled in a Campaign within thirty (30) days of
   the email sent pursuant to Paragraph 4 in this Exhibit B, Giftly will send another email

and provide an additional thirty (30) days for a Settlement Class Member to enroll in the Campaign.

7. During enrollment, Giftly will provide a means for enrolling Settlement Class Members to provide additional information about each Settlement Class Member's business to facilitate and tailor the advertising Campaign. The additional information may include, but is not limited to: business name, address, business category, relevant keywords, target market, and target demographics.

8. Giftly will make available up to Five Hundred Thousand United States Dollars ($500,000) to be used for the Campaigns. If one thousand and one (1,001) or more Settlement Class Members enroll in the Merchant Advertising Program, Giftly will make available an equal portion of the Five Hundred Thousand United States Dollar ($500,000) fund to each registered merchant. If one thousand (1,000) or fewer Settlement Class Members enroll in the Merchant Advertising Program, Giftly will make available to each registered merchant an equal portion of the Five Hundred Thousand United States Dollars ($500,000) fund but also capped at One Thousand United States Dollars ($1,000) for each merchant.

9. Giftly will contract or employ an online marketing specialist to create, place, and manage a marketing campaign for each enrolled merchant utilizing performance-based advertising using Google or similar advertising technology (a "Campaign"). The Campaigns will be designed to target customers searching for the registered merchant or using keywords related to that merchant in a similar geography to the merchant (*e.g.*, a person searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco).

10. The Campaigns shall be managed and remain active for a period of one year after the end of the enrollment period or until the funds allocated to a Campaign are spent.  After this one-year period, Giftly shall have no obligation to facilitate campaigns.

11. For clarity, a merchant who is a Settlement Class Member but elects to not remain listed on Giftly's website may still participate in the Merchant Advertising Program.

12. Giftly reserves the right to reject a Settlement Class Member's registration or enrollment or cancel a Campaign for a Settlement Class Member where it reasonably believes the request is not legitimate or contains inappropriate subject matter (*e.g.*, violates the law or rules of the advertising platform) or does not provide sufficient information for Giftly to reasonably carry out the advertising.  In such cases, Giftly will first consult with Class Counsel, and Class Counsel will work with Giftly and the Settlement Class Member to facilitate an appropriate resolution.

13. The text of the enrollment form and other aspects of the Merchant Advertising Program or a Campaign not described herein will be prepared by Giftly and subject to consent from Class Counsel, provided that such consent may not be unreasonably withheld.

**Exhibit C**

**Commitments**

1. All definitions used in the Settlement Agreement and other exhibits thereto are adopted herein.

2. On its website, Giftly.com, Giftly currently lists merchants at which gift purchasers can suggest that the recipient may use the gift.  Consistent with its current practice, and subject to the limitation set forth in Paragraph 10 in this Exhibit C below, Giftly commits to continue to reasonably honor a merchant's request to be removed from Giftly's website as such a merchant.  Giftly will endeavor to remove the merchant within the next business day of such request, but not longer than three (3) business days.  For clarity, Giftly reserves the right to reject the request where it reasonably believes the request is not legitimate or is spam.

3. On webpages where the gift is presented to the recipient, if the gift purchaser suggests a merchant where the recipient may use the gift, Giftly will reasonably communicate to the recipient the following: (a) the recipient must redeem the gift on Giftly's website; (b) after redeeming, the recipient is encouraged to use the funds at the suggested merchant; and (c) the funds can be used in any way.  For clarity, while Giftly reserves the right to determine the precise language and the placement of that language, the following communication to a recipient is expressly approved for this purpose: "[Gifter name] sent you [amount] along with the thoughtful suggestion to go to [Business Name]. To receive the funds, redeem [here/above/on Giftly's website]. You are encouraged to use the [amount] at [Business Name], but you can use the funds anywhere you choose."

4. On webpages specific to one merchant, Giftly will include a disclosure that reasonably communicates to the buyer the following: (a) this is not a gift card issued by the

merchant; (b) the recipient must redeem the gift on Giftly's website to receive the funds; and (c) the funds are not restricted for use at the merchant.  For clarity, while Giftly reserves the right to determine the precise language and the placement of that language, the following disclosure is expressly approved for this purpose: "This Gift must be redeemed through the Giftly website. It is not a gift card issued, endorsed, or accepted by any third-party merchant (including [Business Name]). Your recipient can spend the money at [Business Name] or anywhere else they like."

5. On webpages specific to one merchant, Giftly shall not use the phrase "$[amount] for Anything at [Business Name]" inside the image of a large card graphic, unless Giftly also: (a) inserts the word "suggested" such that the phrase reads: "$[amount] suggested for Anything at [Business Name]"; and (b) includes disclosure text reasonably near to the graphic that communicates (i) this gift must be redeemed on the Giftly website; and (ii) it is only suggested for use at [Business Name].  For clarity, while Giftly reserves the right to determine the precise language and the placement of that language, the following disclosure is expressly approved for this purpose: "Gift up to $1,000 with the suggestion to spend it at [Business Name]. Redeemed through the Giftly website."  For avoidance of doubt, this paragraph does not apply to the checkout page (which is addressed in the next paragraph).

6. On the checkout page, Giftly shall not use the phrase "$[amount] to use at [Business Name]" next to a small card graphic, unless Giftly also inserts the word "suggested" such that the phrase reads: "$[amount] suggested for use at [Business Name]."

7. Certain merchants choose to register with Giftly.com.  Where a registered merchant has opted in and provided an e-mail address, and where consistent with applicable law as

reasonably determined by Giftly, Giftly will notify via e-mail such registered business each time a customer purchases a gift where that merchant is suggested as the business where the gifted funds should be spent.

8. Giftly currently places the language: "Is this your business? Claim your business to update business information, customize this listing, and more!" below the description of the business.  Giftly agrees to place this language, a link to this language, or any substantially similar language, near the "[Business Name] Description" section headline or, if that section is removed, in another reasonably prominent place.

9. Giftly will remove this question from the FAQs: "What makes a Giftly for [Business Name] better than a [Business Name] gift card."  Additionally, Giftly will not include any substantially similar question in its FAQs in the future.

10. Giftly will comply with each of the foregoing provisions for a period of five (5) years following the Effective Date.