**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WECARE RG, INC., GRACIE BAKED LLC, and ANDREA SCHOENBEIN d/b/a SECOND CHANCE TREASURES on behalf of themselves and all others similarly situated, | CIVIL ACTION |
| Plaintiffs, | Case No. 2:22-cv-02672 |
| v. | |
| GIFTLY INC., | |
| Defendant. | |

<u>**ORDER GRANTING  PRELIMINARY**</u>
<u>**SETTLEMENT APPROVAL**</u>

**WHEREAS**, an action is pending before this Court styled *WeCare RG, Inc., et al. v. Giftly Inc.*, No. 2:22-cv-02672 (the "Action");

**WHEREAS**, Named Plaintiffs WeCare RG, Inc., Gracie Baked LLC, and Andrea Schoenbein (collectively, "Named Plaintiffs") having moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of the Action, in accordance with a Settlement Agreement with Giftly Inc. ("Defendant"), which Settlement Agreement sets forth the terms and conditions for a settlement of the Action and for dismissal of the Action against Defendant with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement, and Plaintiffs' Motion for Preliminary Settlement Approval and supporting papers thereto; and

**WHEREAS**, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Final Approval Hearing described below.

2.      A hearing (the "Final Approval Hearing") shall be held before this Court on September 19, 2023, at 10:00 a.m., either virtually or in person at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA, 19106 to determine: (a) whether the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Final Judgment and Order of Dismissal as provided for in the Settlement Agreement should be entered; (c) whether the Court should certify the Settlement Class pursuant to Rules 23(a), (b)(2), and (b)(3) of the

Federal Rules of Civil Procedure; (d) whether Plaintiffs' Class Counsel ("Class Counsel") are entitled to attorneys' fees and reimbursement of costs and expenses and, if so, in what amount; (e) whether Named Plaintiffs are entitled to service awards and, if so, in what amount; and (f) such other matters as the Court may deem appropriate.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies, solely for purposes of effectuating the Settlement Agreement, a Settlement Class defined as follows:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

4.      Solely for purposes of the Settlement Agreement, the Court preliminarily finds that the requirements of Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law or fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) final injunctive relief is appropriate.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement Agreement only, Named Plaintiffs are preliminarily certified as class

representatives for the Settlement Class, and Raphael Janove of Pollock Cohen LLP is appointed Class Counsel.

6.      If, for any reason, Final Approval and Entry of Final Judgment, as defined in paragraph 9 of the Settlement Agreement, does not occur, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain its rights to seek or object to certification of this litigation as a class action under Rule 23, or under any state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation.

7.      Pursuant to the Settlement Agreement, within ten (10) days after Class Counsel files with the Court the motion papers seeking preliminary approval of the Settlement Agreement, Defendant shall provide notice of the Settlement Agreement to the appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

8.      The Court approves, as to form and content, of the notice plan set forth in the Settlement Agreement, Exhibit A ("Notice"), which is also attached hereto as Exhibit 1, and finds that the distribution of the Notice substantially in the manner and form set forth in ¶ 9 of this Order meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

9.      The Court appoints Pollock Cohen LLP to supervise and administer the dissemination of notice and to process the claims, which generally include the below elements and are set out in more detail in the Settlement Agreement:

(a)     Not later than twenty-eight (28) calendar days after the Court's order preliminarily approving the settlement, the website notifying merchants about the Settlement will be live and accessible;

(b)     Giftly will make reasonable efforts to contact, via email addresses that such merchants provided, all merchants that requested, and for which Giftly received such request, removal from the Giftly website during the period January 1, 2022, to December 31, 2022.  The email will provide such merchant with a short summary about the terms of the Settlement Agreement and a link to the Giftly Settlement Webpage;

(c)     Giftly will hire an online marketing specialist to create, place, and manage online ads with the goal of reaching approximately one hundred thousand (100,000) small business owners to provide notice;

(d)     Giftly will add a link to the settlement website in the Merchant section of the Giftly website; and

(e)     Giftly will provide notice to all merchants who contact Giftly directly, or through the Better Business Bureau and TrustPilot during the Notice Period.

10.     All Settlement Class Members shall be bound by all terms of the Settlement and any Final Approval Order and Judgment entered by the Court if the Settlement is approved by the Court.

11.     Any Settlement Class Member that wishes to seek exclusion from the Settlement Class by "opting out" must timely submit a written request for exclusion to the Claims Administrator (a "Request for Exclusion"), notice of which will be provided as described in **Exhibit A** to the Settlement Agreement.  To be effective, such Requests for Exclusion must state: (a) the Settlement Class Member's full legal name, address and telephone number; (b) that the

Settlement Class Member's information was published on Giftly's website; and (c) a statement that the Settlement Class Member (i) wants to be excluded from the *WeCare RG, Inc., et al. v. Giftly Inc.* class action settlement with Giftly, and (ii) understands that by so doing, the Settlement Class Member will not be able to receive any benefits from the settlement with Giftly under the Settlement Agreement. All Requests for Exclusion must be signed and dated by the Settlement Class Member or its officer or legal representative, and be (A) mailed to the Claims Administrator *via* First Class United States Mail (or United States Mail for overnight delivery) and postmarked by a date certain to be specified on the Court-approved notice to the Settlement Class (the "Opt-Out Date"), or (B) received by the Claims Administrator by the Opt-Out Date, provided, however, that if a Settlement Class Member mails a Request for Exclusion pursuant to option (A), it will be effective only if received by the Claims Administrator on or before ten (10) calendar days after the Opt-Out Date. The Claims Administrator shall provide to counsel for Giftly all Requests for Exclusion and documents submitted therewith, and the Claims Administrator shall prepare a summary of the opt-outs to be filed with the Court. With the Motion for Final Judgment, Class Counsel will file with the Court a complete list of Requests for Exclusion from the Settlement Class, including only the name, city, and state of the person or entity requesting exclusion.  Persons who opt-out are not entitled to any award or benefit from the Settlement.

      12.    The Court sets the following deadlines:

| EVENT | SCHEDULE |
|---|---|
| Defendant notifies appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715 | May 8, 2023 |
| Notice Date (This is the start date for disseminating notices to class members such as settlement website going live, other | May 26, 2023 |

| | |
|---|---|
| notification processes begin, and claims registration opens) | |
| End of Notice Period | September 25, 2023 |
| Objection and Opt-Out Deadline | September 25, 2023 |
| Class Counsel provides Giftly, through their counsel, a written list of all those putative Settlement Class Members requesting exclusion from the Settlement Class | September 30, 2023 |
| Class Counsel files a Motion for Approval of Class Counsel Fees and Service Awards | June 27, 2023 |
| Defendant makes payment of Class Counsel Fees and Service Awards | July 11, 2023 |
| Claims Submission Deadline (i.e., deadline for merchants to register in advertising program) | September 25, 2023 |
| Plaintiffs submit a Motion for Final Approval | August 25, 2023 |
| Plaintiffs seek entry of Final Judgment | September 13, 2023 |
| Final Approval Hearing | September 11, 2023 |

13.     Objectors that fail to properly or timely file their objections, along with the required information and documentation, or to serve them as required, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

14.     Class Counsel will file a Motion for Approval of Class Counsel Fees and Service Awards no later than thirty (30) days before the Objection and Opt-Out Deadline. Plaintiffs shall submit a Motion for Final Approval of the Settlement by the Court not less than thirty-five (35) calendar days prior to the date set by the Court to consider whether this Settlement should be finally approved.

