**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WECARE RG, INC., GRACIE BAKED LLC, and ANDREA SCHOENBEIN d/b/a SECOND CHANCE TREASURES on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>     v.<br><br>GIFTLY INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-02672<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Raphael Janove
**POLLOCK COHEN LLP**
1617 John F. Kennedy Blvd, 20th Fl.
Philadelphia, PA 19103
(215) 667-8607


George Krebs*
Adam Pollock*
(*admitted pro hac vice)
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361
GKrebs@PollockCohen.com
Adam@PollockCohen.com


*Attorneys for Plaintiffs and the*
*Proposed Settlement Class*

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................. 1

II.    SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY ........................... 2

         1.    Settlement Class Definition ....................................................... 4

         2.    Settlement Consideration .......................................................... 4

         3.    Release of Liability ................................................................... 6

         4.    Notice and Claim Administration ............................................. 6

         5.    Class Counsel Fees and Service Awards .................................... 7

III.    ARGUMENT ................................................................................................... 7

      A.    The Court Should Finally Approve the Settlement as Fair, Reasonable, and Adequate ..................................................................... 7

         1.    The Complexity, Expense, and Duration of the Litigation ......................... 9

         2.    The Reaction of the Class to the Settlement ............................... 9

         3.    The Stage of Proceedings and the Amount of Discovery Completed ....... 9

         4.    The Risk of Establishing Liability and Damages .................................... 10

         5.    The Risks of Establishing Damages and Maintaining a Class Action Through Trial ....................................................... 10

         6.    Whether Defendant Can Withstand a Greater Judgment ........................ 11

         7.    The Settlement Fund is Reasonable ............................................. 11

         8.    Additional Factors ................................................................... 12

      B.    The Court Should Certify the Settlement Class .................................... 12

         1.    Numerosity Under Rule 23(a)(1) .............................................. 12

         2.    Commonality Under Rule 23(a)(2) ............................................ 13

         3.    Typicality Under Rule 23(a)(3) ................................................ 13

         4.    Adequacy of Representation Under Rule 23(a)(4) ................................. 14

         5.    The Settlement Class Satisfies the Requirements of Rule 23(b) ............. 14

6.    The Settlement Class is Readily Ascertainable ......................................... 16

IV.    CONCLUSION ............................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Beach v. Am. Heritage Fed. Credit Union*,
  2017 WL 3225440 (E.D. Pa. July 26, 2017)................................................................. 8

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) ....................................................................................... 14

*California v. Teva Pharm. Indus., Ltd.*,
  2020 WL 3128027 (E.D. Pa. June 10, 2020)............................................................... 10

*Ebner v. Merchants & Med. Credit Corp.*,
  2017 WL 1079966 (E.D. Pa. Mar. 22, 2017)............................................................... 10

*Ehrheart v. Verizon Wireless*,
  609 F.3d 590 (3d Cir. 2010) ......................................................................................... 7

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) ......................................................................................... 8

*Grier v. Chase Manhattan Auto. Fin. Co.*,
  2000 WL 175126 (E.D. Pa. Feb. 16, 2000) .................................................................. 9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................................... 9

*In re Cmty. Bank of N. Va. & Guaranty Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*,
  622 F.3d 275 (3d Cir. 2010) ....................................................................................... 14

*In re Fasteners Antitrust Litig.*,
  2014 WL 285076 (E.D. Pa. Jan. 24, 2014) ................................................................. 13

*In re Healthcare Servs. Grp., Inc. Derivative Litig.*,
  2022 WL 2985634 (E.D. Pa. July 28, 2022)....................................................... 8, 9, 11

*In re Ins. Brokerage Antitrust Litig.*,
  579 F.3d 241 (3d Cir. 2009) ....................................................................................... 16

*In re National Football League Players Concussion Injury Litig.*,
  821 F.3d 410 (3d Cir. 2016) ................................................................................ 8, 9, 13

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004) ......................................................................................... 8

*In re Wawa, Inc. Data Sec. Litig.*,
  2022 WL 1173179 (E.D. Pa. Apr. 20, 2022) .............................................................. 12

