**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WECARE RG, INC. AND GRACIE BAKED, LLC,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **GIFTLY, INC.,** | **NO.  22-2672** |
| **Defendant.** | |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

WeCare RG, Inc., Gracie Baked LLC, and Andrea Schoenbein (collectively, "Plaintiffs") and Giftly Inc. ("Defendant") entered into a settlement agreement dated March 29, 2023, to fully and finally resolve the Settlement Class's claims.  On March 30, 2023, Plaintiffs moved the Court for an order preliminarily approving the settlement agreement, authorizing Plaintiffs to disseminate notice to potential members of the Settlement Class, and scheduling a hearing to determine whether the Settlement is fair, reasonable, and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e).  On April 19, 2023, the Court held a hearing on the motion, during which the Court requested the parties to address certain issues in the Settlement. On April 24, 2023, the parties entered into the First Amended Settlement Agreement (the "Settlement" or "Amended Settlement"), which was submitted to the Court as part of an amended motion for an order preliminarily approving the Amended Settlement on April 25, 2023.

By order entered April 28, 2023 (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement, certified the Settlement Class solely for the purposes of settlement, and authorized Plaintiffs to disseminate notice of the Settlement, the Final Approval Hearing, and related matters.  On May 10, 2023, the Court issued an order revising deadlines in

1

its April 28, 2023, order and scheduled a Final Approval Hearing for November 14, 2023.  On

August 10, 2023, Plaintiffs moved the Court for an order approving its attorneys' fees and

service awards, which the Court granted on August 11, 2023.

Notice has been provided to potential members of the Settlement Class and the

appropriate governmental entities under the Class Action Fairness Act pursuant to the

Preliminary Approval Order.  The Court held a hearing on the final approval of the Settlement on

October 30, 2023.

**AND NOW**, this 30th day of October, 2023, it is hereby **ORDERED** that:

1.    The Court has jurisdiction over the subject matter of this Action.

2.    The terms capitalized in this Final Approval Order and Judgment ("Final

Approval Order") and not otherwise defined differently herein have the same meaning as they

have in the Amended Settlement.

3.    The Amended Settlement was entered into by Plaintiffs and Defendant in good

faith following an extensive investigation of the facts and discovery sufficient for experienced

Plaintiffs' counsel to evaluate the matter.  It resulted from vigorous arm's-length negotiations

undertaken by counsel with significant experience litigating class actions.

4.    The Court finds that the notice of the Settlement was provided in accordance with

the Preliminary Approval Order and that such notice constituted the best notice practicable under

the circumstances and fully met the requirements of due process, and was adequate and in

compliance with Fed. R. Civ. P. 23.

5.    Final approval of the Amended Settlement is hereby granted pursuant to Fed. R.

Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class Members.

Unless directed otherwise, the parties shall effectuate the Amended Settlement according to its

terms.  The Amended Settlement is hereby deemed incorporated herein as if expressly set forth, and has the full force and effect of an order and judgment of this Court.  In reaching this conclusion, the Court considered the: (a) value of the Settlement to the Settlement Class; (b) posture of the case at the time the Settlement was proposed; (c) extent of discovery that had been conducted; (d) circumstances surrounding the negotiations; (e) experience of Class Counsel in class action litigation; (f) relative strength of Plaintiffs' case on the merits; (g) risks presented by Defendant's defenses to class certification, liability, and damages; (h) existence of any difficulties of proof or strong defenses the Plaintiffs were likely to encounter if the case went to trial; (i) anticipated duration and expense of additional litigation; and, (j) degree of opposition to the Settlement.

6.      The Amended Settlement provides in Exhibit C thereto that Defendant will comply with certain injunctive relief measures including making substantive changes to Giftly's website.  The timing of such changes is triggered by the timing of approval of the Settlement and expiration of any time to appeal, and it is anticipated that such date will fall during the holiday period.  Accordingly, the parties may mutually agree to modify the start date for such injunctive relief to a reasonable date such as early January 2024 (but no later than January 17, 2024).

7.      The Settlement Class conditionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for the sole purposes of the Settlement, and is comprised of all businesses or entities, and/or any individuals with any ownership interest in such entities, in the United States that, without their agreement, were listed on Defendant's website, and/or such subclasses as the Court may deem appropriate.  Excluded from the Settlement Class are Defendant, its parents, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and

any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

8.      The Action is dismissed in its entirety with prejudice and without fees and costs (except as provided for in the Amended Settlement).

9.      In avoidance of doubt, Giftly Inc. and all of its respective past and present, direct and indirect, subsidiaries, joint ventures, and Affiliates including but not limited to each and all of the present and former principals, partners, officers, directors, employees, representatives, insurers, attorneys, shareholders, heirs, executors, administrators, agents, and assigns of each of the foregoing, including but not limited to Timothy Bentley and any financial partners supporting Defendant's business (the "Releasees") shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, losses, injunction, declaration, contribution, indemnification or any other nature of legal or equitable relief, expenses, penalties, injuries, and attorneys' fees that Plaintiffs, the Settlement Class Members, and their respective past and present officers, directors, employees, agents, shareholders, attorneys, servants, representatives, parent companies, subsidiaries, Affiliates, partners, insurers, receivers, and bankruptcy trustees and the predecessors, successors, heirs, executors, administrators, and assigns of any of the foregoing (the "Releasors"), or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct by Releasees alleged in the Action whether already acquired or acquired in the future, including but not limited to: (a) the Lanham Act, 15 U.S.C. § 1125 et seq.; (b) any federal or state unfair competition, unfair

practices, false advertising, consumer fraud, deceptive business, or trade practice laws; or, (c) common law or statutory unfair competition claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed. The Released Claims also include, but are not limited to, all claims asserted or which could have been asserted in the Action relating to or arising out of the facts, occurrences, transactions, statements, or other matters alleged in the Action.

10.    Releasors have released all Released Claims, whether known or unknown. The Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542") and similar statutes or common law principles in other states. The Releasors have been advised by Class Counsel of the contents and effects of California Civil Code Section 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

11.    Notwithstanding the foregoing, the release agreed to by the parties does not preclude Settlement Class Members from requesting reimbursement when the member reasonably accepts payment in the form of a valid gift from Giftly's website as Giftly currently offers at https://www.giftly.com/support/merchant.

12.    The Action is dismissed in its entirety with prejudice and without fees and costs (except as provided for in the Amended Settlement).

13.    Disputes concerning the Settlement Agreement shall be submitted exclusively to the State or Federal Courts located in Philadelphia County, Pennsylvania.

14.     Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Defendant.

It is **FURTHER ORDERED** that the Clerk of Court shall terminate this matter and mark it **CLOSED**.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**