15.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members shall be paid as set forth in the Settlement Agreement.

16.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members. The Court understands that the Parties have agreed to modify the provisions of the Settlement Agreement to change ¶¶ 9(h) and 30 to provide that this Court does not retain jurisdiction and the Parties agree for any dispute arising under the Settlement Agreement, the Parties agree that disputes concerning the Settlement Agreement shall be submitted exclusively to the State or Federal Courts located in Philadelphia County, Pennsylvania. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

17.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement Agreement or comply with the terms thereof. Pending final determination of whether the Settlement Agreement should be approved, neither Named Plaintiffs, nor any Settlement Class Member, either directly, by representation, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Released Claims.

18.     If: (a) the Settlement Agreement is terminated by Defendant pursuant to the Parties' Confidential Side Letter; (b) any specified condition to the Settlement Agreement is not satisfied and the Settlement is terminated as provided in the Settlement Agreement; or (c) for whatever reason, the Settlement does not receive Final Approval or is otherwise rescinded, then the Settlement Agreement, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced

as evidence or referred to in any actions or proceedings by any person or entity, and each Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement. Further, the Settling Parties' stipulation to class certification as part of the Settlement shall become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in the Action or in any other case or controversy.

**IT IS SO ORDERED.**

DATED:  April 28, 2023          */s/ Wendy Beetlestone*

_____
Honorable Wendy Beetlestone
United States District Judge

9

Exhibit 1

**Exhibit A**

**Notice to Class**

1. All definitions used in the Settlement Agreement and other exhibits thereto are adopted herein.

2. The "Notice Period" shall be the period from the Notice Date to the Objection and Opt-Out Deadline (but in no event shall extend greater than four (4) months).

3. Giftly will create a webpage to notify merchants about the existence of the settlement in the Action (the "Giftly Settlement Webpage").  Except for unplanned outages, the Giftly Settlement Webpage shall generally be live and accessible during the Notice Period and include summary information about and an FAQ for the settlement.  The Giftly Settlement Webpage will also include information on how to opt out of the Settlement Class.  The text of the Giftly Settlement Webpage shall be substantially in the form of Exhibit A1 and may also be reasonably modified with consent of Class Counsel.

4. During the Notice Period, Giftly will add a link to the Giftly Settlement Webpage in the merchant area of the Giftly website, currently available at https://www.giftly.com/merchants.

5. Giftly will make reasonable efforts to contact, via email addresses that such merchants provided, all merchants that requested, and for which Giftly received such request, removal from the Giftly website during the period January 1, 2022, to December 31, 2022.  The email will provide such merchant with a short summary about the terms of the Settlement Agreement and a link to the Giftly Settlement Webpage.  The text of this message shall be substantially in the form of Exhibit A2 and may also be reasonably modified with consent of Class Counsel.

6.  As a supplement to the foregoing, Giftly will contract or employ an online marketing specialist to create, place, and manage online ads on Facebook and/or Google advertising platforms targeting small business owners and business page administrators and direct them to the Giftly Settlement Webpage.  The copy for the ad shall be substantially in the form of Exhibit A3 and may also be reasonably modified with consent of Class Counsel; however, Giftly will retain discretion on other aspects of the advertising.  The specialist will set a goal of reaching about one hundred thousand (100,000) local business owners, and Giftly will provide up to Ten Thousand United States Dollars ($10,000) to the specialist for placing such ads.

7.  During the Notice Period, Giftly will provide all merchants who contact Giftly directly, or through the Better Business Bureau and TrustPilot, summary information about the settlement and a link to the Giftly Settlement Webpage.  The text of this message shall be substantially in the form of Exhibit A4 and may also be reasonably modified with consent of Class Counsel.

**Exhibit A-1**

[Note: The settlement website mock up and text is provided in the following pages.
Because the FAQ text is not fully viewable in the enclosure, the text is reproduced after the mock up.
Following the FAQ text are the Short and Long Form Notices linked to within the website.]

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|--------------------|

| Register for this Settlement |
|------------------------------|
| Opt-Out of this Settlement |
| Remove My Listing from Giftly |

## Class Settlement Information Website

If you operate a business that has been listed on the Giftly Inc. ("Giftly") website (https://www.giftly.com/) at any time, you could be affected by a class action settlement (the "Settlement," "Settlement Agreement," or "Agreement").

#### WHAT IS THE LAWSUIT ABOUT?

A settlement has been reached in a class action lawsuit against Giftly concerning claims under Federal, New York, and Illinois law based on Giftly's use on its website of the names of businesses across the United States. The lawsuit alleges that Giftly's use of those business names has injured those businesses.  Giftly denies all claims and that it violated any law but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

#### WHO IS INCLUDED?

Settlement Class Members include businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Giftly Inc.'s website. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

#### WHAT DOES THE SETTLEMENT PROVIDE?

Those who file timely and properly completed claims by [deadline] will be eligible to receive a share of a $500,000 fund dedicated to providing Settlement Class Members customized internet advertisements (the "Merchant Advertising Program"). Your share will depend on how many Settlement Class Members register and enroll in the Merchant Advertising Program, but your share will be no larger than $1,000 in any event. You can still benefit from this Settlement Agreement and request removal from Giftly's website any time. If you wish to remove your business from Giftly's website please visit www.giftly.com/support/merchant_search.

## Your Legal Rights and Option in This Settlement

| Option and Deadline | Description |
|---------------------|-------------|
| **Submit a claim form to register for the Advertising Program**<br><br>Deadline: [to add] | You must submit a valid claim form to register for the Advertising Program electronically at [link]. This is the only way to register for this settlement fund. |
| **Exclude yourself from the class**<br><br>Deadline: [to add] | To exclude yourself, you must affirmatively mail a written request to be excluded to Class Counsel. You will receive no benefits, but you will retain any rights you currently have to sue Giftly about the claims in this case. |
| **Object to or comment on the settlement agreement**<br><br>Deadline: [to add] | In order to object to or comment on the Settlement, you must affirmatively mail your objection or comment in writing to Class Counsel. |
| **Attend the fairness hearing**<br><br>Scheduled date: [to add] | You do not need to attend the fairness hearing, but you are welcome to do so. You may attend as an observer, or ask to speak in Court about your opinion of the Settlement. You may also appear through your own attorney at your own expense. |
| **Do nothing** | You won't get a share of the Settlement benefits and will give up your rights to sue Giftly about the claims in this case.<br><br>However, you can still benefit from this Settlement Agreement and request removal from Giftly's website any time. If you wish to remove your business from Giftly's website please visit www.giftly.com/support/merchant_search. |

## For More Information

Call     (800) 566-9669

Email    info@merchantgifting.com

Mail     PO Box 7775 #51609 San Francisco, California 94120-7775

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|---|---|---|---|

## Frequently Asked Questions

**BASIC INFORMATION**

**1. What is a class action?** ⌄

A class action is a lawsuit in which a few representative plaintiffs, such as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (the "Named Plaintiffs" and "Class Representatives" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) that they contend have similar claims against the Defendant. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are not individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from a settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendant, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