*Kelly v. RealPage Inc.*,
  47 F.4th 202 (3d Cir. 2022) ........................................................................................ 16

*McIntyre v. RealPage, Inc.*,
  2023 WL 2643201 (E.D. Pa. Mar. 24, 2023)................................................................ 7

*Se. Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
  2012 WL 3597179 (M.D. Pa. Aug. 20, 2012) ............................................................ 13

*Taha v. County of Bucks*,
    862 F.3d 292 (3d Cir. 2017) ..................................................................... 15

*Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*,
    2022 WL 118104 (E.D. Pa. Jan. 12, 2022) ............................................... 16

**Statutes and Rules**

Fed. R. Civ. P. 23 ............................................................................... *passim*

## I.    INTRODUCTION

Plaintiff WeCare RG, Inc., d/b/a Café Ole In The Valley ("Café Olé"), Plaintiff Gracie Baked LLC ("Gracie Baked"), and Plaintiff Andrea Schoenbein d/b/a Second Chance Treasures ("Second Chance," and together with Gracie Baked and Café Olé, "Plaintiffs" or "Named Plaintiffs"), individually and as representatives of the proposed Settlement Class (defined below[1]) (the "Class"), respectfully submit this memorandum in support of their unopposed motion for final approval of the Settlement Agreement between Plaintiffs and Defendant Giftly Inc. ("Defendant").

The Court granted preliminary approval and authorized notice to the Settlement Class Members on April 28, 2023. Since that time, Facebook advertisements for the settlement have achieved 3,563,720 impressions and reached at least 668,163 unique individuals. *See* Janove Final Decl. ¶ 6. Google advertisements have achieved 355,440 impressions and have been clicked 15,241 times. *See id.* In addition, Giftly sent direct notice of the settlement to 1,914 class members. *See id.* As of October 10, Defendant received 3,520 settlement registrations, mostly through the Giftly Settlement Webpage. *See id.* ¶ 7. While these registrations are subject to additional verification after Final Approval, *see* Janove Final Decl., Ex. 1, SA, Ex. B ¶ 4, it is likely that the Settlement will result in a substantial financial benefit in the form of the full $500,000 value of an advertising program to the members of the Settlement Class who submitted claims by the September 25, 2023, notice deadline.

As previously explained in Plaintiffs' brief seeking preliminary approval of the Settlement, upon final approval, the Settlement Agreement will require Giftly to make meaningful changes to its business practices to protect the Class's rights and interests and create a fully funded advertising

---

[1] Unless otherwise defined in this memorandum, capitalized terms have the same meaning here as they do in the April 24, 2023, First Amended Settlement Agreement (the "Settlement Agreement" or "SA"), which is attached as Exhibit 1 to the Declaration of Raphael Janove in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Janove Final Decl.").

program for the benefit of the Class. Importantly, while the Settlement Agreement releases claims against Giftly, Settlement Class Members who reasonably accept payment in the form of a valid gift from Giftly's website will remain eligible to submit a claim for reimbursement directly to Giftly.

Plaintiffs and Defendant reached this Settlement Agreement following arm's-length negotiations that spanned more than six months. Plaintiffs entered into the Settlement Agreement fully informed of the strengths, weaknesses, and risks of the case and of litigation, including having: (1) engaged in discovery with the Defendant; and (2) analyzed the facts and the law regarding the case; both of which were preceded by Plaintiffs' extensive pre-complaint investigation as reflected in the Class Action Complaint and First Amended Class Action Complaint.

The Settlement is a win for the Class and should be finally approved under established Third Circuit law. Plaintiffs therefore respectfully request that the Court enter the proposed Final Approval Order and Judgment submitted herewith.

## II.    SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The relevant facts and procedural background have not changed since this Court preliminarily approved the Settlement and awarded attorneys' fees. *See generally,* ECF Nos. 43, 48.