2. Why did I get this Notice? ›

3. What is this lawsuit about? ›

4. Why is there a settlement? ›

**WHO IS IN THE PROPOSED SETTLEMENT CLASS?**

5. How do I know if I am a member of the Settlement Class? ›

6. Are there exceptions to being included in the Settlement Class? ›

7. I'm still not sure if I am included. ›

**THE SETTLEMENT BENEFITS**

8. What does the Settlement provide? ›

9. Will I be eligible for the Merchant Advertising Program? ›

10. When can I participate in the Merchant Advertising Program? ›

**REMAINING IN THE SETTLEMENT CLASS**

11. How do I remain in the Settlement Class and remain eligible for the Merchant Advertising Program? ›

12. If I remain in the Settlement Class, what am I "releasing," or giving up? ›

13. What happens if the Settlement is not approved or is terminated? ›

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

14. What if I do not want to be in the Settlement Class? ›

15. How do I exclude myself from the Settlement Class? ›

**OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court I don't like the Settlement? ›

17. What is the difference between objecting and excluding myself from the Settlement? ›

**THE LAWYERS REPRESENTING YOU**

18. Do I have a lawyer in this case? ›

19. How will the lawyers be paid? ›

20. Service Awards for the Class Representatives ›

**THE COURT'S FAIRNESS HEARING**

21. When and where will the Court decide whether to approve the Settlement? ›

22. Do I have to attend the Fairness Hearing? ›

23. May I speak at the Fairness Hearing? ›

**GETTING MORE INFORMATION**

24. How do I get more information? ›

Copyright © 2023 Giftly Inc. - All Rights Reserved.

## WeCare RG, Inc. et al. v. Giftly Inc.
Case No. 22-cv-2672 (E.D. Pa.)

Home          Documents          FAQ          I Would Like To…

## Documents

- Claim Registration Form
- Long Form Notice
- Short Form Notice
- Opt Out Form
- First Amended Class Action Complaint
- Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Supporting Papers
- Class Action Settlement Agreement
- Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

## Having Trouble?

Having trouble opening .pdf files: you can download Acrobat Reader for free from www.adobe.com.

Copyright © 2023 Giftly Inc. – All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|---------------------|

## Claim Registration Form

**THE DEADLINE FOR SUBMITTING THIS REGISTRATION CLAIM FORM IS XXXX XX, XXXX.**

If you operate a business that has been listed on the Giftly Inc. ("Giftly") website (https://www.giftly.com/) at any time, you are eligible to register as a Settlement Class Member and enroll in the Merchant Advertising Program. The Merchant Advertising Program is advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business. An online marketing specialist will create, place, and manage a marketing campaign for each enrolled Class Member utilizing performance-based advertising using Google or similar advertising technology. The advertising will be designed to target customers searching for your business or using keywords related to your business in a similar geography. For example, a customer searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco.

After you register using the form below, you will receive an email after the settlement is approved and deemed final. Through that email, you will be able to enroll and take advantage of the Merchant Advertising Program. At that time, you will be asked to provide additional information to Giftly in order to enroll in the Merchant Advertising Program, including but not limited to: your business's name, address, business category, relevant keywords, target market, and target demographics.

You may claim your business's listing on the Giftly website or request removal here: https://www.giftly.com/merchants

## Registration Claim Submission Form

Name of the business:                   required

[                                        ]

The URL for your business's listing on Giftly's website:

[                                        ]

Your name:                              required

[                                        ]

Your email address:                     required

[                                        ]

Your title/position in the business:

[                                        ]

Your business's street address:         required

[                                        ]

Your business's city:                   required

[                                        ]

Your business's state:                  required

[                                        ]

( ● ) Giftly may contact me about this settlement and other programs that may help promote my business. I agree to Giftly's Privacy Policy.

( ○ ) Giftly may only contact me about this settlement program.

Please note: You will be contacted at a later time to enroll in the advertising program and provide information to customize your business's advertisement.

[ **Submit** ]

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |
|------|-----------|-----|--------------------|

## Merchant Advertising Program Enrollment Form

This Merchant Advertising Program is designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business. An online marketing specialist will create, place, and manage a marketing campaign for you utilizing performance-based advertising using Google or similar advertising technology. The advertising will be designed to target customers searching for your business or using keywords related to your business in a similar geography. For example, a customer searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco.

The campaign created and managed for you will remain active for one year after the end of the enrollment period, or until the funds allocated to the campaign are spent.

**Name of the business:**                required

[                                        ]

**The URL for your business's website or the website you wish to promote:**                required

( ● ) use the business listing on Giftly's website

( ○ )  use this URL    [                                        ]

**Your email address:**                required

[                                        ]

**Your business's category:**

[                                        ]

**Your business's target market:**

[                                        ]

**Your business's target demographic:**

[                                        ]

**Search keywords relevant to your business:**

[                                        ]

**Any additional information you wish to provide concerning your business (optional):**

[                                        ]

[ Submit ]

Copyright © 2023 Giftly Inc. - All Rights Reserved.

**WeCare RG, Inc. et al. v. Giftly Inc.**
Case No. 22-cv-2672 (E.D. Pa.)

| Home | Documents | FAQ | I Would Like To... |

## Opt-Out Form

This is NOT a Claim Form. Executing this will EXCLUDE you from this Settlement. DO NOT use this Form if you wish to remain IN this Settlement.  If you wish to remove your business from Giftly's website, please visit www.giftly.com/support/merchant_search

Name of the business:     required

Your business's full address and telephone number:     required

Your email address:     required

Your title/position in the business:     required

The last four (4) digits of the tax ID for your business:     required

IF YOU DO NOT PROVIDE THE INFORMATION ABOVE AND POSTMARK THIS BY XXXX XX, XXXX, YOUR REQUEST TO OPT-OUT WILL BE INVALID.

By signing below, you affirm the statements below:

My business's information was published on Giftly's website located at www.giftly.com. I wish to opt out from the Giftly settlement.

I understand that by opting out of this Class Action Settlement, I will not be eligible to receive any benefit that may result from any settlement of this lawsuit, if there is one. I do not wish to receive any benefit under the terms of any judgment or settlement or to otherwise participate in this Class Action Settlement. I further understand that by opting out, all personal representatives, spouses and relatives who on account of a personal relationship to me might assert a derivative claim for an award will be deemed to have opted out as well.

_____          _____
Date Signed                                      Signature of Class Member or Executor,
                                                         Administrator, or Representative

This form must be postmarked to Class Counsel at the address below NO LATER THAN [deadline], or else you will lose your right to opt out.

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

Print

Copyright © 2023 Giftly Inc. - All Rights Reserved.

## FAQ Page Text

## BASIC INFORMATION

### 1.    What is a class action?

A class action is a lawsuit in which a few representative plaintiffs, such as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (the "Named Plaintiffs" and "Class Representatives" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) that they contend have similar claims against the Defendant. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are *not* individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from a settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendant, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.    Why did I get this Notice?