### A.    Plaintiffs' Factual Allegations and Claims

Giftly is an online service that provides a way to send small sums of money to friends with a "suggestion" of how to spend it. Once an individual receives a Giftly gift, he or she must go to Giftly's website and redeem the gift in the form of a Visa gift card, a deposit to a bank account, or a credit to a PayPal account. After a Giftly gift recipient receives the funds associated with their gift, they may spend the money at the suggested merchant or however they may choose. Giftly's

website names and provides information for thousands of businesses across the United States. *See* Updated Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement at 2–3, ECF No. 41–1.

Plaintiffs sued to obtain relief for themselves and a class of similarly situated business owners, alleging that Giftly uses the names and goodwill of those businesses on the Giftly website without their consent, resulting in potential confusion about those businesses' affiliation with Giftly and harm to those businesses. *See id.* Plaintiffs alleged violations of Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.*; New York's deceptive/unfair trade practices act statute and false advertising statute, N.Y. Gen. Bus. Law §§ 349-50; Illinois' consumer fraud/deceptive business practices act statute and deceptive trade practices act statute, 815 Ill. Comp. Stat. 505/1 *et seq.*; and common law unfair competition. *See id.* Defendant denied the allegations. *See id.*

### B. Fact Discovery

Following the filing of the First Amended Complaint, Plaintiffs did not hesitate to quickly begin fact discovery. On September 5, 2022, Plaintiffs sent their first set of discovery requests to Defendant pursuant to Rule 26(d)(2). On September 6, 2022, the Parties' counsel met and discussed pursuing early settlement negotiations, facilitated by an exchange of discovery. The Parties engaged in discovery efforts, including exchanging discovery for the purposes of settlement negotiations. In addition, the Parties held multiple meet and confers. *See* April 25, 2023, Updated Declaration of Raphael Janove in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (the "Janove Prelim. Decl.") ¶ 20, ECF No. 41-2.

### C. Settlement

The Parties engaged in settlement discussions that spanned more than six months. *See* Janove Prelim. Decl. ¶ 21. This included (1) numerous rounds of negotiations between the Parties; (2) the analysis of documents produced by Defendant in discovery for the purposes of the

settlement; (3) the exchange of multiple drafts of the Settlement Agreement and associated documents; and (4) numerous discussions to come up with a creative and adequate notice plan. *Id.* The Parties executed their Settlement Agreement on March 29, 2023, and the First Amended Settlement Agreement, which addressed the concerns expressed by the Hon. Wendy Beetlestone at the April 19, 2023, hearing on Plaintiffs' Motion for Preliminary Approval, on April 23, 2023. *See* ECF No. 41-3.

### D. Principal Terms of the Settlement

#### 1. Settlement Class Definition

The Settlement Class that was preliminarily approved by the Court on April 28, 2023, consists of:

> All businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant Giftly Inc.'s website, and/or such subclasses as the Court may deem appropriate. Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

SA at 5.

#### 2. Settlement Consideration

The Settlement requires that Giftly provide an Advertising Program with a value of up to $500,000. Specifically:

> Relief for each Settlement Class Member shall come in the form of an advertising program ("Advertising Program") that provides up to One Thousand United States Dollars ($1,000) worth of advertising to each Settlement Class Member, but not exceeding a total of Five Hundred Thousand United States Dollars ($500,000) in advertising benefit to the Settlement Class. The details of this Advertising Program are described in the attached **Exhibit B.**

SA ¶ 18. The Advertising Program is designed to drive internet traffic to a registered and enrolled Settlement Class Member's website, online gift card program, or other online listing reasonably

related to the merchant's business. *See* SA Ex. B, ¶ 2. Giftly will contract or employ an online marketing specialist to create, place, and manage a marketing campaign for each enrolled merchant. *See id.* The campaigns will target customers searching for the registered merchant or using keywords related to that merchant in a similar geography to the merchant (e.g., a person searching for "Italian restaurants in San Francisco" may see an ad for an enrolled Italian restaurant in San Francisco). *See id.*