You received this Notice because records indicate that you may be a member of the Settlement Class. If you are a potential Settlement Class Member, you have important decisions to make and you may be entitled to money as part of the Settlement. You are not being sued.

### 3.    What is this lawsuit about?

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those business names has injured those businesses and violated federal and state laws. Defendant denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. Defendant is settling this action to avoid the cost and distraction of protracted litigation.

### 4.    Why is there a settlement?

Class Counsel (identified below in response to Question 20) have investigated the facts and law regarding the claims at issue in this litigation, as well as Defendant's potential defenses. After

lengthy, detailed negotiations with counsel for Defendant to reach the Settlement, Class Counsel believe the Settlement is in the best interests of the Settlement Class and support its approval. In addition, the Named Plaintiffs also support approval of the Settlement.

Defendant denies the allegations against it and denies that it did anything wrong. By agreeing to settle, Defendant is in no way admitting any liability on any of the allegations or claims, nor that this case can or should proceed as a class action if the litigation went forward.

The parties have agreed to settle the Action in its entirety without any admission of liability by Defendant to avoid burdensome and costly litigation. The parties intend this Settlement Agreement to bind Named Plaintiffs, Defendant, and all Settlement Class Members who do not timely and properly exclude themselves from this Settlement.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS?

### 5.    How do I know if I am a member of the Settlement Class?

In a Preliminary Approval Order, dated MONTH XX, 2023, the Court defined the Settlement Class as:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

### 6.    Are there exceptions to being included in the Settlement Class?

You will not be part of the Settlement if you exclude yourself.

### 7.    I'm still not sure if I am included.

A simple way to see if you are included is to search for your business on Giftly.com at https://www.giftly.com/gift-cards. If you are still not sure whether you are included, you can ask for free help. You can call the Class Counsel (identified below) or visit the Settlement Website (_____) for more information.

## THE SETTLEMENT BENEFITS

### 8.    What does the Settlement provide?

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to: (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website

and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website ("Commitments"); (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to the Named Plaintiffs up to a total of $9,000 to be divided evenly between each Named Plaintiff.

With respect to the first category, Giftly will create an advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business ("Merchant Advertising Program"). Giftly will make available up to $500,000 to be used for the Merchant Advertising Program. If 1,001 or more merchants register for the Merchant Advertising Program, Giftly will make available an equal portion of the $500,000 fund to each registered merchant. If 1,000 or fewer merchants enroll in the Merchant Advertising Program, Giftly will make available to each registered merchant an equal portion of the $500,000 fund but also capped at $1,000 for each merchant. The Merchant Advertising Program registration forms must be returned by ____.

Notwithstanding the release below, this Settlement Agreement does not preclude Settlement Class Members from requesting reimbursement when the member reasonably accepts payment in the form of a valid gift from Giftly's website as Giftly currently offers at https://www.giftly.com/support/merchant.

In addition, the Settlement Agreement does not preclude you from asking to remove your business from Giftly's website on www.giftly.com/support/merchant_search.

The "Released Claims" are:

> any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to (1) the Lanham Act, 15 U.S.C. § 1125 *et seq*.; (2) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (3) common law or statutory unfair competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, including any claims arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

The Releasees are:

> Giftly and to all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing, including but not limited to Timothy Bentley and any financial partners supporting Giftly's business.

**The Commitments provided under the Agreement are generally described as follows:**

> (a)    **Communications to Giftly Gift Recipients**. Giftly will more clearly communicate to the recipient the following: (1) the recipient must redeem on Giftly's website; (2) after redeeming, the recipient is encouraged to use the funds at the suggested merchant; and (3) the funds can be used in any way.

> (b)    **Gift Purchaser Experience**. Giftly will more clearly communicate to the buyer the following: (1) the gift is not a gift card issued by the merchant; (2) the recipient must redeem on Giftly's website to receive the funds; (3) the recipient is encouraged to use the funds at the suggested merchant; and (4) the funds can be used in any way.

> (c)    **Merchant Removal Option**. Giftly will continue to reasonably honor a merchant's request to be removed as such a merchant.

> (d)    **General Revisions to Language Used on Website**. Giftly will not use certain identified text phrasing that Named Plaintiffs allege is misleading unless Giftly meets certain conditions that Named Plaintiffs believe adds appropriate clarification.

> (e)    **Merchant Registration**. Certain merchants choose to register with Giftly.com.  Where a registered merchant has opted in and provided an e-mail address, and where consistent with applicable law as reasonably determined by Giftly, Giftly will notify via e-mail such registered business each time a customer purchases a gift where that merchant is the suggested business where the gifted funds should be spent.

> (f)    **Merchant Registration Solicitation**. Giftly currently places the language: "Is this your business? Claim your business to update business information, customize this listing, and more!" below the description of the business.  Giftly agrees to place this language, a link to this language, or any substantially similar language, near the "[Business Name] Description" section headline or, if that section is removed, in another reasonably prominent place.

> (g)    **FAQ Adjustment**. Giftly will remove this question from the FAQs: "What makes a Giftly for [Business Name] better than a [Business Name] gift card."  Additionally, Giftly will not include any substantially similar question in its FAQs in the future.

9.      **Will I be eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, do not opt out of the Settlement Class, and submit a Merchant Advertising Program registration form electronically by the Court-established deadline, then you will be a Settlement Class Member that is entitled to participate in the Merchant Advertising Program.

All Settlement Class Members will also benefit from the Commitments provided in the Agreement and explained above.

10.      **When can I participate in the Merchant Advertising Program?**

If the Court approves the Settlement Agreement, the operation of the Merchant Advertising Program will be available to Settlement Class Members after the Effective Date, as defined in the Settlement Agreement.

### REMAINING IN THE SETTLEMENT CLASS

11.      **How do I remain in the Settlement Class and remain eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, you will remain a Settlement Class Member unless you elect to be excluded. By staying in the Settlement Class, you will remain eligible to submit a registration form and participate in the Merchant Advertising Program. Registration forms must be completed and submitted electronically or by a date to be set by the Court if it approves the Settlement.

12.      **If I remain in the Settlement Class, what am I "releasing," or giving up?**

If the Settlement is approved and becomes final, and if you remain in the Settlement Class, you will give up your right to individually sue the Releasees related to the Released Claims (defined above). That means, among other things, that you cannot sue, continue to sue, or be part of any other lawsuit against Releasees regarding any and all of the Released Claims (see Question 8 for further information). It also means that all of the Court's rulings will apply to you and legally bind you, whether favorable or unfavorable to the Settlement Class.

The above description of the claims you are giving up against Releasees is only a summary. **Unless you exclude yourself, you are "releasing" those claims regardless of whether you submit a Claim Form.** If you wish, you can review the entire Settlement Agreement, including the definitions of terms such as "Releasees," "Releasors," and "Released Claims," in Paragraphs __ of the Settlement Agreement, which may be obtained on the Settlement Website (_____) or by contacting Class Counsel at the address or telephone number below.

13.      **What happens if the Settlement is not approved or is terminated?**

If the Settlement is not approved, the Agreement will become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in

the Action or in any other case or controversy. This Action will then proceed as if the Settlement Agreement had not been entered into.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14.    What if I do not want to be in the Settlement Class?