Additionally, the Settlement requires Giftly to implement injunctive relief constituting meaningful changes to its business practices to protect the Class's rights and interests for five years. *See* SA Ex. C. Specifically: (1) Giftly will continue to reasonably honor a Class Member's request to be removed from Giftly's website, *id.* ¶ 2; (2) Giftly will reasonably communicate on webpages where a Giftly gift is presented to a recipient or potential gift buyer that (a) a Giftly gift is not a gift card sponsored by a particular merchant; (b) the Giftly gift recipient must redeem on Giftly's website, (c) the recipient is encouraged to use the funds at the suggested merchant, and (d) the funds can be used in any way, *see id.* ¶¶ 3-6; (3) Giftly will notify merchants who have registered with Giftly and provided an email address when a Giftly gift has been purchased that references that merchant, *see id.* ¶ 7; (4) Giftly will increase the visibility of requests for merchants to claim their listings on Giftly's website, *see id.* ¶ 8; and (5) Giftly will remove a certain question from its FAQ comparing Giftly gifts to gift cards. *See id.* ¶ 9.

Importantly, while the Settlement Agreement releases claims against Giftly, Settlement Class Members who reasonably accept payment in the form of a valid gift from Giftly's website will remain eligible to submit a claim for reimbursement directly to Giftly.

### 3. Release of Liability

In consideration of the Settlement benefits, Plaintiffs and the Class will release Giftly and affiliated entities from any and all claims related to any of the alleged conduct giving rise to this litigation:

> [T]he Releasees shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to: (a) the Lanham Act, 15 U.S.C. § 1125 *et seq.;* (b) any federal or state unfair competition, unfair practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or (c) common law or statutory unfair competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

SA ¶ 13. However, the release does not prevent Settlement Class Members who reasonably accept payment in the form of a valid gift from Giftly's website from continuing to be able to seek reimbursement directly from Giftly. *See* SA ¶ 12.

### 4. Notice and Claim Administration

The Court, in granting preliminary approval, approved the parties' proposed Notice Plan and appointed Pollock Cohen LLP as the Claims Administrator, to supervise and administer the dissemination of notice and to process the claims. *See* ECF No. 43 at 4–5.

As of October 10, 2023, Defendant has received claim registrations from 3,520 potential Settlement Class Members, mostly through the Giftly Settlement Webpage. Janove Final Decl.

¶ 7. Facebook advertisements for the settlement have achieved 3,563,720 impressions and reached at least 668,163 unique individuals. *See id.* ¶ 6. Google advertisements have achieved 335,440 impressions and have been clicked 15,241 times. *See id.* In addition, Giftly has already sent direct notice of the settlement to 1,914 class members. *See id.*

### 5. Class Counsel Fees and Service Awards

The Settlement Agreement provides that Giftly will separately pay the attorneys' fees and expenses of Class Counsel of up to $100,000, without reducing any of the advertising program fund, subject to the approval of the Court. *See* SA ¶ 4. The parties also agreed, subject to the approval of the Court, to modest service awards of $3,000 to each of the Named Plaintiffs. *See id.* The Court approved these amounts on August 11, 2023. *See* ECF No. 48, Order Granting Plaintiffs' Motion for Approval of Class Counsel Fees and Service Awards. In Class Counsel's fee motion, Class Counsel committed to update its lodestar figures in the final approval briefing. Class Counsel's current lodestar is $179,297.50 for a multiplier of only 0.56. *See* Janove Final Decl. ¶¶ 9–11.

## III. ARGUMENT

### A. The Court Should Finally Approve the Settlement as Fair, Reasonable, and Adequate

Rule 23 requires that a class action settlement be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also McIntyre v. RealPage, Inc.*, No. 18-CV-03934, 2023 WL 2643201, at *2 (E.D. Pa. Mar. 24, 2023). There is a "strong presumption in favor of voluntary settlement agreements," and this presumption "is especially strong" in class actions. *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594-95 (3d Cir. 2010). Likewise, an "initial presumption of fairness" applies when "(1) the negotiations occurred at arms length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction

of the class objected." *In re National Football League Players Concussion Injury Litig.*, 821 F.3d 410, 436 (3d Cir. 2016) ("*NFL*") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n.18 (3d Cir. 2001)). That presumption applies where, as here, "the settlement negotiations preceded the actual certification of the class." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004).