If you do not want to remain in the Settlement Class and do not want a payment from the Settlement, then you have the right to request exclusion from the Settlement Class. This is called "opting out" of the Settlement Class.

However, if you want to remain in the Settlement Class but simply wish to remove your business from Giftly's website, you may request removal by visiting www.giftly.com/support/merchant_search.

### 15.    How do I exclude myself from the Settlement Class?

You can exclude yourself, or "opt out," by sending a written "Request for Exclusion" to Class Counsel, postmarked no later than Month XX, 2023. Your written request must be signed by the person or entity requesting exclusion or his, her, or its authorized representative, state the name, address, phone number, and the last four (4) digits of a tax ID of the individual or entity of that person or entity, that your business's information was published on Giftly's website, and state that "I wish to opt out from the Giftly settlement."  You cannot exclude yourself by telephone. You must do so by regular mail.  The request must be mailed to the Class Counsel at:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

A Request for Exclusion that: (1) does not include all of the foregoing information; (2) does not contain the proper signature; (3) is sent to an address other than the one designated above; or (4) is not sent within the time specified, shall be invalid, and the person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, cannot object to the Settlement, are not eligible to get any benefit offered by the Settlement, including but not limited to the Merchant Advertising Program, and shall not be bound by the Settlement Agreement or the Judgment.

### 16.    How do I Remove Myself from Giftly.com?

You can still benefit from this Settlement Agreement and request removal from Giftly's website. If you wish to remove your business from Giftly's website, you do *not* need to send a "Request for Exclusion."  Instead, please visit www.giftly.com/support/merchant_search.

**17.    I accepted a Giftly.com certificate for payment at my business. How do I request reimbursement?**

If your business has reasonably accepted payment in the form of a valid gift from Giftly's website, you may request reimbursement by contracting Giftly at https://www.giftly.com/support/contact-us or by emailing support@giftly.com.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.    How do I tell the Court I don't like the Settlement?**

If you are a Settlement Class Member and do not opt out, you can object to all or any part of the Settlement, including the proposed Merchant Advertising Program, as well as any request for attorneys' fees and/or expenses, and/or any request for service awards for the Named Plaintiffs. You can explain the reasons for your objection, and the Court will consider your views.

Your objection must be in writing, must identify the full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel. Any person or entity that fails to object in the manner set forth in this Notice shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objection to any aspect of the Settlement.

The address for filing and mailing objections are:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

**19.    What is the difference between objecting and excluding myself from the Settlement?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement. Excluding yourself from a Settlement is telling the Court that you do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself from the Settlement, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**20.    Do I have a lawyer in this case?**

The Court has appointed the firms listed below as Class Counsel to represent you and the Settlement Class in this case:

Raphael Janove
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102
Tel:  (646) 201-5523

If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.    How will the lawyers be paid?**

Class Counsel will apply to the Court for payment of its attorneys' fees and expenses. You will not otherwise be charged for Class Counsel's services. Class Counsel will request attorneys' fees for themselves and payment of the costs and expenses they have incurred in prosecuting the Action on behalf of the Settlement Class in the amount of $100,000. The hearing on Class Counsel's request for attorneys' fees and payment of costs and expenses will take place at the Final Approval Hearing, discussed below.

**22.    Service Awards for the Class Representatives**

Class Counsel may also request awards to the Class Representatives, as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures, for their assistance in prosecuting the Action on behalf of the Settlement Class, in an amount not to exceed $3,000 for each Class Representative. The hearing on the request for the Class Representatives' service awards will take place at the Final Approval Hearing, discussed below.

**This is Only a Summary of the Request for Attorneys' Fees, Payment of Costs and Expenses, and Service Awards to the Class Representatives. The Motion in Support of These Requests Will be on File With the Court and Will be Available at the Settlement Website (_____) by Month XX, 202_.**

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend, but you do not have to.

**23.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on Month XX, 202_, at __:__ _.m. The Final Approval Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Eastern District of Pennsylvania, Courtroom

_____, 601 Market Street, Philadelphia, PA 19106. **IF POSSIBLE, THE DECISION WHETHER THE FINAL APPROVAL HEARING WILL TAKE PLACE VIRTUALLY OR IN PERSON WILL BE MADE NO LATER THAN [30 DAYS PRIOR TO THE FINAL HEARING DATE], AND WILL BE POSTED AT THE SETTLEMENT WEBSITE (_____). IF THE FINAL APPROVAL HEARING WILL BE HELD VIRTUALLY, THE SETTLEMENT WEBSITE WILL POST CONFERENCING INFORMATION.**

At this hearing, the Court will consider whether the Settlement, including the proposed plan of distribution, is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve Class Counsel's request for attorneys' fees and expenses and service awards to the Named Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date, time, and/or format (i.e., virtually or in person) of the Final Approval Hearing. Thus, if you want to attend and/or participate at the hearing, you should check either on the Settlement Website (_____) or with Class Counsel beforehand to be sure that the date, time, and/or format has not changed.

### 24.    Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you file an objection, you do not have to attend or participate at the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

### 25.    May I speak at the Final Approval Hearing?

Yes. Anyone can attend the Final Approval Hearing and watch. If you want to appear at the Final Approval Hearing and object, in person (or virtually if that is how the Final Approval Hearing will be held) or through an attorney hired at your own expense, you need to file a written Notice of Intent to Appear with the Court.

### GETTING MORE INFORMATION

### 26.    How do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a complete copy of the Settlement Agreement at the Settlement Website (_____). You may also write to Class Counsel at the address in Question 20 or giftly-settlement-administration@pollockcohen.com, or call the Claims Administrator at 646-201-5523.

Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk of Court's office. The address is: United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

***Please do not contact the Court or the clerk's office regarding this Notice or for additional information.***

DATED: _____, 202___

12

# Long Form Text Linked to in Settlement Website (Scroll Down for Short Form Text)

**To:  All companies that have been listed on the Giftly website at any time.**

> **PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT NOW PENDING IN FEDERAL DISTRICT COURT. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE BENEFITS OF THE SETTLEMENT.**

**This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"). It is not an advertisement or a solicitation from a lawyer.**

The purpose of this Notice is to inform you of a pending proposed class action lawsuit (the "Action") and of a Settlement of the Action with Giftly Inc. ("Giftly" or "Defendant").

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those businesses' names has injured those businesses and violated federal and state laws.

Giftly denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. By agreeing to settle, Giftly is in no way admitting: (1) liability on any of the factual allegations or claims in the Action; or (2) that the Action can or should proceed as a class action in the event the parties' Settlement does not become effective and the litigation goes forward.

The Court presiding over this case has not yet ruled on the merits of any of the Named Plaintiffs' claims. This means that there has been no ruling as to who wins and who loses. If you want to see a copy of the complaint, answer, or any other pleadings, you may contact Class Counsel (contact below).

The Named Plaintiffs and their attorneys, on behalf of themselves and the Class Members, negotiated a settlement with Defendant. The parties' agreement is documented in the Settlement Agreement, which the Court has preliminarily approved. The Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to: (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website; (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to

Class Representatives up to a total of $9,000 to be distributed evenly to each Class Representative (collectively, the "Settlement Agreement," the "Settlement," or the "Agreement").