The Settlement Agreement here represents the culmination of over six months of negotiations between the parties. Conducting extensive legal research to develop a viable Lanham Act class action theory and analyzing documents produced by Defendant in discovery for the purposes of the settlement also gave Plaintiffs "an understanding of the strengths and weaknesses" of their case. *Beach v. Am. Heritage Fed. Credit Union*, No. CV 15-5942, 2017 WL 3225440, at *2 (E.D. Pa. July 26, 2017). This Court recognized that "[t]his settlement was negotiated by experienced counsel at arm's length over six months." Janove Final Decl., Ex. 2, Transcript of Hearing on Preliminary Approval for Class Settlement ("Prelim. Tr."), 11:6–7.

As discussed below, the Settlement meets all the criteria for approval set out by the Third Circuit in *Girsh v. Jepson*:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

521 F.2d 153, 157 (3d Cir. 1975); *see also In re Healthcare Servs. Grp., Inc. Derivative Litig.*, 2022 WL 2985634, at *6 (E.D. Pa. July 28, 2022) (Beetlestone, J.).

### 1. The Complexity, Expense, and Duration of the Litigation

The Settlement resolves complex litigation that has been, and would continue to be, costly. *See* Janove Prelim. Decl. ¶ 23. As such, the first *Girsh* factor weighs in favor of final approval. *See Healthcare Servs. Grp.,* 2022 WL 2985634 at *9 ("Continued litigation would have also required significant and costly expert discovery. Summary judgment motions have not yet been filed and, thus, the litigation would have continued for a substantial period of time." (quoting *Vinh Du v. Blackford*, No. 17-CV-194, 2018 WL 6604484, at *6 (D. Del. Dec. 18, 2018))); *Grier v. Chase Manhattan Auto. Fin. Co.*, No. CIV. A. 99-180, 2000 WL 175126, at *4 (E.D. Pa. Feb. 16, 2000) (noting that settlement is favored in part because the parties may "gain significantly from avoiding the costs and risks of a lengthy and complex trial" (quoting *In re General Motors*, 55 F.3d 768, 784 (3d Cir.1995))).

### 2. The Reaction of the Class to the Settlement

After an extensive notice program, only one exclusion request has been submitted, and no objections have been submitted. *See* Janove Final Decl. ¶ 8. At the same time, 3,520 potential claims have already been filed. *Id*. ¶ 7. Thus, the Class has reacted very favorably to the Settlement, supporting its final approval.

### 3. The Stage of Proceedings and the Amount of Discovery Completed

In *NFL*, the Third Circuit found this factor satisfied based on informal discovery and counsel's investigation, even where no formal discovery had occurred. 821 F.3d at 438–39. Even when a case is settled at an "early stage," a lead plaintiff is capable of determining the "merits of its case against [defendant] insofar as liability [is] concerned." *Cendant*, 264 F.3d at 236. Here, Plaintiffs held numerous rounds of negotiations with Defendant's counsel; analyzed documents produced by Defendant in discovery; and exchanged multiple drafts of the Settlement Agreement

and its exhibits—all of which were preceded by Plaintiffs' extensive pre-complaint investigation. *See* Janove Prelim. Decl. ¶ 21. Therefore, this *Girsh* factor supports final approval.

### 4. The Risk of Establishing Liability and Damages

This case represents a novel application of the Lanham Act and state unfair competition and consumer protection laws to online platforms that use the names and goodwill of other businesses without their consent. Janove Prelim Decl. ¶ 23. There have only been a few similar cases and none of which have been settled with the kind of financial benefit discussed here (the Merchant Advertising Program) or otherwise resolved with as comprehensive injunctive relief.[2] *Id.*; *see California v. Teva Pharm. Indus., Ltd.*, No. CV 19-3281, 2020 WL 3128027, at *10 (E.D. Pa. June 10, 2020) (noting that need to litigate "novel" legal theories weighed in favor of settlement). In contrast to the risks, uncertainty, delay, and expense of continued litigation, the Settlement provides certain, timely, and substantial relief to members of the Settlement Class. As a result, this factor strongly supports final approval.