**You are receiving this notice because you or your business have been identified as a likely member of the Settlement Class.** The "Settlement Class" is generally defined as all businesses or entities in the United States that Giftly has listed on its website.

The following chart contains a summary of your rights and options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You are automatically part of the Action if you fit the Settlement Class description. See Question 5 below. However, if you do not submit a timely claim, you will not directly receive benefits from the Settlement. You will be bound by any past and future court rulings, including rulings on the Settlement. See Questions 6, 7, 8, 9, 10, 11, and 12 below. |
| **SUBMIT A CLAIM FORM** | If you complete and submit a registration form for the Merchant Advertising Program (defined below) available on the website [to be inserted], you will remain in the Settlement Class and be bound by the Settlement Agreement, and receive benefits from the Merchant Advertising Program subject to the conditions set forth below (if the Settlement Agreement is approved). See Questions 8, 9, 10, 11 and 13 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT (Opt-Out)** | If you wish to exclude yourself from the Settlement Class, you must submit a timely and valid written request to do so by Month XX, 2023. If you exclude yourself, you will not be bound by the Settlement if approved, and you will be ineligible to share in benefits from the Merchant Advertising Program. See Questions 14-17 below. |
| **OBJECT TO THE SETTLEMENT** | If you do not choose to exclude yourself from the Settlement Class, you may object to it by following the procedures below no later than Month XX, 2023. See Question 18 below. |
| **ATTEND THE FINAL APPROVAL HEARING** | You do not need to attend the Final Approval Hearing, but you are welcome to do so. You may attend as an observer, or ask to speak in Court about your opinion of the Settlement. You may also appear through your own attorney at your own expense. See Questions 23-25 below. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the Settlement. The benefits from the Settlement will be provided following final approval of the Settlement by the Court and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.      What is a class action?**

A class action is a lawsuit in which a few representative plaintiffs, such as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures (the "Named Plaintiffs" or "Class Representatives" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) that they contend have similar claims against the Defendant. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are ***not*** individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from a settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendant, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.      Why did I get this Notice?**

You received this Notice because records indicate that you may be a member of the Settlement Class. If you are a potential Settlement Class Member, you have important decisions to make, and you may be entitled to money as part of the Settlement. You are not being sued.

**3.      What is this lawsuit about?**

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those businesses' names has injured those businesses and violated federal and state laws. Defendant denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. Defendant is settling this action to avoid the cost and distraction of protracted litigation.

**4.      Why is there a settlement?**

Class Counsel (identified below in response to Question 20) have investigated the facts and law regarding the claims at issue in this litigation, as well as Defendant's potential defenses. After lengthy, detailed negotiations with counsel for Defendant to reach the Settlement, Class Counsel believe the Settlement is in the best interests of the Settlement Class and support its approval. In addition, the Named Plaintiffs also support approval of the Settlement.

Defendant denies the allegations against it and denies that it did anything wrong. By agreeing to settle, Defendant is in no way admitting any liability on any of the allegations or claims, nor that this case can or should proceed as a class action if the litigation went forward.

The parties have agreed to settle the Action in its entirety without any admission of liability by Defendant to avoid burdensome and costly litigation. The parties intend this Settlement Agreement to bind Named Plaintiffs, Defendant, and all Settlement Class Members who do not timely and properly exclude themselves from this Settlement.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS?

**5.      How do I know if I am a member of the Settlement Class?**

In a Preliminary Approval Order, dated MONTH XX, 2023, the Court defined the Settlement Class as:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

**6.      Are there exceptions to being included in the Settlement Class?**

You will not be part of the Settlement if you exclude yourself.

**7.      I'm still not sure if I am included.**

A simple way to see if you are included is to search for your business on Giftly.com at https://www.giftly.com/gift-cards. If you are still not sure whether you are included, you can ask for free help. You can call the Class Counsel (identified below), or visit the Settlement Website (_____) for more information.

## THE SETTLEMENT BENEFITS

**8.      What does the Settlement provide?**

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website ("Commitments"); (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to the Named Plaintiffs up to a total of $9,000 to be divided evenly between each Named Plaintiff.

With respect to the first category, Giftly will create an advertising program designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably related to the merchant's business ("Merchant Advertising Program"). Giftly will make available up to $500,000 to be used for the Merchant Advertising Program. If 1,001 or more merchants register for the Merchant Advertising Program, Giftly will make available an equal portion of the $500,000 fund to each registered merchant. If 1,000 or fewer merchants enroll in the Merchant Advertising Program, Giftly will make available to each registered merchant an equal portion of the $500,000 fund but also capped at $1,000 for each merchant. The Merchant Advertising Program registration forms must be returned by ▮▮▮▮.

Notwithstanding the release below, this Settlement Agreement does not preclude Settlement Class Members from requesting reimbursement when the member reasonably accepts payment in the form of a valid gift from Giftly's website as Giftly currently offers by contracting Giftly at https://www.giftly.com/support/contact-us or by emailing support@giftly.com.

In addition, the Settlement Agreement does not preclude you from asking to remove your business from Giftly's website on www.giftly.com/support/merchant_search.

The "Released Claims" are:

> any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to (1) the Lanham Act, 15 U.S.C. § 1125 *et seq*.; (2) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (3) common law or statutory unfair

competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, including any claims arising out of, resulting from, or in any way related to any conduct regardless of where it occurred at any time. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

The Releasees are:

Giftly and to all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing, including but not limited to Timothy Bentley and any financial partners supporting Giftly's business.

**The Commitments provided under the Agreement are generally described as follows:**

(a) **Communications to Giftly Gift Recipients**. Giftly will more clearly communicate to the recipient the following: (1) the recipient must redeem on Giftly's website; (2) after redeeming, the recipient is encouraged to use the funds at the suggested merchant; and (3) the funds can be used in any way.

(b) **Gift Purchaser Experience**. Giftly will more clearly communicate to the buyer the following: (1) the gift is not a gift card issued by the merchant; (2) the recipient must redeem on Giftly's website to receive the funds; (3) the recipient is encouraged to use the funds at the suggested merchant; and (4) the funds can be used in any way.

(c) **Merchant Removal Option**. Giftly will continue to reasonably honor a merchant's request to be removed as such a merchant.

(d) **General Revisions to Language Used on Website**. Giftly will not use certain identified text phrasing that Named Plaintiffs allege is misleading unless Giftly meets certain conditions that Named Plaintiffs believe adds appropriate clarification.

(e) **Merchant Registration**. Certain merchants choose to register with Giftly.com. Where a registered merchant has opted in and provided an e-mail address, and where consistent with applicable law as reasonably determined by Giftly, Giftly will notify via e-mail such registered business each time a customer purchases a gift where that merchant is the suggested business where the gifted funds should be spent.

    (f)    **Merchant Registration Solicitation**. Giftly currently places the language: "Is this your business? Claim your business to update business information, customize this listing, and more!" below the description of the business.  Giftly agrees to place this language, a link to this language, or any substantially similar language, near the "[Business Name] Description" section headline or, if that section is removed, in another reasonably prominent place.