### 5. The Risks of Establishing Damages and Maintaining a Class Action Through Trial

As for the fifth and sixth *Girsh* factors, Giftly has presented evidence that the company has limited financial means, which could make it difficult for Plaintiffs to recover damages in the amount sought. *See* Janove Prelim. Decl. ¶ 23. Additionally, Defendant would likely oppose class certification if the case proceeds. *See Ebner v. Merchants & Med. Credit Corp.*, No. CV 14-06882, 2017 WL 1079966, at *5 (E.D. Pa. Mar. 22, 2017). And even if the Court certified a litigation class, Plaintiffs would then face the difficult task of explaining their theory of damages to a lay

---

[2] *See CO Craft, LLC v. Grubhub, Inc.*, No. 20-cv-1327, Doc. No. 63 (D. Colo. July 28, 2022) (denying motion for preliminary approval of Lanham Act case where plaintiffs sought only attorney fees and injunctive relief); *Buckeye Tree Lodge et al. v. Expedia, Inc. et al.*, No. 16-cv-04721 (N.D. Cal. March 25, 20221) ("Lanham Act false affiliation class action that settled for attorneys' fees and costs); *Baumann Farms, LLP et al. v. Yin Wall City Inc. et al.*, No. 16-cv-605, Doc. No. 75 (E.D. Wis. Jan. 24, 2019) (Lanham Act false advertising class action that settled for attorney fees and costs).

jury. Continued litigation therefore would have presented significant costs and risks. *See Healthcare Servs. Grp., Inc.*, 2022 WL 2985634 at *11 (observing that settlement is favored where "the continuation of this litigation would require the resolution of numerous complex issues of law at the cost of considerable time and expense to the Parties and the Court" (quoting *Hugo ex rel. BankAtlantic Bancorp, Inc. v. Levan*, No. 08-cv-61018, 2011 WL 13173025, at *4 (S.D. Fla. July 12, 2011))). Consequently, these factors counsel in favor of finally approving the Settlement Agreement.

### 6.      Whether Defendant Can Withstand a Greater Judgment

Here, discovery and Defendant's representations make clear that it is questionable whether the Class could recover more if this case were fully litigated. Giftly is a small business started about 12 years ago with fewer than 10 employees. *See* Janove Prelim Decl. ¶ 23. Giftly has limited financial means and has demonstrated that as recently as two years ago, Giftly's reported a negative lifetime net income. *See id*. Thus, this factor favors final approval.

### 7.      The Settlement Fund is Reasonable

The eighth and ninth *Girsh* factors assess "the range of reasonableness of the settlement fund in light of the best possible recovery…; [and] the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation…." *Healthcare Servs. Grp., Inc.*, 2022 WL 2985634 at *6. As noted in Section III.A.4., *supra*, this is among the first class action lawsuits of its kind to result in a financial benefit for the class in the form of an advertising benefit of up to $1,000 per class member, and $500,000 overall. As discussed, Defendant has presented evidence that Giftly has limited financial means, which could make it difficult for Plaintiffs to recover damages in the amount sought. Therefore, these factors favor final approval.

### 8. Additional Factors

Final approval is further supported by additional factors the Court may consider "when appropriate"—including "whether class or subclass members are accorded the right to opt out of the settlement; whether any provisions for attorneys' fees are reasonable; and whether the procedure for processing individual claims under the settlement is fair and reasonable." *In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2022 WL 1173179, at *4 (E.D. Pa. Apr. 20, 2022) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 323 (3d Cir. 1998)).

First, Settlement Class Members were permitted to opt out of the Settlement. SA ¶ 8. Second, as discussed in Class Counsel's fee application, the Class Counsel Fees granted are significantly under what will compensate Class Counsel for their lodestar. *See* ECF No. 47. Third, the claim procedure is fair and Class Counsel is working with Giftly and the company's counsel to review the claim forms.