    (g)    **FAQ Adjustment**. Giftly will remove this question from the FAQs: "What makes a Giftly for [Business Name] better than a [Business Name] gift card." Additionally, Giftly will not include any substantially similar question in its FAQs in the future.

**9.    Will I be eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, do not opt out of the Settlement Class, and submit a Merchant Advertising Program registration form electronically by the Court-established deadline, then you will be a Settlement Class Member that is entitled to participate in the Merchant Advertising Program.

All Settlement Class Members will also benefit from the Commitments provided in the Agreement and explained above.

**10.    When can I participate in the Merchant Advertising Program?**

If the Court approves the Settlement Agreement, the operation of the Merchant Advertising Program will be available to Settlement Class Members after the Effective Date, as defined in the Settlement Agreement.

## REMAINING IN THE SETTLEMENT CLASS

**11.    How do I remain in the Settlement Class and remain eligible for the Merchant Advertising Program?**

If you qualify as a member of the Settlement Class, you will remain a Settlement Class Member unless you elect to be excluded. By staying in the Settlement Class, you will remain eligible to submit a registration form and participate in the Merchant Advertising Program. Registration forms must be completed and submitted electronically or by a date to be set by the Court if it approves the Settlement.

**12.    If I remain in the Settlement Class, what am I "releasing," or giving up?**

If the Settlement is approved and becomes final, and if you remain in the Settlement Class, you will give up your right to individually sue the Releasees related to the Released Claims (defined above). That means, among other things, that you cannot sue, continue to sue, or be part of any other lawsuit against Releasees regarding any and all of the Released Claims (see Question 8 for further information). It also means that all of the Court's rulings will apply to you and legally bind you, whether favorable or unfavorable to the Settlement Class.

The above description of the claims you are giving up against Releasees is only a summary. **Unless you exclude yourself, you are "releasing" those claims regardless of whether you submit a Claim Form.** If you wish, you can review the entire Settlement Agreement, including the definitions of terms such as "Releasees," "Releasors," and "Released Claims," in Paragraphs _____ of the Settlement Agreement, which may be obtained on the Settlement Website (_____) or by contacting Class Counsel at the address or telephone number below.

**13.    What happens if the Settlement is not approved or is terminated?**

If the Settlement is not approved, the Agreement will become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in the Action or in any other case or controversy. This Action will then proceed as if the Settlement Agreement had not been entered into.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14.    What if I do not want to be in the Settlement Class?**

If you do not want to remain in the Settlement Class and do not want a payment from the Settlement, then you have the right to request exclusion from the Settlement Class. This is called "opting out" of the Settlement Class.

However, if you want to remain in the Settlement Class but simply wish to remove your business from Giftly's website, you may request removal by visiting www.giftly.com/support/merchant_search.

**15.    How do I exclude myself from the Settlement Class?**

You can exclude yourself, or "opt out," by sending a written "Request for Exclusion" to Class Counsel, postmarked no later than Month XX, 2023. Your written request must be signed by the person or entity requesting exclusion or his, her, or its authorized representative, state the name, address, phone number, and the last four (4) digits of a tax ID of the individual or entity of that person or entity, that your business's information was published on Giftly's website, and state that "I wish to opt out from the Giftly settlement." You cannot exclude yourself by telephone. You must do so by regular mail.  The request must be mailed to the Class Counsel at:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

A Request for Exclusion that: (1) does not include all of the foregoing information; (2) does not contain the proper signature; (3) is sent to an address other than the one designated above; or (4) is not sent within the time specified, shall be invalid, and the person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, cannot object to the Settlement, are not eligible to get any benefit offered by the Settlement, including

but not limited to the Merchant Advertising Program, and shall not be bound by the Settlement Agreement or the Judgment.

## 16.    How do I Remove Myself from Giftly.com?

You can still benefit from this Settlement Agreement and request removal from Giftly's website. If you wish to remove your business from Giftly's website, you do *not* need to send a "Request for Exclusion."  Instead, please visit www.giftly.com/support/merchant_search.

## 17.    I accepted a Giftly.com certificate for payment at my business. How do I request reimbursement?

If your business has reasonably accepted payment in the form of a valid gift from Giftly's website, you may request reimbursement by contracting Giftly at https://www.giftly.com/support/contact-us or by emailing support@giftly.com.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## 18.    How do I tell the Court I don't like the Settlement?

If you are a Settlement Class Member and do not opt out, you can object to all or any part of the Settlement, including the proposed Merchant Advertising Program, as well as any request for attorneys' fees and/or expenses and/or any request for service awards for the Named Plaintiffs. You can explain the reasons for your objection, and the Court will consider your views.

Your objection must be in writing, must identify the full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel. Any person or entity that fails to object in the manner set forth in this Notice shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objection to any aspect of the Settlement.

The addresses for filing and mailing objections are:

Giftly Settlement Administration
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102

## 19.    What is the difference between objecting and excluding myself from the Settlement?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement. Excluding yourself from a Settlement is telling the Court that you

do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself from the Settlement, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**20.    Do I have a lawyer in this case?**

The Court has appointed the firms listed below as Class Counsel to represent you and the Settlement Class in this case:

Raphael Janove
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102
Tel:  (646) 201-5523

If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.    How will the lawyers be paid?**

Class Counsel will apply to the Court for payment of its attorneys' fees and expenses. You will not otherwise be charged for Class Counsel's services. Class Counsel will request attorneys' fees for themselves and payment of the costs and expenses they have incurred in prosecuting the Action on behalf of the Settlement Class in the amount of $100,000. The hearing on Class Counsel's request for attorneys' fees and payment of costs and expenses will take place at the Final Approval Hearing, discussed below.

**22.    Service Awards for the Class Representatives**

Class Counsel may also request awards to the Class Representatives, as WeCare RG, Inc. d/b/a Café Ole in the Valley, Gracie Baked LLC, and Andrea Schoenbein d/b/a Second Chance Treasures, for their assistance in prosecuting the Action on behalf of the Settlement Class, in an amount not to exceed $3,000 for each Class Representative. The hearing on the request for the Class Representatives' service awards will take place at the Final Approval Hearing, discussed below.

**This is Only a Summary of the Request for Attorneys' Fees, Payment of Costs and Expenses, and Service Awards to the Class Representatives. The Motion in Support of These Requests Will be on File With the Court and Will be Available at the Settlement Website (_____) by Month XX, 202_.**

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend, but you do not have to.

**23.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing on <mark>Month XX, 202</mark>, at __:__ _.m. The Final Approval Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Eastern District of Pennsylvania, Courtroom _____, 601 Market Street, Philadelphia, PA 19106. **IF POSSIBLE, THE DECISION WHETHER THE FINAL APPROVAL HEARING WILL TAKE PLACE VIRTUALLY OR IN PERSON WILL BE MADE NO LATER THAN [<mark>30 DAYS PRIOR TO THE FINAL APPROVAL HEARING DATE</mark>], AND WILL BE POSTED AT THE SETTLEMENT WEBSITE (<mark>_____</mark>). IF THE FINAL APPROVAL HEARING WILL BE HELD VIRTUALLY, THE SETTLEMENT WEBSITE WILL POST CONFERENCING INFORMATION.**

At this hearing, the Court will consider whether the Settlement, including the proposed plan of distribution, is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve Class Counsel's request for attorneys' fees and expenses, and service awards to the Named Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date, time, and/or format (i.e., virtually or in person) of the Final Approval Hearing. Thus, if you want to attend and/or participate at the hearing, you should check either on the Settlement Website (<mark>_____</mark>) or with Class Counsel beforehand to be sure that the date, time, and/or format has not changed.