### B. The Court Should Certify the Settlement Class

In addition to finally approving the Settlement, the Court should make final its provisional certification of the Settlement Class. As the Court stated during the preliminary approval hearing, "There is a requirement for certifying a settlement class that all requirements of Rule 23(a) must be met and at least one requirement of Rule 23(b)." Prelim. Tr. 13:19–21.

### 1. Numerosity Under Rule 23(a)(1)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Class "consists of all businesses that were listed without their agreement on Giftly's website. As Giftly automatically lists every business that has at least one review on Yelp, joinder is impractical and the numerosity requirement is met." Prelim. Tr. 14:11–15; *see also* Janove Prelim. Decl. ¶ 15.

### 2. Commonality Under Rule 23(a)(2)

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The test for commonality is "easily met." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). As the Court stated:

> The claim members' claims stem from a common course of conduct. Members of the settlement class were listed on Giftly's website without their consent in accordance with Giftly's common policies and practices. Plaintiffs have legally identical claims that these actions by Giftly violated the Lanham Act. Although plaintiffs have different state law claims, these do not preclude any finding of commonality.

Prelim. Tr. 14:16–22; *see also* Janove Prelim. Decl. ¶ 16. As such, the commonality requirement is satisfied.

### 3. Typicality Under Rule 23(a)(3)

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[I]f the claims of the named Plaintiffs and putative class members involve the same conduct by the defendant, typicality is established." *In re Fasteners Antitrust Litig.*, No. CIV.A. 08-MD-1912, 2014 WL 285076, at *6 (E.D. Pa. Jan. 24, 2014) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183–84 (3d Cir. 2001)); *see NFL*, 821 F.3d at 428.

The claims of Plaintiffs and all members of the Settlement Class are typical because they were injured by the same course of conduct: "being listed without their consent on Giftly's website." Prelim. Tr. 14:25–15:1; *see also* Janove Prelim. Decl. ¶ 17; *Se. Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-CV-00993, 2012 WL 3597179, at *3 (M.D. Pa. Aug. 20, 2012) ("[T]he typicality requirement is satisfied if each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the

defendant's liability." (quotations and citation omitted)). Therefore, "the typicality requirement is satisfied." Prelim. Tr. 14:23.

### 4. Adequacy of Representation Under Rule 23(a)(4)

Rule 23(a)(3) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3). "Adequacy has two prongs," as the Court explained. Prelim. Tr. 15:2–6. "One is adequacy of counsel which tests the qualifications of the counsel to represent the class, and two is adequacy of the named parties which serves to uncover conflicts of interest of named parties and the classes they seek to represent." *Id*. This requirement assures that the named plaintiffs' claims "are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006); *see also In re Cmty. Bank of N. Va. & Guaranty Nat'l Bank of Tallahassee Second Mortg. Loan Litig.*, 622 F.3d 275, 291 (3d Cir. 2010).

Here, both conditions identified by the Court are satisfied. Prelim. Tr. 15:6. As the Court stated:

> Class [C]ounsel is experienced in litigating complex litigation in class action cases and there is not apparent conflict between [N]amed [P]laintiffs and the unnamed class members. They assert the same injuries of reputational harm and consumer confusion. The [N]amed [P]laintiffs are seeking the same benefit as all class members and subject to the same provisions of the settlement. An award of up to $3,000 for their work as named plaintiffs is reasonable and does not suggest that they were improperly induced to settle.

Prelim. Tr. 15:2–6; *see also* Janove Prelim. Decl. ¶ 18.

Thus, the adequacy requirement is met.

### 5. The Settlement Class Satisfies the Requirements of Rule 23(b)

To certify a settlement class, the Court must also find that at least one requirement of Rule 23(b) be met. *See* Fed. R. Civ. P. 23(b); Prelim. Tr. 15:16–17. Here, Plaintiffs seek certification under Rule 23(b)(2) and (b)(3).