**24.    Do I have to attend the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you file an objection, you do not have to attend or participate at the Final Approval Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**25.    May I speak at the Final Approval Hearing?**

Yes. Anyone can attend the Final Approval Hearing and watch. If you want to appear at the Final Approval Hearing and object, in person (or virtually if that is how the Final Approval Hearing will be held) or through an attorney hired at your own expense, you need to file a written Notice of Intent to Appear with the Court.

## GETTING MORE INFORMATION

**26.    How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a complete copy of the Settlement Agreement at the Settlement Website (<mark>_____</mark>).

You may also write to Class Counsel at the address in Question 20 or at giftly-settlement-administration@pollockcohen.com  or call the Claims Administrator at 646-201-5523.

Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk of Court's office. The address is: United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

***Please do not contact the Court or the clerk's office regarding this Notice or for additional information.***

DATED: _____, 202____

# Short Form Text Linked to in Settlement Website

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*WeCare RG, Inc. et al. v. Giftly Inc.*, No. 22 CIV 2672

**Businesses Listed on Giftly's Website Are Eligible to Free Advertising Services from a Class Action Settlement Value Totaling $609,000**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

On [DATE], the Honorable Wendy Beetlestone of the U.S. District Court for the Eastern District of Pennsylvania granted preliminary approval of this class action Settlement, certified a class exclusively for purposes of Settlement, and ordered that all Class Members be notified of the proposed Settlement of the class action lawsuit, *WeCare RG, Inc. et al. v. Giftly Inc.*, No. 22 CIV 2672, pending against Giftly Inc. ("Giftly" or "Defendant"). This Notice provides a summary of the proposed Settlement and your legal rights and options.

You have received this Notice of Class Action Settlement because you likely are what is called a "Class Member." **Unless you choose not to participate in the Settlement (in other words, you choose to "opt out") by following the procedures described below, <u>you will be considered a Settlement Class Member, and if the Court grants final approval of the Settlement, you will have the opportunity to receive free advertising services for your business if you submit a valid registration form and you will give up your right to sue Defendant about the Released Claims (defined at [website]) resolved by this settlement.</u>**

### What is this Settlement About?

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a Paypal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's website names and provides information for thousands of businesses across the United States. The lawsuit alleges that Giftly's use of those businesses' names has injured those businesses and violated federal and state laws. Defendant denies all of the Named Plaintiffs' claims, denies violating any law, and asserts that, at all times, its actions and business practices have been lawful and appropriate. Defendant is settling this action to avoid the cost and distraction of protracted litigation. The Court has not yet ruled on the merits of any of Plaintiffs' claims.

The parties negotiated a settlement on behalf of themselves and the Class Members. The parties' agreement is documented in the Settlement Agreement, which the Court has preliminarily approved. A Notice of Class Action Settlement ("Notice") is also available on the Settlement Website, which describes in more detail the options available to Settlement Class Members.

### Who is Included in the Settlement?

The proposed settlement class (the "Settlement Class") generally consists of all businesses or entities in the United States that Giftly has listed on its website.

**What Does the Settlement Provide?**

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees. Details regarding the Released Claims and Released Parties, as well as the terms of the injunctive relief, are available on the website, _____.

Named Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for Giftly to: (1) provide a financial benefit in the form of an advertising program of up to $1,000 to each Settlement Class Member, not exceeding a total of $500,000; (2) assist Plaintiffs in administering the settlement by creating a settlement website and notifying merchants about the settlement; (3) abide by or alter certain business practices and communications on its website; (4) pay Class Counsel's fees and costs up to the amount of $100,000; and (5) pay service awards to the Named Plaintiffs up to a total of $9,000 to be divided evenly between each Named Plaintiff.

Settlement Class Members that submit valid claims by _____ are eligible to participate in the Merchant Advertising Program. The value of the advertising offered to each Settlement Class Member through the Merchant Advertising Program will be dependent on the number of Settlement Class Members that timely submit valid claims.

**What are My Rights and Options?**

**Submit a Claim:** To participate in the Merchant Advertising Program, you must submit a registration form by going to _____. A valid registration form must be **submitted by** _____.

**Do Nothing:** You will be included in the Settlement Class, will release your claims, and will be bound by the Court's decision, but you will not be able to participate in the Merchant Advertising Program.

**Exclude Yourself:** You can exclude yourself ("opt out") from the Settlement by submitting an exclusion request to Class Counsel that is received **no later than** _____. If you do so, you: (1) will not be able to participate in the Merchant Advertising Program; (2) will not be deemed to have released any claims due to this Settlement; and (3) will be barred from filing an objection to the Settlement.

**Object:** You may also object to the Settlement. Objections must be mailed to Class Counsel and **received no later than** _____. By objecting, you are not excluding yourself from the Settlement. If your objection is rejected, you will be bound by the Settlement Agreement.

**Details about how to opt-out, object, and submit your Claim Form are available on the Settlement Website.**

### When is the Final Approval Hearing?

The Court has set a Final Approval Hearing for ████████████████ to determine whether to approve the Settlement. You are not required to attend the Hearing, but you are welcome to do so. You or your lawyer may appear at the hearing at your expense. The hearing may be moved to a different date or time without additional notice. Check the Settlement Website or call for current information.

### How Can I Get More Information?

This Notice summarizes the Settlement Agreement. You can get a copy of the Settlement Agreement, important Court documents, and more information about the settlement at ████████████████.

You may also write to Class Counsel at the address below or at giftly-settlement-administration@pollockcohen.com or call the Claims Administrator at 646-201-5523.

Raphael Janove
Pollock Cohen LLP
1500 Chestnut St. Suite 2 #2926
Philadelphia, PA 19102
Tel:  (646) 201-5523

***Please do not contact the Judge, the Clerk of the Court, Defendant, or Defendant's attorneys regarding this Notice or for additional information.***

**Exhibit A-2**

Hi,

We are reaching out to all merchants that contacted us in 2022 with an issue or complaint.  We wanted to let you know that Giftly recently reached a class action settlement that may provide you benefits.  Class members, which generally consist of all businesses or entities in the US that Giftly listed on its website, are encouraged to visit [link] for more information.  Importantly, the settlement will provide class members with a free customized advertising program.  Additionally, class members retain the option to remove their listing.  Please visit the weblink above for FAQ or information on who to contact with questions.

**Exhibit A-3**

- <u>Image of ad</u>



**Exhibit A-4**

[After response to complaint]

We also wanted to let you know that Giftly recently reached a class action settlement that may provide you benefits.  Class members, which generally consist of all businesses or entities in the US that Giftly listed on its website, are encouraged to visit [link] for more information. Importantly, the settlement will provide class members with a free customized advertising program.  Additionally, class members retain the option to remove their listing.  Please visit the weblink above for FAQ or information on who to contact with questions.