Under Rule 23(b)(2), a class action may be maintained if the defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); Prelim. Tr. 15:19–23. The Settlement Class meets this standard. As the Court stated, the class was

> (a) subject to the same course of conduct by Giftly (listing their business on its website without consent [in] ways allegedly likely to cause consumer confusion) and (b) the injunctive relief provided for in the [S]ettlement [A]greement would benefit the entirety of the class equally, and thus would be appropriate respecting the class as a whole.

Prelim. Tr. 16:7–12; *see also* Janove Prelim. Decl. ¶¶ 16–17, 28.

Under Rule 23(b)(3), a class action may be maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); Prelim. Tr. 15:25–16:3.

The predominance requirement is satisfied if "essential elements of the class's claims can be proven at trial with common, as opposed to individualized, evidence." Prelim. Tr. 16:16–17; *Taha v. County of Bucks*, 862 F.3d 292, 308 (3d Cir. 2017) (quoting *Hayes v. Wal–Mart Stores, Inc.*, 725 F.3d 349, 359 (3d Cir. 2013)). Here, the predominant legal question is whether "Giftly's use of the class members' names and business reputations violated the Lanham Act and state consumer protections laws." Prelim. Tr. 16:18–20. Additional common questions include whether Giftly "obtained the permission of members of the settlement class before listing them on [D]efendant's website, whether reasonable consumers are likely to be misled by [D]efendant's conduct, and whether [D]efendant had knowledge that its behavior was likely to deceive a reasonable consumer." *Id*. 16:18–17:1.

To satisfy the superiority requirement, the moving party must show that the class action achieves "economies of time, effort, and expense, and promote[s] uniformity of decision." *Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*, No. CV 19-1227, 2022 WL 118104, at *5 (E.D. Pa. Jan. 12, 2022) (quoting Fed. R. Civ. P. 23(b)(3), Advisory Committee's Note to 1966 Amendment). Here, as the Court explained,

> Plaintiffs do bring claims under New York and Illinois consumer protection statutes and for common law unfair competition on behalf of the nationwide class, raising the potential that their claims implicate state laws with varying elements, standards, and remedies. However, these state law variations should not pose an obstacle for certifying a settlement class. First, variations in the rights and remedies available to injured class members under the various laws of the 50 states do not defeat commonality and predominance as long as a sufficient constellation of common issues binds class members together. Moreover, concerns regarding variations in state law largely dissipate when a Court is considering the certifications of a settlement class, as these variations do not present the types of insuperable obstacles that could render a class litigation unmanageable in the settlement context.

Prelim. Tr. 17:2–17.

Therefore, a class action is "the superior method of adjudicating the controversy for reasons of efficiency and conservation of judicial resources given the size of the class." *Id.* 17:18–20; *see In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 259 (3d Cir. 2009) (noting that adjudicating claims in one action is "far more desirable than numerous separate actions litigating the same issues.").

### 6.    The Settlement Class is Readily Ascertainable

In addition to the Rule 23(a) and (b) requirements, the Third Circuit, "imposes another requirement—ascertainability of the class." Prelim. Tr. 17:22–25; *Kelly v. RealPage Inc.*, 47 F.4th 202, 209 (3d Cir. 2022) ("The proposed class must be ascertainable, meaning it must be defined with reference to objective criteria." (quotation and citation omitted)). Here, "the [C]lass is ascertainable as the [C]lass comprises businesses listed on Giftly's website and can be identified through reviewing Giftly's records." Prelim. Tr. 18:1–3; *see* Janove Prelim. Decl. ¶ 19.

Thus, all requirements of Rule 23 are satisfied, making it appropriate to grant final certification of the Settlement Class.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval of the Settlement and enter the Final Approval Order and Judgment.

Respectfully Submitted,

Dated: October 10, 2023

By:     */s/ Raphael Janove*
Raphael Janove
**POLLOCK COHEN LLP**
1617 John F. Kennedy Blvd.
20th Floor
Philadelphia, PA 19103
(215) 667-8607
Rafi@PollockCohen.com

George Krebs*
Adam Pollock*
(*admitted *pro hac vice*)
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361
GKrebs@PollockCohen.com
Adam@PollockCohen.com

*Attorneys for Plaintiffs and the
Proposed Classes*